IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDUARDO ALMARAZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 07 C 6134 |
| | ) | |
| OFFICER HALEAS, et al., | ) | Judge William T. Hart |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME
AND RESPONSE TO PLAINTIFFS' MOTION FOR DEFAULT**

Defendants, Officer John Haleas, Terry Hillard, Lori Lightfoot, Tisa Morris, Phillip Cline, Mayor Richard Daley and the City of Chicago (collectively, "the *Almaraz* Defendants"), by their attorneys, Dykema Gossett PLLC, for their Motion for Extension of Time to Answer or Otherwise Plead and their Response to Plaintiffs' Motion for Default, state as follows:

1. On October 30, 2007, the *Almaraz* Plaintiffs filed a putative class action lawsuit in the Northern District of Illinois on behalf of Eduardo Almaraz and others similarly situated.

2. The *Almaraz* Complaint includes allegations of police misconduct, and asserts equal protection, *Monell*, malicious prosecution and Section 1983 claims arising out of the *Almaraz* Plaintiffs' arrests by Officer Haleas for driving while under the influence of alcohol.

3. Notably, on October 29, 2007, in another Northern District of Illinois action styled *Noe Martinez v. City of Chicago Officer John Haleas, et al.*, Case No. 07 CV 6112, a separate class action complaint was filed by a different attorney, on behalf of Noe Martinez and others similarly situated ("the *Martinez* Plaintiffs"), against Officer Haleas and the City of Chicago. The allegations contained in the *Martinez* matter stem from the *Martinez* Plaintiffs'

arrests for driving while under the influence of alcohol and consist of claims similar to those at issue in the *Almaraz* Complaint.

    4.    Terrence M. Burns of Dykema Gossett PLLC has been retained to represent the *Almaraz* Defendants, including Mr. Burns' retention just last week on behalf of defendant Officer Haleas. Until recently, issues regarding representation of the *Martinez* Defendants were being considered. Mr. Burns has now been retained to represent all the *Martinez* Defendants, and his appearance has been filed. Thus all Defendants in the *Almaraz* and *Martinez* matters will be represented by the same law firm.

    5.    On November 23, 2007, the *Martinez* Plaintiffs filed a Motion to Reassign Related Case pursuant to Local Rule 40.4 before Judge Filip, seeking to reassign and consolidate the *Almaraz* matter with the *Martinez* matter. (*Martinez* Dkt. 9, 07 C 6112.) The motion was scheduled for presentment on December 4, 2007. However, counsel for the *Almaraz* Plaintiffs failed to appear despite having received notice of the motion.

    6.    At the request of counsel for the *Martinez* Plaintiffs, Judge Filip continued the Motion to Reassign to January 11, 2008. Thus a decision has not been made as to whether *Almaraz* will be reassigned and whether the *Martinez* and *Almaraz* matters will be consolidated.

    7.    On December 11, 2007, Plaintiff Eduardo Almaraz ("the *Almaraz* Plaintiffs") filed a Motion for Default Judgment or, in the Alternative, Leave to Propound Written Discovery. In their motion, the *Almaraz* Plaintiffs request that the Court enter a default judgment against the *Almaraz* Defendants because a responsive pleading has not been filed. In the alternative, the *Almaraz* Plaintiffs seek leave to propound written discovery. This Court should deny the *Almaraz* Plaintiffs' motion in its entirety.

8.      Defendants submit that a substantial saving of legal and judicial resources would result if their responsive pleading is continued until after Judge Filip (or another judge sitting in his stead in light of his recent appointment) rules on the pending Motion to Reassign.  Only after the court in *Martinez* rules on the motion to reassign will the Parties know whether the two matters will be consolidated, and if so, the scope of the consolidation and whether it would apply to pleadings, discovery, or something different.  It is also possible that if the matters are consolidated, the consolidated Plaintiffs will seek to file an amended consolidated class action complaint.  Hence, judicial economy and efficiency dictate that the parties should await the ruling by the court in *Martinez* before the *Almaraz* Defendants (and the *Martinez* Defendants) are required to file their responsive pleading, since it is possible, if not likely, that the complaint will change.

9.      By allowing an extension of time for the *Almaraz* Defendants to file their responsive pleading, the Court would promote judicial economy, as the collective Defendants could then file one responsive pleading.  At that time, discovery as to both matters could then occur simultaneously.

10.     Accordingly, the *Almaraz* Defendants request an extension of time to answer or otherwise plead to the *Almaraz* Plaintiffs' Complaint, to a date twenty-one (21) days after the issue of consolidation is resolved.  Additionally, the *Almaraz* Defendants respectfully request that the Court deny the *Almaraz* Plaintiffs' Motion for Default.

WHEREFORE, Defendants, Officer John Haleas, Terry Hillard, Lori Lightfoot, Tisa Morris, Phillip Cline, Mayor Richard Daley and the City of Chicago, request that this Court grant Defendants an extension of time to answer or otherwise plead to Plaintiffs' Complaint, to a date twenty-one (21) days after the court in *Martinez* rules on the pending Motion to Reassign.

Furthermore, Defendants request that this Court deny Plaintiffs' Motion for Default and their Request to Propound Written Discovery, and for any other relief this Court deems appropriate.

Dated: December 17, 2007                             Respectfully submitted,

                                                     s/ Gregory L. Lacey (ARDC No. 6239392)
Terrence M. Burns                                    One of the Attorneys for Defendants
Daniel M. Noland
Gregory L. Lacey
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois  60606

## CERTIFICATE OF SERVICE

I, Gregory Lacey, an attorney, hereby certify that on December 17, 2007, I caused the foregoing **Defendants' Motion for Extension of Time and Response to Plaintiffs' Motion for Default** to be served by CM/ECF Noticing on the parties listed below:

Blake Wolfe Horwitz
Matthew Charles Robison
Amanda Sunshine Yarusso
Law Office of Blake Horwitz
155 North Michigan Avenue
Suite 723
Chicago, Illinois  60601
312.6l6.4433
lobh@att.net

Elliot S. Richardson
Elliot Richardson & Associates, LLC
20 South Clark Street
Suite 500
Chicago, Illinois  60603
(312) 676-2100

s/ Gregory L. Lacey (ARDC No. 6239392)
Gregory L. Lacey

CHICAGO\2405354.4
ID\GLL