IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO ALMARAZ, )<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　Plaintiff, 　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　v. 　　　　　　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　　　　　)<br>OFFICER HALEAS, TERRY HILLARD, )<br>LORI LIGHTFOOT, TISA MORRIS, 　)<br>PHILLIP CLINE, UNKNOWN CHICAGO )<br>POLICE OFFICERS, MAYOR RICHARD )<br>DALEY, and the CITY OF CHICAGO, )<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　Defendants. 　　　　　　　) | No. 07 C 6134<br><br>Judge William Hart<br><br>Magistrate Judge Susan Cox |

## DEFENDANT RICHARD M. DALEY'S MOTION TO DISMISS

Defendant, Mayor Richard M. Daley, by his attorney, Terrence M. Burns of Dykema Gossett PLLC, pursuant to FRCP 12(b)(6), moves this Court for an order dismissing him from the above-captioned matter. In support thereof, Mayor Daley states:

1. Plaintiff has filed this action against several defendants, including Mayor Daley, the City of Chicago ("City"), Officer John Haleas, "unknown" police officers, and former City officials and administrators. The lawsuit arises from an alleged incident between plaintiff and defendant police officers that apparently took place on January 29, 2007, and asserts §1983 claims and pendant state law claims. (*See* First Amended Complaint, Dkt. #30). Plaintiff seeks to impose liability upon the City pursuant to a *Monell* claim. (*Id*.) The first amended complaint does not allege Mayor Daley was personally involved in the underlying incident. Rather, the §1983 claim is asserted against Mayor Daley only in his capacity as a municipal official. (*See* count IV of First Amended Complaint, Dkt. #30). Mayor Daley, sued in his official capacity only, should be dismissed as a party to this action.

2. The Seventh Circuit, following *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099 (1985), has determined that suits against city employees and officials such as Mayor Daley in their official capacities are redundant and unnecessary when the municipal entity is also a named defendant, and are properly dismissed. *See*, *e.g.*, *Schmidling v. City of Chicago*, 1 F.3d

494, 495 fn. 1 (7th Cir. 1993). A suit against a municipal official in his official capacity is nothing more than a suit against the municipality itself. *See Kentucky v. Graham*, 473 U.S. at 165-66. For example, a complaint naming a mayor as a defendant in his official capacity is simply the equivalent of suing the city. *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987), citing *Brandon v. Holt*, 469 U.S. 464, 471-73, 105 S.Ct. 873 (1985), and *Kentucky v. Graham*, *supra*. An official capacity suit is not an action against the named official personally because the real party in interest is the municipality. *Graham*, 473 U.S. at 166.

3. In *Kentucky v. Graham*, the Supreme Court determined that official capacity suits represented only another way of pleading an action against a municipality. 473 U.S. at 165. The court held that, "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. "It is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* (emphasis in original). The *Graham* court concluded, "There is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, local government units can be sued directly for damages and injunctive or declaratory relief." *Id.* at 167, fn. 14.

4. Courts in the Seventh Circuit have relied on *Graham* and repeatedly have dismissed official capacity claims as redundant when a complaint is brought against both a municipality and its officers in their official capacities. In a case directly on point, the Seventh Circuit followed *Graham* and determined it was proper to dismiss Mayor Daley where he was sued in his official capacity, finding that a suit against the mayor was the same as a lawsuit against the City of Chicago. *Schmidling*, 1 F.3d at 495 fn. 1. Other courts have reached similar conclusions. See *Jungels*, 825 F.2d at 1129 ("Actually there is one defendant – the city – not two; for the complaint names the mayor as a defendant in his official capacity only, which is the equivalent of suing the city"); *Bruce v. South Stickney Sanitary District*, 2001 WL 968726, at *2 (N.D. Ill. 2001) (suit against sanitary district supervisor in his official capacity dismissed with prejudice as redundant to suit against district itself); *Levett v. Board of Education of the City of Chicago*, 2000 WL 960726, at *1 (N.D. Ill. 2000) (§1983 suit against individual defendants in their official capacities is "purely redundant" of action against the Board of Education and therefore must be dismissed); *Singleton v. Chicago School Reform Board*, 2000 WL 777925, at *17 (N.D. Ill. 2000) (where plaintiff already sued Board of Education under §1983, the suit

against individual board members and the school superintendent in their official capacities was "purely redundant" and properly dismissed); *Nagle v. Chicago School Reform Board*, 1999 WL 160234, at *12 (N.D. Ill. 1999) ("The court grants defendants' motion to dismiss the counts against the individual defendants in their official capacities on the redundancy argument"); *Contreras v. City of Chicago*, 920 F.Supp. 1370, 1376-77 fn. 1 (N.D. Ill. 1996) (official capacity claims against a city commissioner were dismissed pursuant to a finding that such claims were redundant because the plaintiffs also named the city itself as a defendant); *Williams v. City of Chicago*, 1994 WL 594674, at *4 (N.D. Ill. 1994) (the plaintiff's suit against a police superintendent in his official capacity was dismissed as redundant and unnecessary since the municipality also was being sued); *Amati v. City of Woodstock*, 829 F.Supp. 998, 1011 (N.D. Ill. 1993) (§1983 claim against a public official in his official capacity was redundant and unnecessary where the complaint also included a §1983 claim against the municipality, rendering appropriate the dismissal of the claim); and, *Kohn v. Mucia*, 776 F.Supp. 348, 356 (N.D. Ill. 1991) (official capacity suits against police department officials were dismissed as redundant and unnecessary because they were essentially suits against the city, which already was a named defendant).

5.     In this case, a review of the pleadings makes clear the real party in interest in count IV is the City, not Mayor Daley or the other named municipal officials. The allegations in count IV invoke traditional *Monell* concepts and specifically complain of alleged municipal policies, practices, and customs. Indeed, count IV repeats many of the allegations already asserted in the section of the complaint entitled "*Monell* Allegations." (Compare, *e.g.*, ¶¶106(a)-(d) with ¶¶28(c), (d), (f), (l), (m), and (n)).

6.     Plaintiff's description of Mayor Daley as a "supervisory defendant" in the preamble of the first amended complaint does not somehow alter his status from an official capacity defendant. First, the pleading does not allege Mayor Daley is being sued in his individual capacity. And more substantively, the first amended complaint fails to identify a discrete policy for which plaintiff seeks to hold Mayor Daley, or any other municipal official, directly responsible.

7.     An individual cannot be held liable in a §1983 action unless he caused or participated in an alleged constitutional deprivation. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Plaintiff must allege the supervisory official personally participated in or directly

caused his alleged constitutional deprivation. *Williams v. City of Chicago*, No. 94 C 3350, 1994 WL 594674, * 4 (N.D. Ill. 1994). As observed by the Seventh Circuit, "Without a showing of direct responsibility for the improper action, liability will not lie against a supervisory official. A causal connection, or an affirmative link, between the misconduct complained of and the officials sued is necessary." *Wolf-Lillie,* 699 F.2d at 869. To establish a claim against a supervisory official, a plaintiff must show that the official "knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or failure to act." *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986). The personal responsibility requirement of §1983 is satisfied only if the supervisory official acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional violation occurs at the official's direction or with the official's knowledge and consent. *Id*. The scatter-shot complaint lacks allegations identifying or suggesting a direct causal connection between plaintiff's alleged injury and any conduct or policies for which the purported supervisory officials allegedly were directly responsible.[1] *See Chortek v. City of Milwaukee*, 356 F.3d 740, 748 fn. 4 (7th Cir. 2004) (Suit against police chief deemed to be in his official capacity where no evidence demonstrated he was personally involved in the plaintiff's arrest or the development of the police department initiative under which the plaintiff was arrested).

8. Plaintiff cannot reasonably contend this action is asserted against Mayor Daley in his individual capacity. There are no allegations Mayor Daley was personally involved in the incident of January 29, 2007. Moreover, the first amended complaint lacks any allegation that otherwise establishes his direct responsibility for the underlying constitutional deprivation alleged by plaintiff.

9. Finally, Mayor Daley simply cannot be considered a "supervisor" under the circumstances alleged in the first amended complaint for purposes of supervisory liability. For example, with respect to the CPD and its police officers, the Superintendent of Police has "complete authority to administer the department in a manner consistent with the ordinances of the city, the laws of the state, and the rules and regulations of the police board." *See* Chicago Municipal Code, Section 2-84-040. The legislative body (City Council), and not the executive

---

[1] Supervisory liability should not be asserted merely as an end-around to justify the extensive and burdensome discovery posed by plaintiff's boilerplate *Monell* allegations. (*See* City's Motion for Dismissal, Dkt. #35, at pp. 5-8).

branch, is the final policymaker for purposes of §1983 liability. *See Auriemma v. Rice*, 957 F.2d 397, 401 (7th Cir. 1992).

10. As a practical matter, Mayor Daley cannot be considered a "supervisor" of every single police officer or municipal employee by virtue of his position as mayor. To allow plaintiff to proceed under such a theory without requiring a showing of the Mayor's direct responsibility disregards the personal responsibility requirement of §1983 and would open the floodgates of litigation as to mayors and other municipal officials. Such an absurd result reaffirms the conclusion that plaintiff has named Mayor Daley only in his official capacity.

11. The allegations against Mayor Daley are asserted against him in his official capacity only. As such, the claim in count IV is redundant and unnecessary in light of plaintiff's attempted *Monell* claim against the City. Especially as against the Mayor, the allegations of count IV appear to be particularly unnecessary, bordering on harassment and seemingly intended for publicity value only. Count IV should be dismissed in its entirety,[2] and Mayor Daley should be dismissed from this action.

WHEREFORE, defendant, Richard M. Daley, respectfully moves this Court for an order dismissing count IV in its entirety, and further dismissing him from this action.

Dated: February 6, 2008                                       Respectfully submitted,

                                                              By: s/ Paul A. Michalik
                                                                  One of the Attorneys for Defendant,
                                                                  RICHARD M. DALEY

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Gregory L. Lacey
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700 (telephone)
(312) 876-1155 (facsimile)

---

[2] The other defendants named in count IV, Terry Hillard, Lori Lightfoot, Tisa Morris, and Philip Cline, are separately moving for dismissal. As with Mayor Daley, the allegations against these other defendants in count IV are asserted against them in their official capacities, making the claims redundant and unnecessary.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2008, I electronically filed the foregoing **Motion to Dismiss** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

| | |
|---|---|
| Blake Wolfe Horwitz | Elliot S. Richardson |
| Amanda Sunshine Yarusso | Rachelle M. Sorg |
| Law Offices of Blake Horwitz | Sean M. Baker |
| 155 North Michigan Avenue | Elliot S. Richardson & Associates, LLC |
| Suite 723 | 20 S. Clark Street, Suite 500 |
| Chicago, Illinois 60601 | Chicago, Illinois 60603 |
| 312.6l6.4433 | (312) 676-2100 |
| lobh@att.net | |

s/ Paul A. Michalik
Paul A. Michalik

CHICAGO\2419960.1
ID\PAM