IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO ALMARAZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 6134 |
| | ) |
| OFFICER HALEAS, TERRY HILLARD, | ) Judge William Hart |
| LORI LIGHTFOOT, TISA MORRIS, | ) |
| PHILLIP CLINE, UNKNOWN CHICAGO | ) Magistrate Judge Susan Cox |
| POLICE OFFICERS, MAYOR RICHARD | ) |
| DALEY, and the CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

## OFFICIAL CAPACITY DEFENDANTS' MOTION TO RECONSIDER

Defendants, Mayor Richard Daley ("Mayor Daley"), Terry Hillard, Lori Lightfoot, Tisa Morris and Philip Cline (collectively, "Municipal Official Defendants" or "Official Capacity Defendants") by and through their attorney, Terrence M. Burns of Dykema Gossett, move this Court to reconsider its February 7, 2008 Order, which denies Defendants' Motions to Dismiss and further, to grant the Motions to Dismiss. These Defendants state the following in support of this motion:

## INTRODUCTION

1.  This litigation stems from Plaintiff's allegation that he was wrongfully stopped in his vehicle and charged with driving while under the influence in an incident that apparently occurred on January 29, 2007. Notwithstanding the apparent isolated and discrete nature of this alleged incident, Plaintiff has sued, among others, the Mayor of the City of Chicago and four (4) former municipal officials, including past Superintendents of Police and Chief Administrators of the Office of Professional Standards. Compounding the questionable nature of their status as proper parties to the litigation, these Municipal Official Defendants have been sued *only* in their official capacities. In an effort to avoid becoming ensnared in litigation in which they are not proper parties, these Municipal Official Defendants moved for the dismissal of Plaintiff's First

Amended Complaint on the basis they were named only in their official capacities.  (Dkt. # 37; Dkt # 39).

2. Specifically, the First Amended Complaint does not indicate Mayor Daley, Terry Hillard, Lori Lightfoot, Tisa Morris, or Philip Cline were sued in their individual capacities or otherwise allege they were personally involved in the underlying incident.  They were sued only in their official capacities, and they should be dismissed from this action on the basis that the claims against them are unnecessary and redundant.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099 (1985).

3. The Municipal Official Defendants' Motions to Dismiss were filed February 6, 2008.  The next day, February 7, 2008, the Court denied the Motions to Dismiss without entering a briefing schedule or holding a hearing on the issues presented in the motion.  (*See* February 7, 2008 Order on Motion to Dismiss, Dkt. 41).  At this time, the moving Defendants respectfully request that the Court reconsider its February 7, 2008 Order denying their Motions to Dismiss.

4. The Official Capacity Defendants respectfully submit that the Court patently misunderstood the nature of the previously filed motion, which sought their dismissal as unnecessary parties to this litigation.  Accordingly, the Court should reconsider its Order, grant the Official Capacity Defendants' Motions to Dismiss the First Amended Complaint, and dismiss the action in its entirety as against them.[1]

## LEGAL STANDARD

5. Motions to reconsider serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."  *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).  The Seventh Circuit has said that a motion to reconsider is appropriate where: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court.  *Id.*

---

[1] Defendants City of Chicago and Haleas are seeking reconsideration of the order denying their Motion to Dismiss (Dkt. No. 35), which sought dismissal of the Counts asserted against them and dismissal of the First Amended Complaint in its entirety.

(citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990)). In matters involving interlocutory orders, such as motions to dismiss, the Seventh Circuit has made it clear that district courts have the discretion to reconsider their decisions at any time. *Cameo Convalescent Ctr., Inc. v. Percy,* 800 F.2d 108, 110 (7th Cir. 1986).

## ARGUMENT

6. The Official Capacity Defendants respectfully submit that the Court patently misunderstood the nature of the previously filed motion, which warrants reconsideration of the Court's February 7, 2008 Order. Moreover, these Defendants request entry of an order dismissing Plaintiff's entire First Amended Complaint as against them for the reasons set forth in the Motions to Dismiss.

7. As articulated in the Motion to Dismiss, the Official Capacity Defendants were not named in their individual capacities, and there are no allegations they had direct or personal involvement in the events leading to Plaintiff's arrest, which was the genesis of his lawsuit. Rather, Defendants are sued only in their official capacities with the City of Chicago. Plaintiff cannot reasonably contend this action is asserted against the Official Capacity Defendants in their individual capacities. They are not so identified in the pleading. There are no allegations these Defendants were personally involved in the incident of January 29, 2007. Moreover, the First Amended Complaint lacks any allegation that otherwise establishes the Official Capacity Defendants' direct responsibility for the underlying constitutional deprivation alleged by Plaintiff.

8. In *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099 (1985), the U.S. Supreme Court makes clear, and the Seventh Circuit recognizes, that suits against city employees and officials in their capacities, such as a mayor or police superintendent, are redundant and unnecessary when the municipal entity is also a named defendant, and are properly dismissed. *See*, *e.g.*, *Schmidling v. City of Chicago*, 1 F.3d 494, 495 fn. 1 (7th Cir. 1993). Hence, courts in the Seventh Circuit have consistently and repeatedly dismissed a defendant from a lawsuit who is merely named in his or her official capacity. *See, e.g. Id*; *Bruce v. South Stickney Sanitary District*, 2001 WL 968726, at *2 (N.D. Ill. 2001).

9. Here, the real party in interest is the City of Chicago, not the Official Capacity Defendants. Moreover, a thorough review of the seminal cases cited by Defendants in their

Motions to Dismiss, and their progeny, provide ample confirmation that municipal officials, such as Defendants named only in their official capacities, are unnecessary parties who should be dismissed from the litigation.

10.   These Official Capacity Defendants, as unnecessary parties, should be dismissed at this stage of the litigation to avoid being subjected to the burdens imposed by the litigation process. If not dismissed from the case, these improperly named Defendants would be forced to unjustly and unnecessarily participate in preparation of pleadings, including answering the First Amended Complaint. They would be compelled to participate in discovery, which might involve answering interrogatories, requests to produce, requests to admit and subjecting themselves to hours of deposition. The potentially significant expenditures of time and money to participate in such efforts are particularly egregious and burdensome where these Defendants are not proper parties to the litigation.

11.   Finally, in reconsidering the previously filed Motions to Dismiss, the Court will gain a better understanding of the issues of this case which, in turn, will promote judicial economy and efficiency, and assist the Court in streamlining and focusing on the relevant and appropriate circumstances.

WHEREFORE, Defendants, Mayor Richard Daley, Terry Hillard, Lori Lightfoot, Tisa Morris and Philip Cline, respectfully request that this Court reconsider its February 7, 2008 Order denying their Motions to Dismiss (Dkt. Nos. 37, 39) and enter an Order dismissing Count IV in its entirety, and further dismissing these Defendants from this action.

Dated: February 19, 2008                     Respectfully submitted,

                         By: s/ Gregory L. Lacey
                            One of the Attorneys for Defendants,
                            TERRY HILLARD, LORI LIGHTFOOT,
                            TISA MORRIS, and PHILIP CLINE

Terrence M. Burns (3122331)
Paul A. Michalik (6198674)
Daniel M. Noland (6231175)
Gregory L. Lacey (6239392)
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700 (telephone)
(312) 876-1155 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2008, I electronically filed the foregoing **Official Capacity Defendants' Motion to Reconsider** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Blake Wolfe Horwitz
Amanda Sunshine Yarusso
Law Offices of Blake Horwitz
155 North Michigan Avenue
Suite 723
Chicago, Illinois  60601
312.6l6.4433

s/ Gregory L. Lacey
Gregory L. Lacey

CHICAGO\2423239.4
ID\GLL