IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO ALMARAZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 6134 |
| ) | |
| OFFICER HALEAS, TERRY HILLARD, ) | Judge William Hart |
| LORI LIGHTFOOT, TISA MORRIS, ) | |
| PHILLIP CLINE, UNKNOWN CHICAGO ) | Magistrate Judge Susan Cox |
| POLICE OFFICERS, MAYOR RICHARD ) | |
| DALEY, and the CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS OFFICER HALEAS AND
CITY OF CHICAGO'S MOTION TO RECONSIDER**

Defendants, Officer John Haleas ("Haleas") and City of Chicago ("City") (collectively "Defendants"), by and through their attorney, Terrence M. Burns of Dykema Gossett, move this Court to reconsider its February 7, 2008 Order, which denies Defendants' Motions to Dismiss and further, to grant the Motion to Dismiss. These Defendants state the following in support of this motion:

**INTRODUCTION**

1. This litigation stems from Plaintiff's vague allegation that he was wrongfully stopped in his vehicle and charged with driving while under the influence in an incident that apparently occurred on January 29, 2007. Notwithstanding the isolated and discrete nature of this alleged incident, Plaintiff's First Amended Complaint alleges 25 years of police misconduct unrelated to the January 29, 2007 incident. In an effort to focus on the incident underlying Plaintiff's claims and avoid litigating almost three decades of alleged police misconduct in a case involving one encounter with a single known police officer, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint. (*See* Haleas and City's Motion to Dismiss, Dkt. 35). As currently drafted, Plaintiff's First Amended Complaint sets forth a purported *Monell* theory that is nothing more than an improper *respondeat superior* claim against the City. The alleged misconduct is so unfocused and general that the pleading does not identify a discrete

policy or custom. If these "unfocused" allegations remain a part of the complaint, this litigation likely will devolve into collateral accusations of marginally related incidents resulting in a squandering of scarce judicial and municipal time and resources. *See Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). Rather than expediting the discovery process, the wide-ranging allegations asserted by Plaintiff will cause delay in getting the case to its merits.

2.  In their Motion to Dismiss, Defendants also asserted the First Amended Complaint failed to give notice of the conduct that forms a basis for its claim and, therefore, was subject to dismissal in its entirety.

3.  Defendants' Motion to Dismiss was filed February 6, 2008. The next day, February 7, 2008, the Court denied the Motion to Dismiss without entering a briefing schedule or holding a hearing on the issues presented in the motion. (*See* February 7, 2008 Order on Motion to Dismiss, Dkt. 41).

4.  At this time, the moving Defendants respectfully request that the Court reconsider its February 7, 2008 Order denying their Motion to Dismiss.

5.  These Defendants respectfully submit that the Court patently misunderstood the nature of the previously filed motion, which sought dismissal of the entire First Amended Complaint, and further, complete dismissal of Plaintiff's improper *Monell* claims. Accordingly, the Court should reconsider its Order, and grant Defendants' Motion to Dismiss the First Amended Complaint.[1]

## **LEGAL STANDARD**

6.  Motions to reconsider serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). The Seventh Circuit has said that a motion to reconsider is appropriate where: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or

---

[1] Defendants Mayor Daley, Terry Hillard, Lori Lightfoot, Tisa Morris and Phillip Cline, as parties named only in their official capacities, are also seeking reconsideration of the order denying their Motion to Dismiss (Dkt. No. 37; Dkt. No. 39).

significant change in law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. *Id.* (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990)). In matters involving interlocutory orders, such as motions to dismiss, the Seventh Circuit has made it clear that district courts have the discretion to reconsider their decisions at any time. *Cameo Convalescent Ctr., Inc. v. Percy,* 800 F.2d 108, 110 (7th Cir. 1986).

## ARGUMENT

7. Defendants respectfully submit that the Court patently misunderstood the nature of the previously filed motion, which warrants reconsideration of the Court's February 7, 2008 Order. These Defendants further request entry of an order dismissing Plaintiff's entire First Amended Complaint for the reasons previously argued in the Motion to Dismiss.

8. As articulated in the Motion to Dismiss, the allegations set forth in the First Amended Complaint in the section titled "Facts" fail to provide even the most fundamental information concerning the alleged police misconduct that forms the basis for Plaintiff's claims. For instance, allegations such as the site of Plaintiff's alleged encounter with the police, as well as the time, the number of officers he encountered, what happened, and which unknown officer did what should be known to Plaintiff. The First Amended Complaint, however, is devoid of such basic allegations.

9. Moreover, as set forth in the Motion to Dismiss, the *Monell* claim is woefully deficient and improper. Specifically, the *Monell* claim fails to adequately define the "custom, policy, or practice" that allegedly led to the violation of Plaintiff's constitutional rights and also fails to identify a specific policy for the purposes of stating a viable *Monell* claim. Plaintiff's Amended Complaint merely reiterates past "bad" conduct of other officers not involved and unrelated to the instant case (*e.g.*, the conduct of officers of the Special Operations Unit) and the alleged impropriety of the Office of Professional Standards and the "division of internal affairs" of the Chicago Police Department. Stating a valid *Monell* claim, however, requires more than merely listing previous instances of misconduct and from that alleging the existence of an "abstract [policy] of violating citizens' constitutional rights." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999).

10.     The law is clear: a claim that "past generalized bad police behavior led to future generalized bad police behavior" fails the "rigorous standards of culpability and causation" required for municipal liability. *Id.* at 218; *see also Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 1388 (1997). Plaintiff *Monell* claim lacks the fundamentals required by law and simply incorporates excessive and overly broad accusations of police misconduct over a 25-year period. Instead of pinpointing the precise custom, policy or practice that led to Plaintiff's allegations, Plaintiff has set forth a myriad of unrelated incidents such as Special Operations Section ("SOS") misconduct, miscellaneous allegations against convicted and/or indicted former Chicago police officers (Flagg, Black, Jones, and Haynes), alleged 1980's Area 2 torture, the alleged non-independence of OPS, and BrainMaker. There is no connection apparent from the pleadings between these miscellaneous allegations and the vague misconduct underlying plaintiff's claims. These unrelated issues have no place in a well-pled *Monell* claim. If these "unfocused" allegations remain a part of the complaint, this litigation likely will devolve into collateral accusations of marginally related incidents resulting in a squandering of scarce judicial and municipal time and resources. *See Carter*, 164 F.3d at 218. Rather than expediting the discovery process, the allegations as asserted by Plaintiff would cause delay in getting the case to its merits. This type of effect implicates the potential for abuse forewarned by the *Carter*.

11.     Notably, Plaintiff's counsel has filed almost identical complaints in at least seven (7) other recent cases in the Northern District of Illinois. Each of these cases contains similar boilerplate language, particularly with respect to the *Monell* allegations. Recently, two judges of the Northern District of Illinois have dismissed the *Monell* claims asserted by Plaintiff's counsel based on the same analysis presented by Defendants in their Motion to Dismiss.[2] Hence, further consideration of the analysis presented in the Motion to Dismiss – and perhaps a briefing schedule and oral argument on the issues – would provide the court with the opportunity to better understand the basis of Defendants' position.

12.     In reconsidering the previously filed Motion to Dismiss, the Court will gain a better understanding of the issues of this case which, in turn will promote judicial economy and

---

[2] *See Chaparro v. Powell*, No. 07 C 5277, Slip Op. at 5 (N.D. Ill. Jan. 2, 2008); *see also Terrance Jones v. City of Chicago, et al.*, No. 07 C 5279, Minute Order (Dkt. No. 36).

- 5 -

efficiency, and assist the Court in streamlining and focusing discovery on the relevant and appropriate issues.

  WHEREFORE, Defendants, Officer John Haleas and City of Chicago, respectfully request that this Court reconsider its February 7, 2008 Order denying the Motion to Dismiss (Dkt. No. 35), and enter an Order dismissing Plaintiff's First Amended Complaint in its entirety.

Dated: February 19, 2008        Respectfully submitted,

               By: s/ Gregory L. Lacey
                 One of the Attorneys for Defendants,
                 Officer John Haleas and City of Chicago

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Gregory L. Lacey
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700 (telephone)
(312) 876-1155 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2008, I electronically filed the foregoing **Defendants Haleas and City of Chicago's Motion to Reconsider** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to

Blake Wolfe Horwitz
Amanda Sunshine Yarusso
Law Offices of Blake Horwitz
155 North Michigan Avenue
Suite 723
Chicago, Illinois  60601
312.6l6.4433

                                                s/ Gregory L. Lacey
                                                Gregory L. Lacey

CHICAGO\2422932.4
ID\GLL