IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO ALMARAZ, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER HALEAS, TERRY HILLARD, LORI LIGHTFOOT, TISA MORRIS, PHILLIP CLINE, MAYOR RICHARD DALEY, and the CITY OF CHICAGO,<br><br>    Defendants. | No. 7 C 6134<br><br>JUDGE HART<br>MAGISTRATE JUDGE COX |

**PLAINTIFF'S RESPONSE TO DEFENDANTS OFFICER HALEAS AND CITY OF CHICAGO'S AND "OFFICIAL CAPACITY"[1] DEFENDANTS' MOTION TO RECONSIDER**

NOW COMES the Plaintiff, by and through the LAW OFFICES OF BLAKE HORWITZ, LTD., and hereby submits his Response to Official Capacity Defendant's Motion to Reconsider:

**INTRODUCTION**

Defendants' filed their Motion to Dismiss on February 6, 2008. On February 7, 2008, this Court denied the motion. 14 days later, this Court set a briefing schedule regarding Defendants' Motions to Reconsider. As the case law makes plain, the actual reconsideration of an order of this Court carries with it a difficult burden to meet. At no juncture have Defendants met this burden. Consequently, this Court should deny Defendants' Motion to Reconsider.

---

[1] The unilateral decision by Defense counsel to name certain defendants as "Official Capacity" defendants is a misnomer, as explained in Plaintiffs' response brief.

## LEGAL STANDARD

Reconsideration of a District Court order serves a very narrow function and it must be supported by a showing of extraordinary circumstances justifying relief from judgment. *Caisse Nationale de Credit Agricole v. CBI Indus.,* 90 F.3d 1264, 1269 (7th Cir. 1996). The motion to reconsider is designed for the limited purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. *Publisher's Resource, Inc. v. Walker-Davis Publications, Inc.,* 726 F. 2d 557, 561 (7th Cir. 1985).

## ARGUMENT

Defendants' argue that this Court patently misunderstood the arguments set forth in their Motion to Dismiss. This is speculation. To meet their burden, Defendants must bring evidence demonstrating that this Court generated manifest errors of law or fact. Defendants have failed to to do. Defendants may cite to new evidence as well – but it has failed to do so.

Defendants have simply not met the requisite burden necessary to carry the day on their motion to reconsider. For this reason, Plaintiff asks that this Court deny Defendants' Motion to Reconsider.

**WHEREFORE**, for the forgoing reasons, Plaintiff prays that this Court deny all Defendants' Motions to Reconsider.

                Respectfully Submitted.

                s/ Blake Horwitz_____
                Blake Horwitz

The Law Offices of Blake Horwitz, Esq.
Blake Horwitz, Esq.
Amanda Yarusso, Esq.
Tali Albukerk, Esq.
155 N. Michigan Ave, Suite 714
Chicago, IL  60601
(312) 616-4433
(312) 565-7173 (Fax)

Elliot Richardson & Associates, LLC
Elliot S. Richardson, Esq.
Sean M. Baker, Esq.
Rachelle M. Sorg, Esq.
Elliot Richardson & Associates, LLC
20 South Clark Street
Suite 500
Chicago, IL 60603
(312) 676-2100