IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO ALMARAZ, on behalf of himself and others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>OFFICER HALEAS, TERRY HILLARD, LORI LIGHTFOOT, TISA MORRIS, PHILLIP CLINE, MAYOR RICHARD DALEY, and the CITY OF CHICAGO,<br><br>　　Defendants. | No. 7 C 6134<br><br>JUDGE HART<br>MAGISTRATE JUDGE COX |

**RESPONSE TO SUPERVISORY DEFENDANTS'[1] MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

　　NOW COMES the Plaintiff, by and through the LAW OFFICES OF BLAKE HORWITZ, LTD., and hereby submits his Response to the Supervisory Defendants' Motion to Dismiss Plaintiff's First Amended Complaint:

**INTRODUCTION**

　　This is a case in which Plaintiff was falsely arrested and consequently suffered financial loss as a result of an illegal racketeering enterprise constructed by the Defendant Officers which served to increase their personal wealth and generate revenue for the City of Chicago. Plaintiff filed suit under 42 U.S.C. § 1983 and 18 U.S.C. § 1961 against the City of Chicago, the Defendant Officers, and the above named supervisory officials claiming, *inter alia*, false arrest,

---

[1] Two separate Motions to Dismiss were filed by the Supervisory Defendants in this case. However, these Defendants brought a joint Motion to Reconsider as Supervisory Defendants in response to this Court's denial of their Motions to Dismiss. The same issues are raised by the two Motions to Dismiss and for the sake of judicial economy, and as the Defendants are now bringing a joint Motion to Reconsider, Plaintiff submits the instant Response in response to both Motions to Dismiss. Also, Plaintiff has not sued the Defendants in their official capacity and will thus refer to them throughout this Response as the "Supervisory Defendants."

malicious prosecution, equal protection violations as well as claims for *Monell* liability and RICO violations.

On February 6, 2008, the Supervisory Defendants brought Motions to Dismiss Plaintiff's Amended Complaint. This Court squarely denied these motions. The Defendants then filed a Motion to Reconsider this Court's judgment on February 19, 2008. To ensure compliance with the Court, Plaintiff has prepared responses to both the Motion to Reconsider and the Motion to Dismiss. Plaintiff states that, for the reasons set forth below, the Official Supervisory Defendants' Motions to Dismiss should be denied.

## STANDARD OF REVIEW

On a motion to dismiss, the Court must accept all well-pleaded allegations in the Plaintiff's complaint as true. Fed. R. Civ. P. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990). A complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "All that need be specified are the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002). "Plaintiffs in a § 1983 case against a municipality are required to comply only with the conventional standards of notice pleading; they are not required to meet any heightened pleading standard." *Sledd v. Lindsay*, 102 F.3d 282, 288 (7th Cir. 1996). Under this notice pleading standard, plaintiff need not plead facts or legal theories. *Hefferman v. Bass,* 467 F.3d 596, 599 (7th Cir. 2006) (citing cases).

**ARGUMENT**

Defendants are seeking to dismiss all Supervisory Defendants from this cause. They make the argument that Plaintiff is suing the Supervisory Defendants in their official capacity and that therefore, since Plaintiff also claims municipal liability, naming the Supervisory Defendants is redundant. See Motions at ¶¶ 1-2. Defendants' argument would be correct if they were accurate in their premise that Plaintiff is suing the Supervisory Defendants in their official capacity; but he is not. Plaintiff is suing the Supervisory Defendants in their *individual capacity only*. Even though Plaintiff has not so indicated in his Complaint, the Seventh Circuit has held that "if the course of the proceedings indicates that plaintiff seeks recovery against the official in his personal capacity, his failure to so indicate in his pleadings will not be fatal to his personal-capacity claim." *Wilson v. City of Chicago,* 684 F.Supp. 982, 984 (N.D. Ill. 1988) (citing *Shockley v. Jones,* 823 F.2d 1068, 1071 (7th Cir. 1987)).

In this case, two factors indicate that Plaintiff seeks to hold the Supervisory Defendants personally liable for their actions: (1) the heading of the complaint names the Supervisory Defendants without reference to their positions of employment at the City, and (2) Plaintiff names the City as a co-defendant with the Supervisory Defendants, which would be redundant if the claim against the Supervisory Defendants were in their official capacity. *See Wilson,* 684 F.Supp. at 984-85 (construing Plaintiff's complaint as a claim for personal liability by applying same factors).

The Seventh Circuit has articulated the pleading standard for individual supervisory liability in § 1983 cases as follows:

> An official satisfies the personal responsibility requirement of section 1983 ... if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent. That is, he must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some

>    causal connection or affirmative link between the action complained about
>    and the official sued is necessary for § 1983 recovery.

*Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir.1995).

In this case, Plaintiff has clearly satisfied the above-listed requirements by claiming, first, that at the time of the incident, Defendant Daley was the mayor for the City, Defendant Cline was the superintendent of police for the City, Defendant Hillard was the former superintendent of police for the City, Defendant Morris was the chief administrator of OPS and Defendant Lightfoot was the former chief administrator of OPS. See Complaint at ¶¶ 5-9. Next, Plaintiff indicates the constitutional deprivations that occurred. See Complaint at ¶¶ 10-12. Finally, Plaintiff alleges how said Defendants caused the constitutional deprivations in the following manner:

>    Defendants CLINE, HILLARD, MORRIS, DALEY and LIGHTFOOT, at all times
>    material to this complaint, were aware that the City maintained a widespread and settled
>    policy, practice and custom of failing to properly supervise, monitor, discipline, counsel
>    and otherwise control its police officers. These Defendants were also aware that the
>    maintenance of these practices would result in preventable police abuse.
>                                       * * *
>    These Defendants oversaw, endorsed, condoned and/or acquiesced in the above-
>    mentioned polices, practices and customs and refused to take steps to correct them.
>                                       * * *
>    [The Supervisory Defendants], at all times material to this complaint, caused and
>    facilitated the systematic denial of Plaintiff's constitutional rights . . .
>                                       * * *
>    These Defendants were, at all times material to this complaint, deliberately indifferent to
>    the rights and safety of Plaintiff, as evidenced by their acquiescence and support of these
>    policies and their obvious consequences.

Complaint at ¶¶ 103-107.

The above excerpt from Plaintiff's Complaint fulfills the pleading requirement in that it alleges that the Supervisory Defendants knew about the conduct, namely the custom and practice of false arrest and malicious prosecution, that caused the violation of Plaintiff's rights and either condoned it or turned a blind eye to it.

Defendants argue that dismissal is warranted because "[t]here are no allegations these individuals were involved in the underlying incident with plaintiff on January 29, 2007." Motion ¶ 8.  However, such an allegation is not required for individual supervisory liability.  In fact, supervisory liability can attach even if the defendant supervisor is not aware of the specific violation.  *See, e.g. Bond v. Utreras,* No. 04 C 2617 (see Minute Order attached hereto as Exhibit A).  As argued above, a supervisor could still be held personally liable if he was responsible for a policy, practice or custom that caused the constitutional violation.  *Rascon v. Hardiman,* 803 F.2d 269, 274 (7th Cir. 1986) (holding that the director of the Cook County Jail could be found liable for knowingly allowing guards to operate in jail's psychiatric unit without effective disciplinary system resulting in abuse of prisoners like Plaintiff, even though director was not aware of the specific abuse of Plaintiff); *see also Wilson,* 684 F.Supp. at 986 (in denying motion to dismiss, holding that Superintendent of Chicago Police Department could be held liable for denial of Plaintiff's constitutional rights where "plaintiff claims that [the Superintendent] knew of the policy whereby suspected felons were unlawfully detained and subjected to physical abuse and approved of this activity").

Finally, Plaintiff disagrees with Defendants as to their arguments that Defendants Lightfoot and Hillard should be dismissed because they were no longer employed by the City when Plaintiff's constitutional rights were violated.  Said Defendants were the Chief Administrator of OPS and Chief of Police for the City until just shortly before the constitutional violations against Plaintiff.  Defendants have cited no case law to support their contention that they could not still be held liable for their contributions to the lawless environment among City police officers that was in place at the time of the violation. Because Plaintiff is suing the Supervisory Defendants in their individual capacities, and because he has sufficiently pled his

claims against the supervisory individuals, his claims against Defendants Daley, Hillard, Lightfoot, Cline and Morris should not be dismissed.

For all the reasons argued above, Plaintiff has sufficiently pled his claims to defeat Defendants' Motions to Dismiss. However, in the alternative, if this Court disagrees, Plaintiff requests leave to amend his Complaint, pursuant to FRCP Rule 15(a), to do the following: (1) to plead that the Supervisory Defendants are sued in their individual capacity, and/or (2) to amend any other aspect of Plaintiff's complaint deemed deficient by this Court. *See* Fed.R.Civ.P. 15(a) (leave to amend a pleading shall be "freely given when justice so requires."); *see also, U.S. v. Hougam*, 364 U.S. 310, 316-17 (1960).

**WHEREFORE**, for the forgoing reasons, Plaintiff prays that this Court deny Defendants' Motion to Dismiss.

>                     Respectfully Submitted.
>
>                     s/ Blake Horwitz_____
>                     Blake Horwitz

The Law Offices of Blake Horwitz, Esq.
Blake Horwitz, Esq.
155 N. Michigan Ave, Suite 714
Chicago, IL  60601
(312) 616-4433
(312) 565-7173 (Fax)

Elliot Richardson & Associates, LLC
Elliot S. Richardson, Esq.
Sean M. Baker, Esq.
Rachelle M. Sorg, Esq.
Elliot Richardson & Associates, LLC
20 South Clark Street
Suite 500
Chicago, IL 60603
(312) 676-2100