IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO ALMARAZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 6134 |
| ) | |
| OFFICER HALEAS, TERRY HILLARD, ) | Judge William Hart |
| LORI LIGHTFOOT, TISA MORRIS, ) | |
| PHILLIP CLINE, UNKNOWN CHICAGO ) | Magistrate Judge Susan Cox |
| POLICE OFFICERS, MAYOR RICHARD ) | |
| DALEY, and the CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**OFFICIAL CAPACITY DEFENDANTS' REPLY
IN SUPPORT OF MOTION TO RECONSIDER**

Defendants, Mayor Richard M. Daley ("Mayor Daley"), Terry Hillard, Philip Cline, Lori Lightfoot, and Tisa Morris (collectively, "Municipal Defendants" or "Official Capacity Defendants"), by their attorney, Terrence M. Burns of Dykema Gossett, for their reply in support of their motion to reconsider this Court's February 7, 2008 Order, and in further support of their Motions to Dismiss, state as follows:

**INTRODUCTION**

Plaintiff filed an action alleging police misconduct arising from an incident that occurred on or around January 29, 2007. The first amended complaint is sparse on detail as to the circumstances of the underlying incident. In contrast, plaintiff spends the majority of his pleading on generalized allegations of unrelated misconduct against various members and units of the Chicago Police Department dating back 25 years, purportedly in support of some vague and ill-defined *Monell* claim. Moreover, plaintiff's first amended complaint appears to assert §1983 claims against defendants Daley, Hillard, Cline, Lightfoot, and Morris only in their capacities as municipal officials. These municipal defendants, sued in their official capacities only, should be dismissed as parties to this action.

The municipal defendants filed motions to dismiss (Dkt. ##37, 39) on the basis they were sued only in their official capacities, which was unnecessary since plaintiff also named the City

of Chicago ("City") as a defendant. *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099 (1985). The day after they were filed, this Court summarily entered an order denying the motions to dismiss without requiring a briefing schedule, conducting a hearing, or providing any discussion of its ruling. (Dkt. #41). The municipal defendants then filed a joint motion to reconsider on the basis that this Court patently misunderstood the basis of the motions to dismiss. (Dkt. #42). This Reply is filed in compliance with the briefing schedule set by the Court on the motions to reconsider. (Dkt. #46).

## DISCUSSION

**I.     THE MOTION TO RECONSIDER WAS BROUGHT FOR A PROPER PURPOSE**

As set forth in the motion, one of the appropriate bases for a motion to reconsider is where the court has patently misunderstood a party. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996), *citing Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). The municipal defendants respectfully submit the Court patently misunderstood the nature of their motions to dismiss, which sought their dismissal as unnecessary parties to the litigation. Plaintiff's response suggests defendants can only prevail by bringing "evidence" demonstrating the Court made a manifest error of law or fact. As recognized in *Caisse Nationale*, plaintiff's view of when motions to reconsider are appropriate is too narrow. The motion to reconsider was brought for an appropriate reason.

This Court's recent comments further indicated it may have initially misunderstood the nature of the official capacity defendants' motions to dismiss. At a hearing on March 19, 2008 on plaintiff's motion to file a "corrected" amended complaint, this Court inquired of plaintiff's counsel why the Mayor was named as a defendant. The ensuing discussion between the Court and counsel included the issue of whether the mayor and other municipal official defendants were named in their individual or official capacities. Such a discussion would have been unnecessary if the Court had previously concluded the official capacity defendants' motions were without merit because they were properly named as defendants in their individual capacities. This Court's reconsideration of the February 7, 2008 Order and the official capacity defendants' motions to dismiss is entirely proper and warranted.

## II. THE MUNICIPAL DEFENDANTS, SUED IN THEIR OFFICIAL CAPACITIES, SHOULD BE DISMISSED

Mayor Daley filed a motion to dismiss the first amended complaint against him in its entirety. (Dkt. #37). The complaint does not allege Mayor Daley was personally involved in the underlying incident; rather, the §1983 claim against Daley is asserted against him only in his capacity as a municipal official. Defendants Hillard, Cline, Lightfoot, and Morris filed a similar motion to dismiss on the basis they are sued only in their capacities as municipal officials. (Dkt. #39). These municipal defendants, sued in their official capacities only, should be dismissed. Suits against City employees and officials in their official capacities are redundant and unnecessary when the municipal entity is also a named defendant. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099 (1985).

Plaintiff's Response (Dkt. #57) suggests he is suing the municipal defendants in their individual capacities, rather than their official capacities. Plaintiff concedes he "has not so indicated in his complaint," but offers two "factors" to suggest he is seeking to hold the municipal defendants liable in their individual capacities. The first factor he identifies is that the "heading of the complaint" names the municipal defendants without reference to their positions of employment with the City. The municipal defendants are uncertain whether plaintiff's reference to "heading" means the caption of the amended complaint or the heading of count IV. Either way, the absence of a reference to the municipal defendants' positions of employment, either in the caption or in the heading of count IV, does not somehow establish they have not been sued in their official capacities. To the contrary, paragraphs 5 through 9 of plaintiff's first amended complaint (Dkt. #63), which are expressly incorporated into count IV, refer to and identify the municipal defendants' positions at the City. The allegations in plaintiff's first amended complaint, which should control over any heading or title, thus refute the first factor offered by plaintiff.

The second "factor" identified by plaintiff is that he names the City as a co-defendant, which would be redundant if the claims against the municipal defendants were made against them in their official capacities. That is precisely the point raised by the municipal defendants in their motions to dismiss. The claims against them are redundant and unnecessary, and they should be dismissed.[1] Plaintiff's offered rationale for suggesting the municipal defendants are

---

[1] The claims against the municipal defendants clearly are redundant of the claims against the

named in their individual capacities cannot withstand scrutiny. The municipal defendants, sued in their official capacities only, should be dismissed as parties to this action.

This Court should decline plaintiff's invitation to read the complaint as seeking relief against the municipal defendants in their individual capacities. The same deficiencies with plaintiff's attempted *Monell* claims (*see* Dkt. #35) undercut plaintiff's attempt to manufacture a claim for supervisory liability. Just as the generalized allegations of unrelated misconduct lack the required specificity to support a *Monell* claim, they cannot support a supervisory liability claim. Plaintiff fails to identify a discrete policy for which he seeks to hold any supervisory official directly responsible. As such, imposition of liability on the municipal defendants pursuant to the unfocused and amorphous allegations of the first amended complaint would equate to *respondeat superior* liability, which is improper under §1983. *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997).

An individual cannot be held liable in a §1983 action unless he caused or participated in an alleged constitutional deprivation. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Plaintiff must allege the supervisory official personally participated in or directly caused his alleged constitutional deprivation. *Williams v. City of Chicago*, No. 94 C 3350, 1994 WL 594674 at *4 (N.D. Ill. 1994). As observed by the Seventh Circuit, "Without a showing of direct responsibility for the improper action, liability will not lie against a supervisory official. A causal connection, or an affirmative link, between the misconduct complained of and the officials sued is necessary." *Wolf-Lillie,* 699 F.2d at 869. To establish a claim against a supervisory official, a plaintiff must show that the official "knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or failure to act." *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986). The personal responsibility requirement of §1983 is satisfied only if the supervisory official acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional violation occurs at the official's direction or with the official's knowledge and consent. *Id*. The scatter-shot complaint lacks allegations identifying or suggesting a direct causal connection between plaintiff's alleged

---

City. The allegations of count IV invoke traditional *Monell* concepts and complain of alleged municipal policies, practices and customs. More to the point, count IV re-alleges many of the same allegations asserted against the City in the so-called "*Monell* Allegations." (Compare paragraphs 28 (c), (d), (f), (h), (i), (m), (n), and (o) with paragraphs 106 (a)-(d).)

injury and any conduct or policies for which the purported supervisory officials allegedly were directly responsible.

Plaintiff's "theory" overlooks this personal responsibility/direct participation requirement and asks this Court to set dangerous precedent. This case arises out of a discrete incident involving plaintiff on January 29, 2007. Plaintiff nevertheless asserts wide-ranging policies and practices covering over 25 years of police department history, which are factually unrelated to plaintiff's underlying claim. To allow plaintiff to proceed under the circumstances with such a tenuous link between the alleged policies and the alleged constitutional deprivation underlying the claim would open the floodgates of litigation as to decades of mayors, CPD Superintendents, and OPS Chief Administrators. If, as plaintiff contends, supervisory liability is appropriate in this case, any number of mayors, CPD Superintendents, and OPS Administrators apparently would be proper parties in every case alleging police misconduct of any kind. Under such rationale, any type of misconduct arguably could be "linked" to the general lawlessness theory espoused by plaintiff's counsel. Plaintiff's theory should be rejected. *See Chaparro v. Powell*, No. 07 C 5277, 2008 WL 68683 at * 3 (N.D. Ill. Jan. 2, 2008) (Numerous, tenuously-related allegations of police misconduct "so multifarious that the allegations do not identify a discrete policy or custom;" under plaintiff's logic, any instance of police misconduct could be "caused" by such an amorphous practice). Plaintiff's suggestion that the municipal defendants, simply by virtue of their official positions, are "supervisors" for all police department personnel and therefore personally liable for all things done by those personnel, would obliterate the distinction between suing the City and suing the municipal defendants in their individual capacities.

These municipal defendants, and potentially dozens of other supervisors, merely by virtue of their supervisory positions, would be subject to service of process and need to file responsive pleadings, participate in extensive discovery, and potentially be subject to intrusive requests for highly personal information relative to any claim for punitive damages, in every case involving police misconduct. Such an unreasonable, overly burdensome, and illogical result is not contemplated under §1983 or the case law. For that reason, allegations establishing a direct, causal link between the misconduct complained of and the supervisory officials are required. That element is missing here, defeating plaintiff's argument that supervisory liability should apply. Plaintiff's efforts to transform the official capacity defendants into defendants sued in their individual capacities should be denied. *See Chortek v. City of Milwaukee*, 356 F.3d 740,

748 fn. 4 (7th Cir. 2004) (Suit against police chief deemed to be in his official capacity where no evidence demonstrated he was personally involved in the plaintiff's arrest or the development of the police department initiative under which the plaintiff was arrested); *Gossmeyer*, 128 F.3d at 495 (No "personal involvement" supporting §1983 liability for alleged illegal search where the defendants did not participate in the search and were not present to turn a blind eye).

Additional circumstances demonstrate the impropriety of plaintiff's efforts to impose supervisory liability against the municipal defendants. Mayor Daley simply cannot be considered a "supervisor" under the circumstances alleged in the first amended complaint for purposes of supervisory liability. For example, with respect to the CPD and its police officers, the Superintendent of Police has "complete authority to administer the department in a manner consistent with the ordinances of the city, the laws of the state, and the rules and regulations of the police board." *See* Chicago Municipal Code, Section 2-84-040. The legislative body (City Council), and not the executive branch, is the final policymaker for purposes of §1983 liability. *See Auriemma v. Rice*, 957 F.2d 397, 401 (7th Cir. 1992). As a practical matter, Mayor Daley cannot be considered a "supervisor" of every single police officer or municipal employee by virtue of his position as mayor. Such an absurd result supports the conclusion that plaintiff really intended to name Mayor Daley in his official capacity. Plaintiff's belated attempts to re-characterize Mayor Daley as a "supervisory defendant" for purposes of the imposition of supervisory liability are illogical and should be rejected.

There is yet another problem with plaintiff's efforts to impose supervisory liability on certain of the municipal defendants. Simply stated, not all of these municipal defendants held a supervisory position at the time of the alleged constitutional deprivation and therefore cannot have been a supervisor "personally responsible" for that violation. Plaintiff claims his constitutional rights were violated on or about January 29, 2007. (*See* First Amended Complaint, ¶10, Dkt. #63). However, plaintiff's first amended complaint concedes Defendant Lightfoot left her position as Chief Administrator of OPS in July 2004, and defendant Morris left that same position in October 2006. Defendant Hillard left his position as Superintendent in 2003. These municipal defendants were not even supervisory officials at the time of plaintiff's alleged constitutional deprivation in 2007. A good faith basis for naming these individuals as supervisory defendants does not exist, further suggesting plaintiff intended to name them in their official capacities.

6

Plaintiff "disagrees" that municipal defendants Hillard, Lightfoot and Morris should be dismissed because they were no longer employed by the City in January 2007. (Response, at p. 5). Plaintiff's argument blurs the distinction between municipal liability and supervisory liability. Moreover, the case law relied upon in plaintiff's own response brief directly contradicts his position. In *Gentry v. Duckworth*, 65 F.3d 555 (7th Cir. 1995), the supervisory official held the position of Superintendent of the Indiana State Reformatory at the time the plaintiff allegedly was denied his constitutional rights. In *Wilson v. City of Chicago*, 684 F.Supp. 982 (N.D. Ill. 1988), the supervisory official was the Superintendent of Police in office at the time of the alleged violation of that plaintiff's constitutional rights. Similarly, in *Rascon v. Hardiman*, *supra*, the supervisory official was the executive director of the Cook County Department of Corrections at the time of plaintiff's alleged constitutional deprivation by Cook County jail guards. In each of these cases, the claim for supervisory liability was asserted against a supervisor holding that position at the time of plaintiff's constitutional violation. The only municipal defendant arguably still in a supervisory position in January 2007 was former Superintendent Cline, but as set forth above, plaintiff has failed to properly state a claim for supervisory authority against him or anyone else.[2]

Plaintiff's belated attempt to convert the municipal defendants into "individual capacity" defendants fails on multiple levels. The only reasonable reading of plaintiff's first amended complaint is that the allegations against Defendants Daley, Hillard, Cline, Lightfoot, and Morris are asserted against them in their official capacities only. As such, the claims are redundant and unnecessary in light of plaintiff's claims against the City. This Court should reject plaintiff's invitation to construe the claims against the municipal defendants as if brought against them in their individual capacities.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court reconsider its Order of February 7, 2008, and further, enter orders providing the following relief: (1) Defendant Daley requests an order dismissing count IV in its entirety, and further dismissing

---

[2] As established above, Mayor Daley cannot be considered a "supervisor" for purposes of supervisory liability under the circumstances alleged in this complaint.

him from this action; and, (2) Defendants Hillard, Cline, Lightfoot, and Morris request an order dismissing count IV in its entirety, and further dismissing them from this action.

Dated: March 28, 2008                                              Respectfully submitted,


                                                                   By: s/ Paul A. Michalik
                                                                   One of the Attorneys for Defendants,
                                                                   Richard M. Daley, Terry Hillard, Philip Cline,
                                                                   Lori Lightfoot, and Tisa Morris

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Gregory L. Lacey
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700 (telephone)
(312) 876-1155 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2008, I electronically filed the foregoing **Official Capacity Defendants' Reply in Support of Their Joint Motion to Reconsider** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Blake Wolfe Horwitz
Amanda Sunshine Yarusso
Tali K. Albukerk
Horwitz, Richardson & Baker, LLC
20 South Clark Street
Suite 500
Chicago, Illinois  60603
312.6l6.4433
lobh@att.net

                                                                     s/ Paul A. Michalik
                                                                     Paul A. Michalik

CHICAGO\2434856.1
ID\PAM