IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO ALMARAZ, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER HALEAS, TERRY HILLARD, LORI LIGHTFOOT, TISA MORRIS, PHILLIP CLINE, MAYOR RICHARD DALEY, and the CITY OF CHICAGO,<br><br>    Defendants. | No. 7 C 6134<br><br>JUDGE HART |

## MOTION TO UNREDACT DOCUMENTS

NOW COMES the Plaintiff, by and through the LAW OFFICES OF BLAKE HORWITZ, LTD., and hereby presents the following motion:

1. Defendants have tendered to Plaintiff a complaint register regarding purported acts of misconduct relative to Officer Haleas, one of the Defendants to this cause.

2. Pursuant to an agreed protective order entered between the parties, the names of witnesses were to be redacted from any and all complaint registers, including the above referenced.

3. With regard to the subject complaint register (Bate Stamp numbers 00003-00074), there are names of assistant state's attorneys and police officers that played a role in the situation which gave rise to certain allegations of misconduct relative to Officer Haleas. The assistant state's attorneys and police officers were witnesses to Officer Haleas' misconduct, to wit misrepresenting the content of a DUI police report.

4. Paragraph three of the protective order provides as follows:

> If a party believes that certain information redacted, such as a complainant's name or other identifying information, is relevant and requires that information, the party will file an appropriate motion with the court seeking to have the material un-redacted.

(Exhibit C)

4. Plaintiff alleges that he needs to know the names of these officers and assistant state's attorney in order to, *inter alia,* engage in discovery relative to these witnesses and therefore seek relief under paragraph three of the protective order.

5. Plaintiff has engaged in the requisite LCR 37.2 attempts to resolve this discovery dispute. Plaintiff's counsel, Blake Horwitz, on March 12, 2008 spoke (in person) to Defense Counsel Gregory Lacey, asking him whether he agreed to unreadact the information. Mr. Lacey requetsed that Mr. Horwitz put the request in writing. This, as well as another conversation, was accomplished on the following day. Blake Horwitz then called Mr. Lacey and left a message in his voice mail. Mr. Lacey returned the call on March 18, 2008, and advised that the parties should enter into an agreed order regarding this issue. On March 25, 2008. Blake Horwitz then sent a proposed motion to defense counsel via facsimile. Plaintiff's counsel then spoke to Mr. Lacey on April 1, 2008 wherein he stated that he had not received the agreed motion but that he would need to present the issue to his client. Both parties agreed, during this last conference that a motion would have to be brought before this Court, given the existence of the protective order that is in place, regardless of whether Mr. Lacey's client (the City of Chicago) would agree to unredact the information.

6. Given the above, Plaintiff has file the instant motion.

**WHEREFORE**, for the forgoing reasons, Plaintiff prays that the names of the assistant state's attorney and police officers, that are redacted in the complaint register file of Officer

Haleas, Bate Stamp numbers 00003-00074 be unredacted and otherwise disclosed to Plaintiff's counsel and that Defense counsel tender said documents in their un-redacted form, as described above, in seven days.

                                                Respectfully Submitted.
                                                s/ Blake Horwitz_____

HORWITZ, RICHARDSON & BAKER, LLC.
Blake Horwitz, Esq.
Elliot Richardson, Esq.
Sean M. Baker, Esq.
Rachelle M. Sorg, Esq.
20 South Clark Street, Suite 500
Chicago, IL 60603
(312) 676-2100