50650-DFG

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDUARDO ALMARAZ, on behalf of himself and others similarly situated,<br>                 Plaintiff,<br><br>v.<br><br>OFFICER HALEAS, et al.<br>                 Defendant | No. 07 C 6134<br><br>Judge William T. Hart |

### **DEFENDANT HALEAS' MOTION TO STAY**

NOW COMES Defendant, JOHN HALEAS, by and through his attorneys, Querrey & Harrow, Ltd., and moves this Honorable Court to stay this civil matter pending the resolution of John Haleas' criminal prosecution pending in the Circuit Court of Cook County. In support thereof, Defendant states as follows:

1.      Plaintiff Eduardo Almaraz has brought a civil rights lawsuit on behalf of himself and a putative class. (Copy of First Corrected Amended Complaint 07 C 6134, attached hereto as Exhibit A). Plaintiff Almaraz alleges that Officer Haleas engaged in an unreasonable arrest and seizure of his person on or about January 29, 2007. At issue is the propriety of Officer Haleas' arrest of plaintiff for driving under the influence and similarly situated class members. The putative class is comprised of:

      i.   All persons who, at any time on and after two years preceding the filing of this lawsuit until the date of entry of judgment, were detained and/or arrested by DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS as a result of a DUI stop without probable cause;

     ii.   All persons who, at any time on and after one year preceding the filing of this lawsuit until the date of entry of judgment, were prosecuted by the DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS based on false testimony, police

reports and/or evidence, i.e. maliciously prosecuted, without probable cause. (Ex. A., ¶ 121)

2. Plaintiff Almaraz has also claimed that the City of Chicago has a policy of generating false documentation, engaging in false arrest, malicious prosecution, misrepresentation of facts, and presenting false testimony. (Ex. A.) Almaraz has further alleged that the City of Chicago does not perform adequate investigations of officer misconduct and does not adequately discipline its officers that partake in improper conduct. (Ex. A.)

3. Officer Haleas is currently facing felony criminal charges in the Circuit Court of Cook County in case number 08 CR 7115 for conduct that is central to the allegations set forth in *Almaraz's* Complaint. If the case at bar were to proceed, John Haleas would not be able to provide a proper defense in this matter, due to the pending criminal charges. It is well-established that John Haleas has an absolute right not to testify during the course of his criminal trial. Plaintiffs would most certainly seek the deposition of John Haleas, thus, interfering with his defense and forcing him to choose between his Fifth Amendment Rights and defending the civil lawsuits.

4. Additionally, a resolution of John Haleas' criminal prosecution could have a significant impact on these cases and limit the issues that have to be litigated in the civil matters.

5. Furthermore, under the *Younger* abstention doctrine, federal courts should not entertain a claim for damages under Section 1983 if disposition of that civil action would involve ruling on issues in dispute in a pending state criminal proceeding. *Younger v. Harris*, 401 U.S. 37 (1971); *Robinson v. Lother*, 2004 U.S. Dist. LEXIS 17659 (N.D.Ill. 2004). The *Younger* court ruled that federal courts should abstain from enjoining ongoing state proceedings absent extraordinary circumstances. 401 U.S. at 53. The holding was based primarily on the interest of comity: "a proper respect for state functions, a recognition of the fact that the entire country is

made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

6. The Seventh Circuit Court of Appeals has extended the *Younger* abstention doctrine to federal suits seeking monetary relief for misconduct in an underlying, pending state criminal case. *Simpson v. Rowan*, 73 F.3d 134, 137-38 (7th Cir. 1995), *cert, denied* 519 U.S. 833 (1996).

7. Such a scenario is present in the instant case. The Plaintiff is seeking monetary damages on behalf of himself and putative class members, alleging that Officer Haleas arrested him without probable cause, falsified arrest reports, and provided perjured testimony during Plaintiff's DUI prosecution. If findings are made on the constitutional or factual issues in the instant civil suit, they may pre-empt or undermine the state court's consideration of similar issues in the underlying criminal proceedings. Moreover, if John Haleas is found not guilty for the criminal charges stemming from the alleged DUI arrests, it would have a direct bearing on these Section 1983 claims.

8. When a criminal action is simultaneously pending with a civil action, the court has discretion to take appropriate action to avoid prejudice to the parties in the two proceedings. "[A] court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions 'when the interests of justice seem to require such action, sometimes at the request of the prosecution,… sometimes at the request of the defense.'" *S.E.C. v. Dresser Industries*, 628 F.2d 1368, 1375 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980) (quoting *United States v. Kordel*, 397 U.S. 1, 1103 (Ct.Cl. 1975), "[w]e believe it has long been

the practice to 'freeze' civil proceedings when a criminal prosecution involving the same facts is warming up or underway."

9. In deciding whether the *Younger* abstention applies, a Court must determine, at the threshold, whether litigating claims that are presented in a federal lawsuit could interfere with an ongoing state proceeding. *Robinson*, 2004 U.S. Dist. LEXIS 17659 (N.D.Ill. 2004), *see also Simpson* 73 F.3d. at 138. If so, then the court must abstain from proceeding with the federal claims if the court further determines that: (1) the state proceedings are judicial; (2) the state proceedings must implicate important state interests; (3) there is an adequate opportunity in the state court proceeding to raise the constitutional challenge presented in the federal claims; and (4) there are no extraordinary circumstances that would render abstention inappropriate." *Id.*

10. All of the factors to be considered for entry of a stay as set forth in *Robinson* are present here, and therefore, support the entry of a stay. First, the state proceedings are judicial in nature. The second requirement is met because the state proceedings implicate important state interests: the prosecution of alleged criminal activity, as well as the behavior of police officers in effectuating arrests. *See Younger*, 401 U.S. at 41-42.

11. The third requirement is met, as Plaintiff has the opportunity to present the question of whether the Defendant Officers falsified arrest reports and sworn documents during DUI prosecutions, as a potential witness for the State. Finally, the fourth requirement is not present as there are no extraordinary circumstances that would render abstention inappropriate. The "extraordinary circumstances" exception to *Younger* abstention is a limited one that applies only in those situations where the state proceeding is being conducted in bad faith or for purposes of harassment; *Robinson*, 2004 U.S. Dist. LEXIS 17659 *citing Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); where "there is an extraordinarily pressing need for immediate

equitable relief," *Id.*, *citing Kugler v. Helfant*, 421 U.S. 177, 124-25 (1975); or where the challenged provision "patently" violates "express constitutional prohibitions." *Id.*, *citing Jacobson v. Village of Northbrook Mun. Corp.*, 824 F.2d 567, 570 (7th Cir. 1987).

12. The interests of John Haleas, and the substantial prejudice to his defense of the criminal matter should this civil rights case proceed before his criminal matter is resolved, weigh in favor of a stay. For instance, because criminal charges against John Haleas are still pending for alleged conduct central to the allegations set forth in *Almaraz*, he may have a strong desire to invoke his Fifth Amendment right against self-incrimination. In *Cruz v. County of DuPage*, 1997 WL 370194 (N.D.Ill. 1997), the Court stressed that the ultimate question was, "whether or not a court should exercise its discretion in order to avoid placing the [litigants] in the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights, or risking conviction in their criminal case by waiving their Fifth Amendment rights and testifying in the civil proceedings." Given that the plaintiff will be seeking class certification for the period involving the Defendant's underlying criminal case, there is definite potential for overlap of the issues and events contained in the criminal charge with the putative class sought in this civil matter.

13. There is no likelihood that evidence concerning the case will evaporate or be lost in the relatively short period of time until the criminal proceedings may be completed; indeed, those very proceedings may produce additional evidence relevant to this civil action. The complaint in this action was filed in October of 2007. Delay in the proceedings of a civil action is not something to be desired, but the cost of a comparatively short delay in the progress of the civil proceedings is insignificant compared to the cost to Defendant of the unfairness of proceeding simultaneously with both civil and criminal proceedings.

14. Stays are properly granted "when the ends of justice are threatened by the concurrent development of related criminal and civil proceedings." *United States v. Hugo Key and Son, Inc.*, 672 F.Supp. 656, 657 (D.R.I. 1987). Here, the interplay between the civil and criminal case is strong and cannot be ignored. The interference with the criminal action and the loss of judicial economy inherent in going forward with this civil action while the criminal proceedings are still pending greatly outweigh any harm to the parties caused by delay in going forward with this action.

15. In accordance with *Younger*, the Seventh Circuit's extension of that doctrine in *Simpson*, and the Northern District of Illinois' interpretation in *Robinson*, John Haleas requests that this Court grant his motion to stay his Section 1983 lawsuit for monetary relief while his criminal case is still pending in state court.

16. This motion is not brought for dilatory purposes or to prejudice the Plaintiff in any manner.

WHEREFORE Defendant prays that this Honorable Court grant its Motion to Stay this matter pending John Haleas' criminal prosecution, and for any other relief that this Court deems just and necessary.

Respectfully submitted,

Defendant, JOHN HALEAS

By: /s/ Daniel F. Gallagher
One of his attorneys

Daniel F. Gallagher, Esq.
Larry Kowalczyk, Esq.
Dominick L. Lanzito, Esq.
QUERREY & HARROW, LTD.
175 West Jackson, Suite 1600
Chicago, Illinois 60604
Phone: 312-540-7000
Fax: 312-540-0578
Document #: 1327521