50650-DFG

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| EDUARDO ALMARAZ, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No.  07 C 6134 |
| v. | ) ) | Judge Williams T. Hart |
| OFFICER HALEAS, TERRY HILLARD, LORI LIGHTFOOT, TISA MORRIS, PHILLIP CLINE, UNKNOWN CHICAGO POLICE OFFICERS, MAYOR RICHARD DALEY, and the CITY OF CHICAGO, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

NOW COMES DEFENDANT, OFFICER HALEAS by and through his attorneys, QUERREY & HARROW, LTD., and for his Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

### JURISDICTION

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; 18 U.S.C. § 1961 et seq.  (RICO); the Judicial Code, 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**Answer:**     Defendant John Haleas admits that this action is brought pursuant to 42 U.S.C. §§ 1983 and under the statutory and common law of the State of Illinois, ad that this Court has jurisdiction, but denies that these claims are meritorious.

### PARTIES

2.     PLAINTIFF is a resident of the State of Illinois and of the United States.

**Answer:**        Defendant John Haleas lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 2.

3.        The DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS, were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

**Answer:**        Defendant John Haleas admits that he was employed as a Chicago police officer, but denies the remainder of the allegations set forth in paragraph 3.

4.        The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICER as well as the other UNKNOWN CHICAGO POLICE OFFICERS and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein). At all times material to this complaint, the DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS were acting under the color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**Answer:**        Defendant John Haleas admits that the City of Chicago is a duly incorporated municipal corporation and is his employer, but denies the remainder of the allegations set forth in paragraph 4.

5.        RICHARD DALEY was and is the acting mayor for the CITY OF CHICAGO.

**Answer:**        Defendant John Haleas admits that Richard Daley is the mayor of the City of Chicago.

6.        PHILIP CLINE was the acting superintendent of police for the Chicago Police Department.

**Answer:**        Defendant John Haleas admits the allegations set forth in paragraph 6.

7.        TERRY HILLARD was the acting superintendent of police for the Chicago Police Department.

**Answer:**        Defendant John Haleas admits the allegations set forth in paragraph 7.

8.    LORI LIGHTFOOT was the Chief Administrator of the Chicago Police Department's OPS from July 2004 to October 2006.

**Answer:**    Defendant John Haleas admits the allegations set forth in paragraph 8.

9.    TISA MORRIS was the Chief Administrator of the Chicago Police Department's OPS from July 2004 to October 2006.

**Answer:**    Defendant John Haleas admits the allegations set forth in paragraph 9.

## FACTS

10.    On or about January 29, 2007, the DEFENDANT OFFICER was engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

**Answer:**    Defendant John Haleas denies the allegations set forth in paragraph 10.

11.    On or about January 29, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault the DEFENDANT OFFICER.

**Answer:**    Defendant John Haleas denies the allegations set forth in paragraph 11.

12.    The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICER caused an unreasonable seizure to the PLAINTIFF.

**Answer:**    Defendant John Haleas denies the allegations set forth in paragraph 12.

13.    The DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The

DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

**Answer:**     Defendant John Haleas denies the allegations set forth in paragraph 13.

14.     On January 29, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

**Answer:**     Defendant John Haleas denies the allegations set forth in paragraph 14.

15.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICER AND UNKNOWN CHICAGO POLICE OFFICERS, PLAINTIFF was caused to suffer damages.

**Answer:**  Defendant John Haleas denies the allegations set forth in paragraph 15.

16.     On or about January 29, 2007, the DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO.  The DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS.

**Answer:**     Defendant John Haleas denies the allegations set forth in paragraph 16.

## RICO

17.     The PLAINTIFF was also caused to suffer financial loss and out of pocket expenses, directly correlated to being arrested for DUI under false pretenses.

**Answer:**     Defendant John Haleas provides no answer to this paragraph because all Civil RICO claims have been dismissed by the court.  To the extent any of these allegations remain, denied.

18.     PLAINTIFF is a person under the meaning of the RICO statute.

**Answer:**     Defendant John Haleas provides no answer to this paragraph because all Civil RICO claims have been dismissed by the court.   To the extent any of these allegations remain, denied.

19.     The DEFENDANT OFFICER and UNKNOWN CHCICAGO POLICE OFFICERS in their individual capacity are persons under the meaning of the RICO statute. Said persons are part of the subset of individuals which make up a cell and/or group of individuals who are engaged in illegal activity within an enterprise known as the City of Chicago Police Department.

**Answer:**     Defendant John Haleas provides no answer to this paragraph because all Civil RICO claims have been dismissed by the court.   To the extent any of these allegations remain, denied.

20.     The City of Chicago Police Department engaged in interstate commerce for the purchase and procurement of, *inter alia*, equipment, weapons, tools, vehicles, uniforms, communications devices, logistics and data management systems, and devices for estimating blood alcohol content to be used by its police force.

**Answer:**     Defendant John Haleas provides no answer to this paragraph because all Civil RICO claims have been dismissed by the court.   To the extent any of these allegations remain, denied.

21.     The DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS, within the past ten years engaged in multiple, repeated, and continuous acts, *inter alia*, the complained of police misconduct and false charges of PLAINTIFF which constituted extortion and mail fraud under Illinois state law and federal law, and which further constitute a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961 et seq.

**Answer:**     Defendant John Haleas provides no answer to this paragraph because all Civil RICO claims have been dismissed by the court.   To the extent any of these allegations remain, denied.

22.    The DEFENDANT OFFICER'S and UNKNOWN CHICAGO POLICE
OFFICERS' complained of police misconduct was inextricably intertwined with his authority
and activities as an employee of the Chicago Police Department.

**Answer:**    Defendant John Haleas provides no answer to this paragraph because all Civil
RICO claims have been dismissed by the court.  To the extent any of these
allegations remain, denied.

23.    The DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS
ability to intimidate lawful citizens such as PLAINTIFF with the power and threat of arrest and
prosecution was made possible by and through his employment as a police officer with the
Chicago Police Department.

**Answer:**    Defendant John Haleas provides no answer to this paragraph because all Civil
RICO claims have been dismissed by the court.  To the extent any of these
allegations remain, denied.

24.    The DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS
illegal activities were clearly helped along by their authority as Chicago Police Officers and by
the fear and intimidation which a police officer such as DEFENDANT OFFICERS uniquely
have the ability to engender in others by virtue of their position.

**Answer:**    Defendant John Haleas provides no answer to this paragraph because all Civil
RICO claims have been dismissed by the court.  To the extent any of these
allegations remain, denied.

25.    All of DEFENDANT OFFICERS and UNKNOWN CHICAGO POLICE
OFFICERS complained of police misconduct and false charges were intended and did earn the
Chicago Police Department and CITY OF CHICAGO money and revenue.

**Answer:**    Defendant John Haleas provides no answer to this paragraph because all Civil
RICO claims have been dismissed by the court.  To the extent any of these
allegations remain, denied.

## EQUAL PROTECTION

26.    With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis.  PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS.  The DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF.

**Answer:**    Defendant John Haleas denies the allegations set forth in paragraph 26.

27.    Further, PLAINTIFF was similarly situated to other individuals involved incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

**Answer:**    Defendant John Haleas denies the allegations set forth in paragraph 27.

## *MONELL* ALLEGATIONS

28.    It is the custom, practice, and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions:

a.    generate false documentation to cover-up for the misconduct of fellow police officers;

b.    engage in acts of false arrest, malicious prosecution, misrepresentation of facts, presentation of false testimony, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

c.    fail to properly discipline officers from said police department who have committed act(s) of false arrest, malicious prosecution, misrepresentation of facts, presentation of false testimony, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

d.    fail to properly investigate a complaint of false arrest, malicious prosecution, misrepresentation of facts, presentation of false testimony, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a CITY OF CHICAGO police officer upon another;

e.    fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of false arrest, malicious prosecution, misrepresentation of facts, presentation of false testimony, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence committed by one said officer upon another;

f.    allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest, malicious prosecution, misrepresentation of facts, presentation of false testimony, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

g.    fail to provide adequate sanctions/discipline to officers who commit false arrest, malicious prosecution, misrepresentation of facts, presentation of false testimony, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.    fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, misrepresentation of facts, presentation of false testimony, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

i.    fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

j.    fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

k.    fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers

to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, misrepresentation of facts, presentation of false testimony, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

l.      fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies, and/or procedures of the CITY OF CHICAGO police department;

m.      fail to properly investigate officers who commit acts of false arrest, malicious prosecution, misrepresentation of facts, presentation of false testimony, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

n.      fail to take proper remedial action with officers who commit acts of false arrest, malicious prosecution, misrepresentation of facts, presentation of false testimony, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

o.      fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, malicious prosecution, misrepresentation of facts, presentation of false testimony, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the CITY OF CHICAGO police department.

**Answer:**      Defendant John Haleas denies the allegations set forth in paragraph 28 and all of its subparts.

29.      This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by

superior officers of the CITY OF CHICAGO police department in order to permit said conduct to re-occur.

**Answer:**    Defendant John Haleas denies the allegations set forth in paragraph 29.

30.    A code of silence exists between officers of the Defendant Municipality. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

**Answer:**    Defendant John Haleas denies the allegations set forth in paragraph 30.

## SPECIAL OPERATIONS OFFICERS

31.    Between the years 2001 and 2006, there were at least 662 Chicago Police Officers that received at least ten civilian complaints lodged against them.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 31.

32.    The CITY OF CHICAGO possesses the names of the 662 police officers that have received at least ten civilian complaints lodged against them, between the years 2001 and 2006.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 32.

33.    Between the years 2001 and 2006, there were at least 662 Chicago police officers that worked in a unit called "Special Operations," that received at least ten civilian complaints lodged against them (these officers shall be referred to, herein, as "Special Operations Officers").

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 33.

34.    The civilian complaints lodged against the Special Operations Officers have not been properly investigated by the Chicago Police Department.

**Answer:**        Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 34.

35.        In the year 2007, an order was entered by the Honorable Judge Lefkow regarding the Special Operations Officers for the City of Chicago. The order provided, *inter alia*, that the parties were permitted to make public the names of 662 Special Operations Officers that had ten or more civilian complaints lodged against them.

**Answer:**        Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 35 as phrased.

36.        The CITY OF CHICAGO refuses to release the names of the Special Operations Officers, referenced in the order of the HONORABLE JUDGE LEFKOW, to the public.

**Answer:**        Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 36.

37.        There are at least four police officers who worked in the Special Operations Section of the Chicago Police Department who have received at least 50 complaints of misconduct.

**Answer:**        Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 37.

38.        Within the last four years, six police officers who were members of the Special Operations Section of the City of Chicago have been indicted for robbing and kidnapping individuals.

**Answer:**        Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 38.

39.        There are ten police officers who worked in the Special Operations Section who received a combined total of 408 complaints of misconduct (with the Office of Professional Standards). With regard to those 408 complaints, only three were sustained.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 39.

40.    Of the ten Special Operations Officers that received a combined total of 408 complaints, one officer, who was accused of misconduct 55 times, has never received a complaint that has been sustained.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 40.

## OFFICE OF PROFESSIONAL STANDARDS (OPS)

41.    Less than one percent of the charges of misconduct that have been lodged against Chicago Police Officers, through the Office of Professional Standards (hereinafter "OPS"), over the last ten years, have resulted in a "sustained finding" against said officer.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 41.

42.    The OPS is fully funded by the City of Chicago.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 42.

43.    The OPS, over the last 10 years, has been managed by an individual that has been appointed by the Mayor of the City of Chicago.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 43 as phrased.

44.    The OPS, over the last 20 years, has been managed by an individual that has been appointed by the Mayor of Chicago.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 44, as phrased.

45.    Over the last 10 years, there has not been an entity and/or agency, not employed by the City of Chicago that has reviewed the decisions of OPS to determine whether or not an individual police officer should receive a sustained finding, as that term is defined by OPS.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 45.

46.    Over the last 20 years, there has not been an entity and/or agency, not employed by the City of Chicago that has reviewed the decisions of OPS to determine whether or not an individual police officer should not receive a sustained finding, as that term is defined by the Chicago Police Department.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 46.

47.    Over the last 20 years, there has not been an entity and/or agency, not employed by the City of Chicago, that has reviewed the work performed by OPS to determine whether OPS is properly investigating the complaints of misconduct of Chicago Police Officers.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 47.

48.    Due to the intimate connection between the OPS and the Mayor of Chicago as well as other politicians of the City of Chicago, there is a lack of independent review of misconduct of Chicago Police Officers.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 48.

49.    For example, Officer Raymond Piwicki obtained 56 complaints against him within seven years and failed to receive meaningful discipline for any act of misconduct.

**Answer:**    Defendant John Haleas denies the allegations set forth in paragraph 49.

50.     Officer Rex Hayes received over 65 complaints of misconduct lodged against him, as well as ten lawsuits, amounting to over 2.5 million dollars that had to be paid out of City tax dollars as a result of the litigation.

**Answer:**     Defendant John Haleas denies the allegations set forth in paragraph 50.

## PARTICULARIZED MISCONDUCT OF CERTAIN OFFICERS

51.     Chicago Police Officer Broderick Jones has pled guilty, in Federal Court, before the Honorable Judge Guzman, of engaging in multiple acts of racketeering activity, to wit: possession of cocaine with the intent to distribute, robbery and extortion.

**Answer:**     Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 51.

52.     In his plea of guilty, Broderick Jones admitted that he committed robbery, extortion and possession of cocaine with the intent to distribute, while he was working for the Chicago Police Department and while he was acting in the capacity of a Chicago Police Officer. He also admitted to undertaking these efforts from 1999 through March 2005.

**Answer:**     Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 52.

53.     Chicago Police Officer Corey Flagg pled guilty, before the Honorable Judge Guzman, in Federal Court, to having conspired, along with Chicago Police Officers, Eural Black, Darek Hanes, Broderick Jones, and others, to intentionally possessing and distributing cocaine and marijuana.

**Answer:**     Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 53.

54.     Corey Flagg pled guilty to having worked with Eural Black, Darek Haynes and Broderick Jones to obtain cocaine, marijuana and drug money, through robbery and extortion.

**Answer:**     Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 54.

55.     Corey Flagg, in his plea of guilty, stated that he understood that any cocaine and marijuana obtained during the course of his criminal efforts would be distributed to the people he was criminally involved with (i.e. Eural Black, Darek Haynes and Broderick Jones).

**Answer:**     Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 55.

56.     Corey Flagg admitted, in his plea agreement, that while he was a Chicago Police Officer, he knew that Broderick Jones recruited Chicago Police Officers, including himself and Officer Haynes, to conduct vehicle stops and home invasions in order to illegally obtain drugs, money and weapons.

**Answer:**     Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 56.

57.     Corey Flagg, in his plea of guilty, recognized that he and other Chicago Police Officers used their power to, authority and official position as Chicago Police Officers to promote and protect their illegal activities, as mentioned above.

**Answer:**     Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 57.

58.     Eural Black, previously a Chicago Police Officer, was found guilty of the following, by a jury, in the City of Chicago, before the Honorable Judge Hibbler:

a.     attempting to conspire and distribute controlled substances;

b.     multiple acts of robbery and, racketeering;

c.     the procurement of weapons from individuals through robbery and extortion;

d.     recruiting Chicago Police Officers to conduct vehicle stops and home invasions of others to illegally obtain money, weapons and controlled substances;

e.     delivering controlled substances in exchange for cash;

f.      not enforcing the law with individuals that he was involved so that he could promote criminal activity;

g.      along with Eural Black, Corey Flagg, Darek Haynes and non-Chicago Police Officers, distributing cocaine (up to 5 kilograms);

h.      distributing cocaine in exchange for cash;

i.      conducting home invasions of individuals (along with Corey Flagg, Eural Black and Darek Haynes) for the purpose of obtaining money, property, weapons, and controlled substances;

j.      using the power of his office as a Chicago Police Officer to engage in the above (a-i) acts;

b.      using the facilities of the Chicago Police Department, namely his badge, gun, bullet proof vest and handcuffs, to promote his illegal activity (a-i).

These allegations serve as an example of misconduct by Chicago Police Officers, as well as the failure of the Chicago Police Department and OSP, to monitor itself.

**Answer:**      Defendant John Haleas denies the allegations set forth in paragraph 58.

## OPS INVESTIGATING RELATIVE TO
## BLACK, FLAGG, JONES AND HAYNES

59.      Corey Flagg, prior to being charged with criminal activity, possessed over 10 complaints of misconduct, none of which were sustained by the Chicago Police Department.

**Answer:**      Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 59.

60.      Corey Flagg has had no less than 15 federal lawsuits filed against him for civil rights violations for activity that occurred while he was employed as a police officer for the CITY OF CHICAGO.

**Answer:**      Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 60.

61.    Eural Black, prior to being charged with criminal activity, possessed over 10 complaints of misconduct, none of which were sustained by the Chicago Police Department.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 61.

62.    Broderick Jones, prior to being charged with criminal activity, possessed over 10 complaints of misconduct, none of which were sustained by the Chicago Police Department.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 62.

63.    Darek Haynes has had no less than 15 federal lawsuits filed against him for civil rights violations for activity that occurred while he was employed as a police officer for the CITY OF CHICAGO.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 63.

64.    Darek Haynes, prior to being charged of criminal activity, possessed over 10 complaints of misconduct, none of which were sustained by the Chicago Police Department.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 64.

## LAWLESSNESS IN THE CHICAGO POLICE DEPARTMENT AND ITS CONNECTION TO THE POLITICAL SCHEME OF THE CITY OF CHICAGO

65.    Due to the lack of legitimate review of misconduct by Chicago Police Officers, many police officers for the City of Chicago believe that they can engage in lawless activities.

**Answer:**    Defendant John Haleas denies the allegations set forth in paragraph 65.

66.    The financial relationship between the City of Chicago and the OPS is such that the OPS cannot be independent.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 66.

67.     This is due to the fact that, *inter alia*, if a determination is made, by OPS, that a police officer has committed an act of misconduct, said determination and the facts which flow from said determination, may be used by the victim, against whom the misconduct was inflicted, to receive a monetary award and/or settlement against the City of Chicago.

**Answer:**     Defendant John Haleas denies the allegations set forth in paragraph 67.

68.     In other words, if OPS renders a decision that a complaint should be sustained against an officer, the complainant may use the information gathered, as well as the fact that the complaint has been sustained, against the officer in a civil proceeding, to receive compensation.

**Answer:**     Defendant John Haleas denies the allegations set forth in paragraph 68.

69.     Sustained complaints by OPS dramatically increases the likelihood that the City of Chicago will have to indemnify the officer for the misconduct inflicted by said officer.

**Answer:**     Defendant John Haleas denies the allegations set forth in paragraph 69.

70.     Due to the structure of OPS and its intimate connection with the City of Chicago, OPS has been an illegitimate entity to investigate the misconduct of Chicago Police Officers.

**Answer:**     Defendant John denies the allegations set forth in paragraph 70.

71.     Due to the structure of OPS and its intimate connection with the City of Chicago, Chicago Police Officers have been able to engage in significant acts of lawlessness.

**Answer:**     Defendant John Haleas denies the allegations set forth in paragraph 71.

72.     It is due to these lawless activities that the constitutional rights of citizens become infringed, as police officers believe that they will be protected by OPS, which is, in turn, protected by the Mayor of the City of Chicago who appoints the person in charge of OPS.

**Answer:**     Defendant John Haleas denies the allegations set forth in paragraph 72.

### MISCELLANEOUS FACTS REGARDING MONELL LIABILITY

73.     In the year of 2000, a resolution was submitted to City Council stating, in part, that Chicago Police officers who do not carry out their responsibilities in a professional manner have ample reason to believe that they will not be held accountable for misconduct.

**Answer:**        Defendant John Haleas denies the allegations set forth in paragraph 73.

74.     William M. Beavers was an Alderman for the City of Chicago. In the year 2000, he was Chairman of the Committee on Police and Fire of the Chicago City Council.

**Answer:**        Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 74.

75.     Alderman Beavers submitted a resolution to City Council for the City of Chicago, which stated, among other things, that there exists "an environment where police officers who do not carry out their responsibilities in a professional manner have ample reason to believe that they will not be held accountable even in instances of egregious misconduct."

**Answer:**        Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 75.

76.     Judge Holderman is a Federal Judge presiding in the Northern District of Illinois.

**Answer:**        Defendant John Haleas admits the allegations set forth in paragraph 76.

77.     Judge Holderman wrote a legal opinion in *Garcia v. City of Chicago*, 2003 U.S. Dist., LEXIS, 16565 (N.D. Ill.Sep.,19,2003).

**Answer:**        Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 77.

78.     In the legal opinion authored by Judge Holderman, he stated, in significant part, that the City's police abuse investigations were incomplete, inconsistent, delayed, and slanted in favor of the officers.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 78.

79.    Notwithstanding the fact that there is significant and credible evidence of torture that occurred in Chicago Police Departments, from the 1980's the 1990's, there has not been one Chicago Police Officer that has been punished, sanctioned and/or disciplined for same. This has occurred as a result of the intimate connection between OPS, the Mayor, and the Chicago Police Department.

**Answer:**    Defendant John Haleas denies the allegations set forth in paragraph 79.

80.    Notwithstanding the fact that there is significant and credible evidence of torture that occurred in Chicago Police Departments, from the 1980's the 1990's, and the fact that the Mayor acknowledges that he failed to properly investigate torture that occurred by Chicago Police Officers while he was Cook County State's Attorney, there has not been one Chicago Police Officer that has been punished, sanctioned and/or disciplined for same. This has occurred as a result of the intimate connection between OPS, the Mayor, and the Chicago Police Department.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 80.

## BRAINMAKER

81.    In 1995, the City of Chicago became aware of the BrainMaker program.

**Answer:**    Defendant John Haleas denies the allegations set forth in paragraph 81.

82.    "BrainMaker" is a software product which can be used as an assistive device to forecast which officers on the police force are potential candidates for misbehavior.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 82.

83.    The Department's Internal Affairs Division used BrainMaker to study 200 officers who had been terminated for disciplinary reasons and developed a database of patterns of characteristics, behaviors and demographics found among the 200 police officers.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 83.

84.    The purpose of this study was to try to predict and/or understand the misbehavior of Chicago Police Officers.

**Answer:**    Defendant John Haleas denies the allegations set forth in paragraph 84 as phrased.

85.    BrainMaker compared current officers against the pattern gleaned from the 200 member control group and produced a list of officers who, by virtue of matching the pattern or sharing questionable characteristics, were deemed to be "at risk."

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 85.

86.    BrainMaker was used to study the records of 12,500 police officers (records that included such information as age, education, sex, race, number of traffic accidents, reports of loss weapons or badges, marital status, performance reports and frequency of sick leaves).

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 86.

87.    The results of the BrainMaker study demonstrated that there was 91 at-risk Chicago Police Officers. Of those 91 people, nearly half were found to be already enrolled in a counseling program founded by the personnel department to help officers that were found to have engaged in acts of misconduct.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 87.

88.    Terry Heckart, a graduate student at Ohio's Bowling Green State University, recommended BrainMaker to UPS and/or the Office of Internal Affairs.

**Answer:**    Defendant John Haleas lacks sufficient information and knowledge to from a belief as to the truth of the allegations set forth in paragraph 88.

89.    Notwithstanding the assistance that BrainMaker provided to the City of Chicago, the City, through its agents, abandoned the project, further demonstrating the inherent difficulty in having the City of Chicago police itself.

**Answer:**    Defendant John Haleas denies the allegations set forth in paragraph 89.

## COUNT I
## §1983 False Arrest

90.    PLAINTIFF re-alleges paragraphs 1-89 as though fully set forth herein.

**Answer:**    Defendant Officer John Haleas re-states his answers to paragraphs 1-89 as and for his answer to paragraph 90.

91.    The actions of the DEFENDANT OFFICER caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICER was in violation of the Fourth Amendment to the United States Constitution.

**Answer:**    Defendant John Haleas denies the allegations set forth in paragraph 91.

92.    The aforementioned actions of the DEFENDANT OFFICER were the direct and proximate cause of the Constitutional violations set forth above.

**Answer:**    Defendant John Haleas denies the allegations set forth in paragraph 92.

WHEREFORE, DEFENDANT, OFFICER JOHN HALEAS prays that this Court enter judgment in his favor and against plaintiff and for any other relief this Court deems equitable and just.

## Count II
## False Arrest-State Claim

93.     PLAINTIFF re-alleges paragraphs 1-89 as though fully set forth herein.

**Answer:**     Defendant Officer John Haleas re-states his answers to paragraphs 1-89 as and for his answer to paragraph 93.

94.     The DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS were in violation of the Constitution to the State of Illinois as well as Illinois law.

**Answer:**     Defendant John Haleas denies the allegations set forth in paragraph 94.

95.     The aforementioned actions of the DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS were the direct and proximate cause of the violations set forth above.

**Answer:**     Defendant John Haleas denies the allegations set forth in paragraph 95.

WHEREFORE, DEFENDANT, OFFICER JOHN HALEAS prays that this Court enter judgment in his favor and against plaintiff and for any other relief this Court deems equitable and just.

## COUNT III
## Malicious Prosecution – State Claim

96.     PLAINTIFF re-alleges paragraphs 1-89 as though fully set forth herein.

**Answer:**     Defendant Officer John Haleas re-states his answers to paragraphs 1-89 as and for his answer to paragraph 96.

97.     The DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

**Answer:**        Defendant John Haleas denies the allegations set forth in paragraph 97.

98.    The DEFENDANT OFFICER engaged in this effort without probable cause.

**Answer:**        Defendant John Haleas denies the allegations set forth in paragraph 98.

99.    The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

**Answer:**        Defendant John Haleas admits that Plaintiff was not found guilty of the charges against him.

100.    The underlying criminal charges were resolved in a manner indicative of innocence.

**Answer:**        Defendant John Haleas denies the allegations set forth in paragraph 100.

101.    The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**Answer:**        Defendant John Haleas denies the allegations set forth in paragraph 101.

WHEREFORE, DEFENDANT, OFFICER JOHN HALEAS prays that this Court enter judgment in his favor and against plaintiff and for any other relief this Court deems equitable and just.

**COUNT IV**
**§1983 Liability of Defendants, Daley**
**Cline, Hillard, Morris and Lightfoot**

102.-107.    Defendant, Officer John Haleas provides no answers to Count IV, as the claims do not pertain to him.   However, to the extent that the allegations pertain to Officer John Haleas, denied.

**COUNT V**
**§1983 Equal Protection – Class of One**

108.    PLAINTIFF re-alleges paragraphs 1-89 as though fully set forth herein.

**Answer:**       Defendant Officer John Haleas re-states his answers to paragraphs 1-89 as and for his answer to paragraph 108.

109.       The actions of THE DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS violated the Equal Protection clause to the United States Constitution.

**Answer:**       Defendant John Haleas denies the allegations set forth in paragraph 109.

110.       The aforementioned actions of said DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**Answer:**       Defendant John Haleas denies the allegations set forth in paragraph 110.

WHEREFORE, DEFENDANT, OFFICER JOHN HALEAS prays that this Court enter judgment in his favor and against plaintiff's putative class members and for any other relief this Court deems equitable and just.

## COUNT VI- *Monell*

111.       Defendant, Officer John Haleas provides no answers to Count VI, as the claims do not pertain to him.   However, to the extent that the allegations pertain to Officer John Haleas, denied.

WHEREFORE, DEFENDANT, OFFICER JOHN HALEAS prays that this Court enter judgment in his favor and against plaintiff's putative class members and for any other relief this Court deems equitable and just.

## COUNT VII
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

112.-114.     Defendant, Officer John Haleas provides no answers to Count VII, as the claims do not pertain to him.   However, to the extent that the allegations pertain to Officer John Haleas, denied.


WHEREFORE, DEFENDANT, OFFICER JOHN HALEAS prays that this Court enter judgment in his favor and against plaintiff and for any other relief this Court deems equitable and just.

## COUNT VIII
### Supplementary Claim for *Respondeat Superior*

115.-116.     Defendant, Officer John Haleas provides no answers to Count VIII, as the claims do not pertain to him.   However, to the extent that the allegations pertain to Officer John Haleas, denied.


WHEREFORE, DEFENDANT, OFFICER JOHN HALEAS prays that this Court enter judgment in his favor and against plaintiff and for any other relief this Court deems equitable and just.

## COUNT IX
### Class Allegation

117.     PLAINTIFF re-alleges paragraphs 1-89 as though fully set forth herein.

**Answer:**     Defendant Officer John Haleas re-states his answers to paragraphs 1-89 as and for his answer to paragraph 117.


118.     The above described seizures and false arrests were undertaken in accordance with a policy of DEFENDANT CITY OF CHICAGO.

**Answer:**     Defendant Officer John Haleas denies the allegations set forth in paragraph 118.

119.     DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS uniformly falsify police reports, fabricated DUI tests results, and/or testified falsely in court to secure arrests and convictions for the CITY OF CHICAGO.

**Answer:**          Defendant Officer John Haleas denies the allegations set forth in paragraph 119.

120.     Plaintiff contends that as a result of DEFENDANT OFFICERS and UNKNOWN CHICAGO POLICE OFFICERS falsifications, he, and others, have been deprived of rights secured by the Fourth and Fourteenth Amendments and have been maliciously prosecuted.

**Answer:**          Defendant Officer John Haleas denies the allegations set forth in paragraph 120.

121.     Plaintiff brings this action individually and for the following sub-classes:

i.     All persons who, at any time on and after one year preceding the filing of this lawsuit until the date of entry of judgment, were detained and/or arrested by DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS as a result of a DUI stop without probable cause.

ii.     All persons who, at any time on and after one year preceding the filing of this lawsuit until the date of entry of judgment, were prosecuted by the DEFENDANT OFFICER and UNKNOWN CHICAGO POLICE OFFICERS based on false testimony, police reports, and/or evidence, i.e. maliciously prosecuted, without probable cause.

**Answer:**          Defendant Officer John Haleas admits that Plaintiff has brought class action claims, but denies that the class claims are meritorious.

122.     Each proposed sub-class satisfies each of the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure and class certification for each sub-class is appropriate under Rule 23(b)(3).

**Answer:**          Defendant Officer John Haleas denies the allegations set forth in paragraph 122.

WHEREFORE, DEFENDANT, OFFICER JOHN HALEAS prays that this Court enter judgment in his favor and against plaintiff's putative class and for any other relief this Court deems equitable and just.

## COUNT X
## RICO Claim

No answers provided as this count was dismissed by the Court's April 25, 2008 Minute

Order.

## AFFIRMATIVE DEFENSES

NOW COMES DEFENDANT, OFFICER JOHN HALEAS, by and through his

attorneys, QUERREY & HARROW, LTD., and without prejudice to the admissions and denials

and other statements made in the pleadings, in the alternative, for his affirmative defenses, states

as follows:

1.     The allegations contained in Plaintiff's pending Complaint fail to state a valid

cause of action upon which relief can be granted.

2.     To the extent that the Defendant was acting in the scope of employment with the

City of Chicago, and under the color of law, Defendant is entitled to qualified immunity.

3.     Defendant did not intentionally or knowingly deprive the Plaintiff of any right

guaranteed them by the United States Constitution or any other statute set forth in Plaintiff's

complaint and all actions of this Defendant was undertaken in good faith and in the performance

of his official duties, and the reasonable belief that his actions were lawful and authorized.

4.     Any injury or damages suffered by the Plaintiff was the result of an independent

intervening cause, and not the result of any alleged actions or omissions of this Defendant.

5.     Plaintiff's state law claim is barred by 745 ILCS 10/2-201 of the Illinois Tort

Immunity Act in that the Defendant was a public employee serving in a position involving the

determination of policy or exercise of discretion at the time of Plaintiff's arrest, thus, Defendant

is not liable for any injuries resulting from an act or omission in determining policy when acting

in the exercise of that discretion, even though abused.

6.    Plaintiff's state law claim is barred by 745 ILCS 10/2-202 of the Illinois Tort Immunity Act in that the Defendant was engaged in the execution or enforcement of the law and their actions did not constitute willful and wanton misconduct.

7.    Plaintiff failed to file said claims within the applicable statute of limitations.

WHEREFORE, DEFENDANT, OFFICER JOHN HALEAS, respectfully requests the Court dismiss Plaintiff's Complaint, with prejudice, and award Defendant his costs associated with defending this action, including attorneys' fees, together with such other and further relief this Court deems just and equitable.

**JURY DEMAND**

Defendant demands a trial by jury.

Respectfully submitted,

Defendant, JOHN HALEAS

By:    /s/ Daniel F. Gallagher
       One of his attorneys

Daniel F. Gallagher, Esq.
Larry Kowalczyk, Esq.
Dominick L. Lanzito, Esq.
QUERREY & HARROW, LTD.
175 West Jackson, Suite 1600
Chicago, Illinois 60604
Phone:        312/540-7000
Fax:          312/540-0578
Document #: 1324259