IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO ALMARAZ, | ) |
|        Plaintiff, | ) |
| v. | ) No. 07 C 6134 |
| OFFICER HALEAS, TERRY HILLARD, LORI LIGHTFOOT, TISA MORRIS, PHILLIP CLINE, UNKNOWN CHICAGO POLICE OFFICERS, MAYOR RICHARD DALEY, and the CITY OF CHICAGO, | ) Judge William Hart<br>) Magistrate Judge Susan Cox |
|        Defendants. | ) |

## DEFENDANT, CITY OF CHICAGO'S. MOTION FOR EXTENSION OF TIME

Defendant, City of Chicago ("City"), by and through its attorney, Terrence M. Burns of Dykema Gossett, moves this Court for an extension of time to respond to Plaintiff's written discovery. In support of it motion, the City states as follows:

1. On May 2, 2008, Plaintiff served written discovery on the City, including Interrogatories, Request for Production of Documents and Request to Admit. The City's responses to Plaintiff's written discovery were due June 2, 2008.

2. Although Plaintiff has asserted that the City's responses to written discovery were due June 1, 2008, June 1, 2008 was a Sunday. Hence, pursuant to Rule 6, the City's responses were due Monday, June 2, 2008. *See* Fed R.Civ.Pro., Rule 6(a)(3).

3. On June 2, 2008, the undersigned counsel directed his office to contact Plaintiff's counsel and request an additional 14 days to respond to written discovery. The additional days were required as the City has yet to receive and review documents necessary to respond to Plaintiff's discovery request.

4. Moreover, the documents that the City has yet to receive are also necessary to respond to Plaintiff's Request to Admit. (Notably, all of the requests in Plaintiff's Request to Admit directed to the City regard Defendant Haleas' arrest of Edward Beck – an individual who, incidentally, is not a party to this litigation.)

5. On June 2, 2008, Plaintiff's counsel stated that he could not extend the City the courtesy of additional time to respond to written discovery, and stated that the courtesy could not be extended because the Court would not allow it.

6. Plaintiff's counsel then, in a voicemail message apparently left on Tuesday, June 3, 2008, stated that Plaintiff could only allow a couple of days extension to the City for its responses, but not beyond that period.

7. The undersigned counsel was out of town on business from the afternoon of Tuesday, June 3, 2008, through June 4, 2008, and did not return to the office until June 5, 2008. The undersigned counsel did not receive Plaintiff's counsel's voicemail message until June 5, 2008.

8. Thus, to the extent Plaintiff counsel requested a telephone conference to discuss the two-day extension, the undersigned counsel had no knowledge that Plaintiff's counsel required or had requested such a conference until June 5, 2008.

9. In any event, assuming that Plaintiff's counsel had extended a two-day courtesy extension to the City, the two day period would have, presumably, included June 5, 2008. Nevertheless, on June 5, 2008 before the close of business, and without consulting with counsel for the City, Plaintiff filed a Motion to Compel.

10. Contrary to Plaintiff's counsel assertion that Plaintiff attempted to resolve a discovery dispute, Plaintiff has simply filed a Motion to Compel without any real discussion of

the reasons the City desired an extension. It is quite disingenuous for Plaintiff's counsel to assert that the parties engaged in any meaningful discussion as required by Rule 37, before filing Plaintiff's Motion to Compel. Moreover, Plaintiff's counsel suggestion of a two-day courtesy extension can hardly be interpreted as a good-faith attempt to resolve discovery issues as required by Rule 37.

11. At this time, in the absence of Plaintiff's counsel's willingness to engage in real discussions as required by Rule 37, and Plaintiff's counsel unwillingness to extend a professional courtesy to the City, the City seeks leave of Court for an extension of time to, of twenty-one days, to serve responses to Plaintiff's discovery requests, including responses to Plaintiff's Request to Admit, Responses to Request to Produce and Answers to Interrogatories.

12. Additionally, since the City has yet to answer Plaintiff's Request to Admit, the City requests, pursuant to Rule 36, that the Request to Admit that may have been deemed admitted are withdrawn. *See* Fed.R.Civ. Pro., Rule 36(b).

WHEREFORE, Defendant, City of Chicago, respectfully requests that this Court grant it an extension of time of twenty-one days, up to and including July 2, 2008, to provide Plaintiff with responses to written discovery.

Dated: June 5, 2008                                     Respectfully submitted,


                                                         By: s/ Gregory L. Lacey
                                                            One of the Attorneys for Defendants,
                                                            CITY OF CHICAGO

- 4 -

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Gregory L. Lacey
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700 (telephone)
(312) 876-1155 (facsimile)

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 5, 2008, I electronically filed the foregoing **Defendant, City of Chicago, Motion for Extension of Time** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Blake Wolfe Horwitz
Horwitz, Richardson & Baker
20 So. Clark Street
Suite 500
Chicago, Illinois  60603
312.676.2100 (phone)
312.372.7076 (fax)

                                                  s/ Gregory L. Lacey (ARDC No. 6239392)
                                                  Gregory L. Lacey

CHICAGO\2456656.1
ID\GLL