IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO ALMARAZ, on behalf of himself and others similarly situated, | |
| Plaintiff, | No. 7 C 6134 |
| v. | JUDGE HART MAGISTRATE JUDGE COX |
| OFFICER HALEAS, TERRY HILLARD, LORI LIGHTFOOT, TISA MORRIS, PHILLIP CLINE and the CITY OF CHICAGO, | |
| Defendants. | |

**MOTION TO COMPEL**

NOW COMES the Plaintiff, by and through the HORWITZ, RICHARDSON & BAKER, LLC., and hereby presents the following motion to compel:

1. This is a 42 U.S.C. § 1983 cause of action where it is alleged that Officer Haleas, a Chicago Police officer, falsified DUI police reports and misrepresented allegations against the instant Plaintiff and others similarly situated.

2. Officer Haleas is presently being criminally prosecuted for falsifying DUI police reports and perjury in connection with another DUI arrest (Exhibit A)[1].

3. Over 150 DUI arrests have been dropped as a result of Officer Haleas being the arresting officer for said prosecutions (Exhibit A).

4. Although filed long before the criminal action, Plaintiff's civil cause parallels the criminal allegations lodged against Haleas.

5. Along with Plaintiff's more traditional § 1983 allegations, he has also lodged a class action and *Monell* claim.  The *Monell* claim alleges, *inter alia,* a custom by

---

[1] Explain Exhibt A

1

officers to (a) cover-up for misconduct, (b) falsely arrest and maliciously

prosecute citizens, (c) engage in a code of silence and (d) follow the misconduct

of other officers who have engaged in heinous acts (Ex. B, paras 28-80).

6.    The class action claim alleges that the instant Plaintiff is similarly situated to

many other individual also illegitimately arrested by officer Haleas (Ex. B, Count

IX).

7.    The above allegations have passed muster after rigorous motion practice pursuant

to Defendants' Motion to Dismiss.

8.    Besides the criminal allegations lodged against Officer Haleas, Haleas has also

had many other problems[2] as a Chicago Police Officer.

9.    Plaintiff has issued discovery requests directed toward, *inter alia*, Defendant's

prior acts of misconduct, DUI procedures and prior arrests.

10.   Plaintiff issued the instant discovery on May 1, 2008[3] and filed a Motion to

Compel on June 5, 2008.  Defendants were ordered to comply in 14 days and

submit objections in 7 days.  Defendant's ultimate compliance was inadequate.

For this reason, Plaintiff filed the instant motion.

11.   Defendant's response are inadequate: their objections are spurious and their

answers inadequate. Plaintiff's discovery requests are as follows:

**Requests to Produce**

I.    The rules from 1999 to 2007 that officers are to follow when arresting
      and/or investigating individuals driving under the influence of alcohol
      (Exhibit C, RTP #1);

---

[2] Plaintiff shall submit a Motion under seal directed toward Officer Haleas' other acts of misconduct. See same for Plaintiff's legal theory directed toward the relevance of Haleas' misconduct.
[3] Plaintiff has issued many other discovery requests.  This Motion only addresses certain requests.

II.  The rules which designate which documents officers are to fill out when performing a DUI stop (Exhibit C, RTP #2);

III. The documents that sworn to (under oath) by officers who perform a DUI arrests (from 2001 to 2007) (Exhibit C, RTP #3);

IV.  Police reports, tickets (etc.) concerning Plaintiffs' counsel's clients (Exhibit C, RTP #5);

### Interrogatories

I.   The names of the individuals that had to be consulted to answer the interrogatories (Exhibit D, Interrogatory #1);

II.  The number of DUI arrests for Officer Haleas from 2000-2008 Exhibit D, Interrogatory #2);

III. The tile of the DUI documents that, when filled out, are sworn to (relative to the facts alleged therein) (Exhibit D, Interrogatory #3);

IV.  Any officers who was aware, at any time, that Officer Haleas had improperly filled out documents which relate to a DUI arreset (Exhibit D, Interrogatory #4);

V.   The names of Officer Haleas' supervisors (Exhibit D, Interrogatory #5);

VI.  The names of individuals interviewed as well as the content of their interviews (Exhibit D, Interrogatory #6);

VII. Individuals aware of the custom, practice and/or policy that Haleas deviated from on 9/30/05 (Exhibit D,7);

VIII. Expert Interrogatory (irrelevant at this point in time);

IX.  Expert Interrogatory (irrelevant at this point in time);

X.   List of cases dropped by the office of the Cook County State's Attorney where Officer Haleas was the reporting/arresting officer (Exhibit D, RTP #10);

XI.  The title of the documents used to arrest an individual for DUI (Exhibit D, #11).

### Spurious Objections

Defendant has submitted many objections to Plaintiff's discovery. These objections serve little or no purpose. Courts have adjudicated objections, similar to the ones at bar and have found said objections to be unsubstantiated and/or frivolous. Plaintiff asks that this Court strike and/or disregard Defendant's objections, as same have been dealt with by other courts. A review of the Defendant's objections, compared to other court decisions is instructive, to wit:

- "not reasonably calculated to lead to the discovery of admissible or relevant evidence" found to be frivolous *Hobley v. Burge*, 2003 WL 22359520, *1 (N.D. Ill. 2003);

- failure to provide an answer, merely stating "unduly burdensome" is inappropriate. *Id.*.

- boilerplate 'irrelevant' and 'not reasonably calculated to lead to discoverable evidence' is "insufficient to voice a successful objection." *Id.* at 2.

- failure to tender documents merely because the underlying theory has yet to be proven is illegitimate - the City's hold out on documents until the underlying constitutional violation was proven is "ill-advised" *Id.*

- "vague, overly broad, unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant evidence," and "protected by the attorney client, work product doctrine or other privilege" is insufficiently vague - the objecting party has the burden to clarify and explain the objections. *In re Aircrash Disaster Near Roselawn, Ind.*, 172 F.R.D. 295, 307 (N.D. Ill. 1997) also see *Hobley v. Burge*, 2003 WL 22359520, *2 (N.D. Ill. 2003) where the court found that boilerplate "vague, ambiguous, overly broad, unduly burdensome, is not reasonably calculated to lead to discovery of admissible evidence and calls for a legal conclusion" are illegitimate objections.

If the City's objections are allowed, it will be very difficult for Plaintiff to know whether the materials have been provided as the objections may stand in the way of

knowing whether a word was misconstrued (legitimately or not). The objections cause nothing but confusion. Notably each and every interrogatory and every request to produce contain objections. Plaintiff asks this Court to strike Defendant's objections.

### Response to Requests to Produce

With regard to request to produce number four, Plaintiff seeks documents regarding the clients who, at Plaintiff's law firm, have been arrested by Officer Haleas. These are all potential class members and all allege (like the criminal allegations) misconduct attributable to officer Haleas. In the request to produce, Plaintiff has represented that each and every individual has retained Horwitz, Richardson & Baker, LLC. Defendant refuses to tender any documentation attributable to said individuals positing that said class is not certified and it is otherwise irrelevant (Exhibit C). Defendants also argue that they need the social security number and date of birth of each individual (not accurate[4]) to tender these documents. Plaintiff asks that this Court order Defendant to tender this information.

### Responses to Interrogatories

Concerning interrogatory number one, Defendant has refused to provide the name of the individuals who had to be consulted. This is relevant for deposition, impeachment and investigative purposes (those who may have information regarding the specifics relative to the interrogatories may have relevant trial information). In *Hobley,* the court ruled that City of Chicago's failure to answer this interrogatory was inadequate. The failure to provide *any answer*, even to the part not objectionable, ignored the Defendant's

---

[4] The City of Chicago is able to procure police reports with the name of the arrestee as well as the date of arrest. This information has been provided (except for a couple of individuals) see exhibit C, request #4.

obligation "to make a reasonable inquiry and answer fully in responding to discovery." *Hobley v. Burge*, 2003 WL 22359520, *1 (N.D. Ill. 2003).

Concerning interrogatory number two, the total number of DUI arrest for Officer Haleas may be relevant as to, *inter alia,* the pattern and practice he engaged in and the number of individuals he may have defrauded. Further, the amount of time it takes to effectuate an arrest (many believe that Haleas simply drafted documents[5], taking short cuts so that he could go back out into the street and pick up another driver) is relevant. To this extent, and others, the number of arrests he engaged in could lead to discoverable information.

Concerning interrogatory number three the title of the documents that officers "swear out" when processing a DUI is relevant as Officer Haleas is being criminally prosecuted for falsifying these documents. Plaintiff alleges that Haleas did the same in the instant cause. Other class members allege the same.

Concerning interrogatory number four, Defendants misrepresents the absence of this information. For example, the Internal Affairs Reports relative to Officer Haleas, demonstrate that there are Chicago Police Officers who are aware that Haleas did improperly fill out documents (argument under seal, Exhibit E).

Concerning interrogatory number five, Defendant argues that it is too difficult to provide information. Defendants have not provided this information (notwithstanding the court order). Common sense dictates otherwise. For example

---

[5] Haleas is specifically being charged with perjury in that he did not correctly perform the "20 minute waiting period" as a condition precedent to breathing into the breathalyzer. State mandates require a 20 minute time observation period (officer watches arrestee for 20 minutes) prior to breathing into the machine that measures alcohol blood levels. The purpose for this is to determine whether the subject ate and/or drank prior to the "blow" and/or whether the subject vomited and/or had gastric rise up through the esophagus. When any of these events occur, the "blow" can become defective as the blood alcohol level can augment or decrease if these events occur.

the simple question can be asked "Who was his supervisor?" to individuals with knowledge.

Concerning interrogatory number six: The city's objection and refusal to answer interrogatory number six is specious. A review of same is self-explanatory.

Concerning interrogatory number seven, the same explanation for interrogatory number four applies to this interrogatory.

With regard to interrogatory number ten, the City states that it does not possess a list of cases that have been dropped by the Cook County State's Attorneys' office. Plaintiff finds this suspect at best. The City can provide what information it has in connection with this matter – this may not be an all inclusive list – but still, it can provide the information it has. Plaintiff seeks to make a record of what he believes to be a disingenuous answer to discovery.

With regard to interrogatory number eleven, Plaintiff asks that Defendants provide an answer (they have tendered documentation, Plaintiff merely asks for the name of the document so that there is no confusion relative to nomenclature).

**Motion to Extend the Discovery Closure Date**

Defendant was ordered to comply with discovery by February 20, 2008 and failed to do so until (Dkt 33). Defendant was to comply with the instant discovery on June 1, 2008 but failed to do so. An order for discovery compliance was entered on June 11, 2008. Defendant has failed to tender proper responses and therefore the need for further Court intervention. Due to the City's non-compliance, Plaintiff will now be seeking a third order of Court relative to discovery compliance.

This Court, May 20, 2008, stayed discovery (Dkt No. 90), as to Officer Haleas. As such, Plaintiff's counsel is not able to ask questions regarding (a) the arrests of the clients he represents, (b) make *Monell* inquiry relative to rules and procedures followed by Haleas, (c) the other misconduct Haleas may have followed, (d) the manner in which Haleas may have followed the edicts of Defendant Kline (police superintendent) (Exhibit A, Complaint)  Without being able to rigorously examine the target Defendant on these issues, Plaintiff's discovery will be highly prejudiced.  Hence, Plaintiff prays for an extension of time to complete discovery.

## LCR 37.2

On June 25, 2008 Counsel for the Plaintiff, Blake Horwitz, spoke to Counsel for the Defendant City of Chicago, Gregory Lacey.  During said conversation (telephonic) Defense counsel stated that he stood on all of objections articulated in the written responses for the City of Chicago.  Said objections have been memorialized in writing (Exhibit C, D, F) and referenced in Blake Horwitz' affidavit, attached hereto (Exhibit G

WHEREFORE, Plaintiff prays that this Court grant Plaintiff's motions (striking objections, ordering full compliance and extending the discovery closure date) and provide other relief just under the circumstances.

Respectfully Submitted,

s/  Blake Horwitz_____
Attorney for the Plaintiff

Horwitz, Richardson, & Baker, LLC.
20 S. Clark Street, Suite 500
Chicago, IL 60603
(312) 676-2100