# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDUARDO ALMARAZ, on behalf of himself and other similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 07 C 6134 |
| v. | ) ) | JUDGE HART |
| OFFICER HALEAS, TISA MORRIS, PHILLIP CLINE and the CITY OF CHICAGO, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## CITY OF CHICAGO'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant, City of Chicago ("City"), by its attorney, Terrence M. Burns of Dykema Gossett PLLC, for its answer to Plaintiff's interrogatories, states as follows:

### OBJECTIONS TO DEFINITIONS

"Custom" means a routine conduct followed by the officers for the Defendant Municipality.

"Practice" means an act done or performed frequently by the police officers of the Defendant Municipality

"Policy" means a written plan or course of action intended to influence the conduct of officers for the Defendant Municipality.

**OBJECTION:** The City objects to the definitions of custom, practice, and policy to the extent they are inconsistent with *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978), and its progeny, and to the extent they are vague and ambiguous.

"Amount of force" is frequently referred to as the Use of Force Continuum, Use of Force Model and/or Use of Force Paradigm. Whatever the terminology, it refers to the amount of force that an officer may use under a particular circumstance, given what he or she is confronted with.

**OBJECTION:** The City objects to the phrase "amount of force" as it is used in these Interrogatories because it fails to take into consideration the use of no force and therefore is vague as used in Plaintiff's requests.

| 2005 | | | | | |
|------|--|--|--|--|--|

**ANSWER:  The City objects to the time frame and scope of this interrogatory as overly broad such that the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

6.    For each individual identified in Defendant(s)' Rule 26(a) Disclosures[4], Category A, or required to be disclosed pursuant to F.R.C.P. 26(a), provide a summary of the discoverable information known by such person and provide the following:

>   a.  if interviewed in connection with this case, the date of the interview;
>   b.  the name and address of the person who conducted the interview;
>   c.  whether a statement as defined by Rule 26(b)(3) was obtained in connection with this case.

**ANSWER:  The City objects to this interrogatory on the grounds that it is vague. The City also objects to this interrogatory to the extent it seeks information protected from disclosure by the by the attorney-client privilege and work product doctrine.**

7.    With regard to the custom, practice and/or written policy of the police department of the Defendant Municipality, please provide the following:

>   a.  Provide the date of arrest and name of arrestee[5] who was subject to an arrest of Officer Haleas, whereupon, on the date of said arrest, Officer Haleas deviated from the custom and/or practice and/or policy of the Chicago Police Department, while said officer interacted with arrestee. By way of clarification, the custom, practice and policy referred to is that which relates to (a) probable cause for arrest and/or (b) proper procedures by which an officer is to arrest, process and investigate an arrestee wherein it is alleged that arrestee has driven a vehicle under the influence of alcohol.

>>      i.  With regard to the above, identify the specific act(s) that officer Haleas engaged in that was inconsistent with said custom, practice and/or written policy of the City of Chicago.
>>      ii.  Further, provide the name of the custom, practice and/or written policy that Officer Haleas deviated from (did not follow) on said date.

---

[4]  If Defendant(s) have not complied with Rule 26, please comply, or alternatively, if this case is pending before a judge and/or jurisdiction where compliance is not obliged, then please provide an answer in this connection pursuant to the Federal Rules of Civil Procedure.

[5]  Use John Doe if privacy issues exist and/or the names are otherwise privileged. If documents regarding this arrest are in the public domain (i.e. criminal allegations filed) then the names should be provided.

b.  Identify the name of the 30(b)(6) witness who is most knowledgeable of the custom and/or practice and/or written policy that Officer Haleas did not follow on as referenced above in this interrogatory.

**ANSWER:    The City objects to this interrogatory as compound, confusing, vague and ambiguous. The City also objects to this interrogatory to the extent it assumes facts not in evidence, calls for a legal conclusion, calls for an expert's opinion, and is premature. Moreover, this interrogatory is overly broad and unduly burdensome as it seeks information on policies and practices having nothing to do with the allegations of plaintiff's complaint. As a result, this interrogatory, as drafted, is incapable of being answered.**

## EXPERT WITNESS INTERROGATORIES (8-9)[6]

8.    State whether this expert witness has served as an expert witness in litigation matters previously, whether as a consultant or testifying expert and/or expert witness. If so, please state:

a.  how many times this expert witness has served as a consultant, how many of the consults were for defendants, the name of each attorney and/or law firm for which this expert witness has consulted for this defendants attorney and/or law firm in the past five years;

b.  how many times this expert witness has served as a testifying expert witness and/or expert either at a deposition or trial, in what capacity, e.g., for the plaintiffs, for the defendants or as a treating physician, the name of each attorney or law firm for which this expert witness has testified for this Defendant's attorney and/or law firm in the past five years;

c.  Number of times the answering Defendant and/or the law firm of the answering Defendant has retained this expert witness.

**ANSWER:    The City objects to this interrogatory on the grounds that it prematurely seeks information regarding expert witnesses and to the extent it seeks information beyond that required by FRCP 26(a)(2). Defendant will disclose discoverable information regarding retained experts at the appropriate time pursuant to Federal Rule 26(e) and relevant Court-ordered Case Management Schedules.**

9.    State the annual income earned by this expert witness for services as an expert witness and/or consultant for the past five years, identify each year specifically, e.g. 1991 - $30,000.00; 1990 - $30.000.00, etc. as well as the income earned by this expert for services as an expert and/or consultant paid directly by the law firm of the answering Defendant.

---

[6]  Only needs to be answered if the answering Defendant has retained an expert.

5

  
**ANSWER:   The City objects to this interrogatory on the grounds that it prematurely seeks information regarding expert witnesses and to the extent it seeks information beyond that required by FRCP 26(a)(2).   Defendant will disclose discoverable information regarding retained experts at the appropriate time pursuant to Federal Rule 26(e) and relevant Court-ordered Case Management Schedules.**

10.    Provide a list of all criminal cases that were dropped[7] by the office of the Cook County State's Attorney wherein Officer Haleas was an arresting officer. Provide the date that said case was dropped.

**ANSWER:   The City objects to this interrogatory on the grounds that the information sought is information in the possession of the Cook County States Attorney Office, a non-party to this litigation.**

11.    Provide the name of any and all active (meaning, in force from 2000-2007) documentation, paperwork, memoranda regarding the proper procedure to be utilized by an officer of the City of Chicago in connection with arresting an individual for driving under the influence of alcohol. If the Defendant(s) are going to tender documents in connection with this interrogatory, please identify the documents so that there is no confusion as to what has been produced.

**ANSWER:   The City objects to this interrogatory on the grounds that it is vague. Specifically, the expressions, "name of any and all active documentation, paperwork, memoranda" and "utilized by an officer of the City of Chicago" are vague and/or not defined.**

Dated: June 18, 2008

Respectfully submitted,

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Gregory L. Lacey
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700 (telephone)
(312) 876-1155 (fax)

One of the Attorneys for Defendant,
CITY OF CHICAGO

---

[7] Meaning *nolle prosequi* and/or Stricken with Leave to Reinstate and otherwise no longer prosecuted.

6