# EXHIBIT F

# DYKEMA

Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606
WWW.DYKEMA.COM

Tel: (312) 876-1700
Fax: (866) 738-9049

**Gregory L. Lacey**
Direct Dial: (312) 627-2252
Email: GLACEY@DYKEMA.COM

June 18, 2008

**VIA FACSIMILE**

Blake Wolfe Horwitz
Horwitz, Richardson & Baker LLC
Two First National Plaza
20 So. Clark Street, Suite 500
Chicago, Illinois 60603

Re: *Almaraz, et al. v. Haleas, et al.*, Case No. 07 CV 6134

Dear Blake:

Enclosed please find, as agreed, the City's legal objections to Plaintiff's Interrogatories and Requests to Produce. As we agreed, the City is only submitting its legal objections to Plaintiff's written discovery requests at this time. We will be providing substantive responses where applicable on or about June 25, 2008. Should you have any questions, please contact me.

Very truly yours,

DYKEMA GOSSETT PLLC

Gregory L. Lacey

cc: Daniel Gallagher

Enclosures

California | Illinois | Michigan | Texas | Washington D.C.

CHICAGO\2453244.1
ID\GLL

# HORWITZ, RICHARDSON & BAKER, LLC

Blake Horwitz, Esq.
Elliot Richardson, Esq.
Sean M. Baker, Esq.

*Of Counsel*
Alexander Sukhman, Esq.

*Associates:*
Tali K. Albukerk, Esq.
Erica E. Faaborg, Esq.
Edward L. Garris, Esq.
Abbas B. Merchant, Esq.
Rachelle M. Sorg, Esq.
Amanda S. Yarusso, Esq.

June 23, 2008

VIA FACSIMILE

Gregory L. Lacey
Daniel Noland
Dykema, Gosset, PLLC
10 S. Wacker Dr., Suite 2300
Chicago, IL 60606
Fax: (866) 738-9049
Fax: (866) 546-2597

Daniel Francis Gallagher
Querrey & Harrow, Ltd.
175 W. Jackson Blvd., Suite 1600
Chicago, IL 60604
Fax: (312) 540-0578

Re:  *Almaraz v. City of Chicago, et al.*, 07 C 6134

Dear Mr. Lacey:

This is a LCR 37.2 letter in connection with your June 18, 2008 objections to discovery. In that regard, I state the following.

**Definitions**
The definitions should stand. The word usage is not objectionable. The words mean to include those concepts which I have a right to select. So, if I choose to call policy "a written plan or course of action intended to influence the conduct of officers", that is my choice. It is not up to you to re-define my definitions. This would make this entire process meaningless as you would be tendering discovery requests to me in my own requests. To be clear, I am not asking you to consider peculiar definitions (i.e. calling a tomato a chicken) but merely using the words as they are defined in common parlance.

**Interrogatory Number 1**

It is axiomatic that I am allowed to know with whom you have spoken so that, *inter alia*, I can depose said individuals and/or learn what they know and determine the diligence of your discovery, see *Taborn v. City of Chicago*, a written opinion by Judge Darah.

**Interrogatory Number 2**
It is obvious that this request is relevant with regard to the pattern and practice undertaken by Officer Haleas as well as the nature and extent of his illegal conduct.

**Interrogatory Number 3**
This case concerns DUIs, to suggest that I should not obtain information concerning DUI's is not logical.

**Interrogatory Number 4**
Those individuals who knew of Haleas' misconduct obviously have relevant knowledge. This information should be tendered.

**Interrogatory Number 5**
See 4 above. Also, supervisors of Haleas may know of his misconduct, proper procedure, have relevant facts regarding his behavior and techniques relative to what amounts to a massive effort on Haleas' part (as alleged) to falsify police reports, charging instruments.

**Interrogatory Number 6**
I have asked the city to comply with the federal rules. I am at a loss to understand the objection.

**Interrogatory Number 7**
The interrogatory is self explanatory and I am at a loss to understand why it is incapable of being answered. Further, the policies and practices referenced in the question are very relevant to the instant cause of action.

**Interrogatory Number 10**
Please ensure in your response to this interrogatory that the City of Chicago does not *also* possess this information (whether someone else possesses something, in this instance, is irrelevant.

**Interrogatory Number 11**
This objection is not made in good faith.

**Requests to Produce**

**Number 1**
The time frame has been established, the objection is unfounded. Have all of the documents been produced?

**Number 2**
The time frame has been established, the objection is unfounded. Have all of the documents been produced?

**Number 3**
The time frame has been established, the objection is unfounded. Produce these documents as requested.

**Number 4**
The information is obviously relevant for the class. The objection is unfounded.

HORWITZ, RICHARDSON & BAKER, LLC.

Blake Horwitz