# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO ALMARAZ, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER HALEAS, TERRY HILLARD, LORI LIGHTFOOT, TISA MORRIS, PHILLIP CLINE and the CITY OF CHICAGO, <br><br> Defendants. | No. 7 C 6134 <br><br> JUDGE HART <br> MAGISTRATE JUDGE COX |

## AFFIDAVIT OF BLAKE HORWITZ

I, Blake Horwitz, being first duly sworn, hereby depose and state the following:

On June 25, 2008, I had the following Local Rule 37.2 conversation with Greg Lacey, defense counsel for the City of Chicago in this matter. I have broken down the conversation into the applicable categories generated by the discovery, as tendered by Plaintiff.

### Discovery Definitions

With regard to the definitions attributable to Plaintiff's discovery, I advised, in writing, that the definitions should stand (Exhibit F, June 23, 2008 Correspondence). Mr. Lacey stated that he stands on his objections (this confirms our writings in this regard as well).

## Interrogatories

Interrogatory Number 1

Mr. Lacey advised that he would not violate the attorney-client privilege by providing this informatoin. I advised that I disagree. We have also exchanged writings in this regard.

Interrogatory Number 2

Mr. Lacey advised that he will only provide information from 2005 to 2007 as that is all that is relevant. I advised that I would like the information for the entire time period requested. We have also exchanged writings in this regard.

Interrogatory Number 3

Mr. Lacey stated that my use of terms in the request was inappropriate. He also submitted other boilerplate objections. He stated that he will provide me the documents. We have also exchanged writings in this regard.

Interrogatory Number 4

Mr. Lacey states that he does not have information regarding any individuals that are responsive to this interrogatory. I advised that I would like him to remove the objections. He disagreed. We have also exchanged writings in this regard.

Interrogatory Number 5

Mr. Lacey states that this interrogatory is overbroad as it is too difficult to discern all the various officers that may have supervised Officer Haleas for various time periods. I indicated that if there was a short term change (i.e. one night, one week) there was no need to provide the name of the supervisor for that time period. I also advised that I have represented police officers and am very familiar with the process and he can simply ask someone, "Who was the supervisor for Haleas?", during the relevant time period *and* that person can provide an answer. I advised

him that the mere fact that there can be minutia (i.e. a shift change on a given day) does take away the obvious. I asked that that the time periods be reduced to no less then three month intervals (supervisors for no less then 3 month intervals) and he agreed to undertake this investigation.

Mr. Lacey also stated that he will only provide information for 2005 to 2007 and I advised that I stood on my request for the entire time period. We have also exchanged writings in this regard.

Interrogatory Number 6

Mr. Lacey indicated that they will not remove the objections. I asked him to comply with the rules and he stands on his objection. We have also exchanged writings in this regard.

Interrogatory Number 7

Mr. Lacey indicated that he is standing on his objection. We have also exchanged writings in this regard.

Interrogatory Number 10

Mr. Lacey indicated that the City does not possess a list. I asked Mr. Lacey to confirm that the City has undertaken a reasonable inquiry in this regard. I find this answer disingenuous as he was asked to provide a list - not look for a "the list". We have also exchanged writings in this regard.

Interrogatory Number 11

Mr. Lacey indicated that the City stands by this objection. We have also exchanged writings in this regard.

**Requests to Produce**

Number 1

Mr. Lacey indicated that the City stands by this objection. We have also exchanged writings in this regard.

Number 2

Mr. Lacey indicated that the City stands by this objection. We have also exchanged writings in this regard.

Number 3

Mr. Lacey indicated that the City stands by this objection. We have also exchanged writings in this regard.

Number 4

Mr. Lacey indicated that the City stands by this objection. We have also exchanged writings in this regard. Further, Mr. Lacey stated that he is unable to secure the information without knowing the date of birth and social security number of the arrestee and, regardless, the City will not produce the information. He understands that I represent these individuals, but, Mr. Lacey stated that given the fact that the class is not certified, he refuses to produce the information. He stated that he would produce a sampling of individuals. He also states that I should obtain the information from my clients. Given the obvious relevance of discovery relative to these individuals, I did not feel that our conversation was very productive and discontinued our conversation on this score.

Further Affiant sayeth not

_____
Blake Horwitz

6/30/08
Date

SUBSCRIBED AND SWORN to
before me this 30th day
of June 2008.

_____
Notary Public

OFFICIAL SEAL
ERICA ADAME
NOTARY PUBLIC
STATE OF ILLINOIS
MY COMMISSION EXP. 02/21/1