# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO ALMARAZ, on behalf of himself and other similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) OFFICER HALEAS, TISA MORRIS, PHILLIP CLINE and the CITY OF CHICAGO, ) ) ) ) Defendants. ) ) ) | No. 07 C 6134 <br><br> JUDGE HART |

## CITY OF CHICAGO'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant, City of Chicago ("City"), by its attorney, Terrence M. Burns of Dykema Gossett PLLC, for its answer to Plaintiff's interrogatories, states as follows:

### OBJECTIONS TO DEFINITIONS

"Custom" means a routine conduct followed by the officers for the Defendant Municipality.

"Practice" means an act done or performed frequently by the police officers of the Defendant Municipality

"Policy" means a written plan or course of action intended to influence the conduct of officers for the Defendant Municipality.

**OBJECTION:** The City objects to the definitions of custom, practice, and policy to the extent they are inconsistent with *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978), and its progeny, and to the extent they are vague and ambiguous.

"Amount of force" is frequently referred to as the Use of Force Continuum, Use of Force Model and/or Use of Force Paradigm. Whatever the terminology, it refers to the amount of force that an officer may use under a particular circumstance, given what he or she is confronted with.

**OBJECTION:** The City objects to the phrase "amount of force" as it is used in these Interrogatories because it fails to take into consideration the use of no force and therefore is vague as used in Plaintiff's requests.

"Abuse of Authority" – refers to the misuse of the power of the office of a police officer. Where a police officer uses his power and/or authority as a police officer to cause and event to occur, this is considered "abuse of authority."

**OBJECTION:** The City objects to this definition as the phrase "to cause an event to occur," which is included in the second sentence, is vague and ambiguous and would extend the definition of "abuse of authority" to each as every act committed by a police officer during the course of his or her duty.

## PRELIMINARY STATEMENT

The City's investigation and efforts to secure responsive documentation, upon which its answers to interrogatories are and will be based, is ongoing at this time. Defendant City will seasonably supplement its responses to interrogatories in the event additional documents or information is located at a later date as required by the Federal Rules of Civil Procedure.

1. State the name and address of the individuals who had to be consulted for the purpose of answering these interrogatories as well as the Defendant who is answering.

**ANSWER:** The City objects to this interrogatory's demand that it identify the individuals who had to be consulted for the purpose of answering these interrogatories as said request imposes burdens outside those required by the federal rules, would be unduly burdensome, and would violate the work product privilege.

2. For the years 2000-2008, identify the number of arrests that Officer Haleas has engaged in, wherein at least one of the allegations of the arrest concerned driving under the influence of alcohol.

| Year | Number of Arrests |
|------|-------------------|
| 2001 |                   |
| 2002 |                   |
| 2003 |                   |

**ANSWER:** The City objects to this interrogatory as overly broad, unduly burdensome, and because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3. Identify the title of all documents, used during a DUI arrest, traffic stop[1], which are filled out by a Chicago Police Officer, which, when filled out, are sworn to, under oath, by

---

[1] For purposes of clarification, a DUI stop/arrests refers to a situation where an individual has

said officer. The documents which relate to this request are those which were used by Chicago Police Officers during the following time period: 2000-2007.

> **ANSWER:** The City objects to this interrogatory on the grounds that it is vague and that the expression, "used during a DUI arrest, traffic stop," is undefined. The City also objects to the time frame of this interrogatory as overly broad such that the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.  Identify the name of each officer for the City of Chicago that was aware, at any time, that officer Haleas had at some time, improperly filled out documents which relate to the arrest of a civilian for purportedly driving under the influence of alcohol[2]. Provide the rank, name and present district of employment of said officer.

> **ANSWER:** The City objects to this interrogatory on the grounds that it is vague and ambiguous. The City also objects to the time frame and scope of this interrogatory as overly broad such that the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, the City objects to this interrogatory to the extent that it calls for a legal conclusion and speculation.

5.  Provide the name, rank, star number, and district of employ of all supervisors[3] for Officer Haleas from 1/1/00 to 12/31/07. For example, the following ranks are being requested: sergeant, lieutenant, captain and/or watch commander.

| 2001 | Name | Star Number | District | Rank |
|---|---|---|---|---|
| 2001 | | | | |
| | | | | |
| 2002 | | | | |
| | | | | |
| 2003 | | | | |
| | | | | |
| 2004 | | | | |
| | | | | |

---

been stopped and formally arrested for driving under the influence of alcohol pursuant to Illinois law.

[2] Recognizing that there are several documents that are filled out when an officer seeks to generate documents regarding driving under the influence of alcohol (police report, tickets, etc...) Plaintiff has used the term "documents" to refer to these type of documents. This was done as opposed to itemizing each and every document that can exist which relates to an arrest for DUI.

[3] Regardless of their supervisory capacity (i.e. lieutenant, sergeant, commander, etc.)

| 2005 | | | | |
|---|---|---|---|---|

**ANSWER:** The City objects to the time frame and scope of this interrogatory as overly broad such that the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6. For each individual identified in Defendant(s)' Rule 26(a) Disclosures[4], Category A, or required to be disclosed pursuant to F.R.C.P. 26(a), provide a summary of the discoverable information known by such person and provide the following:

   a. if interviewed in connection with this case, the date of the interview;
   b. the name and address of the person who conducted the interview;
   c. whether a statement as defined by Rule 26(b)(3) was obtained in connection with this case.

**ANSWER:** The City objects to this interrogatory on the grounds that it is vague. The City also objects to this interrogatory to the extent it seeks information protected from disclosure by the by the attorney-client privilege and work product doctrine.

7. With regard to the custom, practice and/or written policy of the police department of the Defendant Municipality, please provide the following:

   a. Provide the date of arrest and name of arrestee[5] who was subject to an arrest of Officer Haleas, whereupon, on the date of said arrest, Officer Haleas deviated from the custom and/or practice and/or policy of the Chicago Police Department, while said officer interacted with arrestee. By way of clarification, the custom, practice and policy referred to is that which relates to (a) probable cause for arrest and/or (b) proper procedures by which an officer is to arrest, process and investigate an arrestee wherein it is alleged that arrestee has driven a vehicle under the influence of alcohol.

      i. With regard to the above, identify the specific act(s) that officer Haleas engaged in that was inconsistent with said custom, practice and/or written policy of the City of Chicago.
      ii. Further, provide the name of the custom, practice and/or written policy that Officer Haleas deviated from (did not follow) on said date.

---

[4] If Defendant(s) have not complied with Rule 26, please comply, or alternatively, if this case is pending before a judge and/or jurisdiction where compliance is not obliged, then please provide an answer in this connection pursuant to the Federal Rules of Civil Procedure.

[5] Use John Doe if privacy issues exist and/or the names are otherwise privileged. If documents regarding this arrest are in the public domain (i.e. criminal allegations filed) then the names should be provided.

4

  b. Identify the name of the 30(b)(6) witness who is most knowledgeable of the custom and/or practice and/or written policy that Officer Haleas did not follow on as referenced above in this interrogatory.

ANSWER: **The City objects to this interrogatory as compound, confusing, vague and ambiguous. The City also objects to this interrogatory to the extent it assumes facts not in evidence, calls for a legal conclusion, calls for an expert's opinion, and is premature. Moreover, this interrogatory is overly broad and unduly burdensome as it seeks information on policies and practices having nothing to do with the allegations of plaintiff's complaint. As a result, this interrogatory, as drafted, is incapable of being answered.**

## EXPERT WITNESS INTERROGATORIES (8-9)[6]

8. State whether this expert witness has served as an expert witness in litigation matters previously, whether as a consultant or testifying expert and/or expert witness. If so, please state:

  a. how many times this expert witness has served as a consultant, how many of the consults were for defendants, the name of each attorney and/or law firm for which this expert witness has consulted for this defendants attorney and/or law firm in the past five years;

  b. how many times this expert witness has served as a testifying expert witness and/or expert either at a deposition or trial, in what capacity, e.g., for the plaintiffs, for the defendants or as a treating physician, the name of each attorney or law firm for which this expert witness has testified for this Defendant's attorney and/or law firm in the past five years;

  c. Number of times the answering Defendant and/or the law firm of the answering Defendant has retained this expert witness.

ANSWER: **The City objects to this interrogatory on the grounds that it prematurely seeks information regarding expert witnesses and to the extent it seeks information beyond that required by FRCP 26(a)(2). Defendant will disclose discoverable information regarding retained experts at the appropriate time pursuant to Federal Rule 26(e) and relevant Court-ordered Case Management Schedules.**

9. State the annual income earned by this expert witness for services as an expert witness and/or consultant for the past five years, identify each year specifically, e.g. 1991 - $30,000.00; 1990 - $30,000.00, etc. as well as the income earned by this expert for services as an expert and/or consultant paid directly by the law firm of the answering Defendant.

---

[6] Only needs to be answered if the answering Defendant has retained an expert.

ANSWER: The City objects to this interrogatory on the grounds that it prematurely seeks information regarding expert witnesses and to the extent it seeks information beyond that required by FRCP 26(a)(2). Defendant will disclose discoverable information regarding retained experts at the appropriate time pursuant to Federal Rule 26(e) and relevant Court-ordered Case Management Schedules.

10. Provide a list of all criminal cases that were dropped[7] by the office of the Cook County State's Attorney wherein Officer Haleas was an arresting officer. Provide the date that said case was dropped.

ANSWER: The City objects to this interrogatory on the grounds that the information sought is information in the possession of the Cook County States Attorney Office, a non-party to this litigation.

11. Provide the name of any and all active (meaning, in force from 2000-2007) documentation, paperwork, memoranda regarding the proper procedure to be utilized by an officer of the City of Chicago in connection with arresting an individual for driving under the influence of alcohol. If the Defendant(s) are going to tender documents in connection with this interrogatory, please identify the documents so that there is no confusion as to what has been produced.

ANSWER: The City objects to this interrogatory on the grounds that it is vague. Specifically, the expressions, "name of any and all active documentation, paperwork, memoranda" and "utilized by an officer of the City of Chicago" are vague and/or not defined.

Dated: June 18, 2008

Respectfully submitted,

_____
One of the Attorneys for Defendant,
CITY OF CHICAGO

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Gregory L. Lacey
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700 (telephone)
(312) 876-1155 (fax)

---

[7] Meaning *nolle prosequi* and/or Stricken with Leave to Reinstate and otherwise no longer prosecuted.

6