IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO ALMARAZ, on behalf of himself and other similarly situated, | ) ) ) |
| Plaintiff, | ) ) No. 07 C 6134 |
| v. | ) ) JUDGE HART |
| OFFICER HALEAS, TISA MORRIS, PHILLIP CLINE and the CITY OF CHICAGO, | ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANT CITY OF CHICAGO'S MOTION TO BIFURCATE
§ 1983 CLAIMS AND TO STAY DISCOVERY AND TRIAL ON THOSE CLAIMS**

Pursuant to Fed.R.Civ.P. 42(b), defendant City of Chicago moves this court to (1) bifurcate plaintiff's § 1983 claims against it, and (2) stay discovery and trial on those claims. In support, the City states:

1.   Plaintiff, Eduardo Almaraz, ("Plaintiff") has filed a First Corrected Amended Complaint against defendants City of Chicago, Phil Cline, Tisa Morris (former chief administrator of OPS), and individual police officer John Haleas, alleging constitutional violations pursuant to 42 U.S.C. § 1983. (*See* Dkt. 63) Plaintiff alleges the individual defendant officer violated his due process and equal protection under the Fourteenth Amendment, and falsely arrested plaintiff in violation of the Fourth Amendment. Against the City, plaintiff brings various claims under *Monell v. Department of Social Services of the City of New York*,[1] alleging

---

[1] 436 U.S. 658 (1978).

certain municipal customs, policies, and practices caused these alleged constitutional violations. Plaintiff also asserts state law claims against all defendants.

2.  While the allegations in the complaint as to what allegedly transpired are vague, plaintiff alleges the incident arises from an allegedly false arrest of plaintiff by the individual defendant officer on January 29, 2007.

3.  Pursuant to Rule 42(b), the City moves this court (1) to bifurcate the *Monell* claims against the City from the constitutional claims and state claims against the individual officer and other defendants, and (2) to stay discovery and postpone trial on the *Monell* claims until the resolution of all claims against the individual officer and other defendants.[2]  District courts have broad discretion in ordering the bifurcation of a plaintiff's claims, as part of their inherent power to control their docket.[3]

4.  Rule 42(b) allows district courts to separate the trial of any issue, if separation is warranted "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." "Only one of these criteria need be satisfied for a court to order a separate trial."[4]

5.  Here, bifurcation of the *Monell* claims best serves the interests identified in Rule 42(b) of avoidance of prejudice, convenience, expedition, and economy.  Such action by the court allows the City to avoid potentially unnecessary discovery and litigation costs should plaintiffs fail to establish a constitutional violation and thus as a matter of law be unable to prove any *Monell* violation.[5]  These costs primarily take the form of producing thousands of

---

[2] This matter has been stayed as to Officer John Haleas (Dkt. 90).  The other individual defendants – Philip Cline and Tisa Morris – have only been sued in their capacities as municipal officials.

[3] *See Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000).

[4] *Berry v. Deloney*, 28 F.3d 604, 610 (7th Cir. 1994).

[5] *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

documents, producing Rule 30(b)(6) witnesses for deposition, and retaining and defending against expert witnesses. The undue burden of being subjected to such discovery is all the more transparent when one recognizes that litigation of plaintiff's *Monell* claims ultimately may be unnecessary and the litigation may be expedited.[6]

6.      In addition, plaintiff's allegations involve a single incident,[7] so bifurcation of the *Monell* claims from the claims against the individual officer and other defendants will protect the individual officer from the possible prejudice of introducing at trial broader and extraneous evidence regarding the multiple municipal customs, policies, and practices that plaintiff alleges are deficient.[8] Bifurcating the *Monell* claims at this stage of the litigation, and concomitantly staying discovery relating to these claims, thereby (1) protects the interest of the City in eliminating potentially unnecessary litigation expenses, (2) avoids prejudice to the individual defendants, and (3) protects plaintiff's interests in expediting trial of his constitutional claims against the individual officer and other defendants without foreclosing unnecessarily the opportunity to establish the City's liability on the *Monell* claims.

---

[6] Notably, plaintiff has already commenced the type of written discovery on *Monell* issues that should be stayed pursuant to Rule 42(b). *See* some of Plaintiff's *Monell* discovery (attached as Ex. A).

[7] The City notes that the Stipulation to Entry of Judgment supporting this motion and attached hereto as Exhibit B applies only to Plaintiff, Eduardo Almaraz, individually, and not as a representative of a class. As explained by the City at the hearing on July 2, 2008, it is the City's position that plaintiff's complaint is not appropriate for class treatment.

[8] As previously discussed in the City's Motion to Dismiss Count VI of plaintiff's amended complaint (Dkt. 35) plaintiff's *Monell* claim consists of generalized allegations of unrelated misconduct against various members and units of the Chicago Police Department dating back 25 years. (Dkt. 30, 63 at ¶¶ 31-89 and Count VI.) In essence, plaintiff claims he was subjected to an illegal arrest for DUI on January 29, 2007, due to a practice of general "lawlessness" at the Chicago Police Department. Rather than connect an alleged illegal policy to this case, plaintiff's policy and practice claim is based upon a myriad of unrelated incidents such as Special Operations Section ("SOS") misconduct, miscellaneous allegations against convicted and/or indicted former Chicago police officers (Officers Flagg, Black, Jones, and Haynes), alleged 1980's Area 2 torture, the alleged non-independence of OPS, and BrainMaker.

7.      Further, granting this motion promotes judicial economy, and thus protects this Court's interests.  Bifurcation of the *Monell* claims eliminates the need for (1) extensive judicial intervention in discovery disputes, (2) ruling on an inevitable summary judgment motion on the *Monell* claims, and (3) if the City's dispositive motions are denied, presiding over a lengthy and legally and factually complex trial during which all of plaintiff's claims will be presented simultaneously to a jury.  The Seventh Circuit in *Treece v. Hochstetler* explicitly endorsed bifurcation as a means to avoid "the waste of the valuable time and resources of the court," as well as of serving the interests furthered by Rule 42(b).[9]

8.      Finally, bifurcation and a stay of discovery and trial as to plaintiff's *Monell* claims do not affect plaintiff's recovery of any compensatory damages that a jury may award them. Insofar as the individual defendant officer was acting within the scope of his employment during his sole encounter with plaintiff, the City has both a statutory and a contractual obligation to indemnify the defendant officers for any judgment against him,[10] while as a matter of law, plaintiff is not entitled to recover any additional compensatory damages if he prevails against the City on his *Monell* claims after a finding of liability against the individual defendants.[11]

---

[9] 213 F.3d 360, 365 (7th Cir. 2000).

[10] *See, e.g.,* 735 ILCS 10/9-102.  At the hearing before this Court on July 2, 2008, plaintiff contended that there is an issue with respect to the City's motion to bifurcate *Monell* claims as to scope of employment. Plaintiff's argument reflects a disingenuous effort to mislead the Court about the effect of the City's Stipulation.  The City's Stipulation and Motion to Bifurcate *Monell* claims relate to the City's consent to judgment directly against it if the jury finds that any City employee violated plaintiff's constitutional rights as alleged in the Complaint.  Scope of employment, in contrast, relates to the City's obligation under state law to pay a judgment entered against an individual defendant.  The revised Stipulation could not be clearer:  The City agrees to entry of **judgment directly against it**. (Exhibit B at ¶ 3.)  There is no reason for or basis to discuss scope of employment as a judgment would be entered directly against the City if a constitutional violation is proved as alleged in the Complaint.

[11] *See Spanish Action Committee of Chicago v. City of Chicago*, 766 F.2d 315, 321 (7th Cir. 1985).

4

However, although litigation of plaintiff's *Monell* claims provides no monetary windfall to plaintiff, such litigation does generate often substantial attorney fees under § 1983 that accrue solely to plaintiff's counsel and not to plaintiff himself. Hence, promoting litigation economy by the elimination of such fees is another reason for this court to grant the City's motion.[12]

9. Accordingly, the City asks this court to (1) bifurcate plaintiff's § 1983 claims against defendant City of Chicago, pursuant to Rule 42(b); and (2) stay both discovery and trial on those claims.[13]

---

[12] In *Moore v. City of Chicago*, Judge Moran, in his opinion granting the City of Chicago summary judgment on plaintiff's *Monell* claims, ratified many of the City's arguments in support of bifurcation presented in text:

> . . . we are often unsure of the impetus behind alleging *Monell* claims in cases such as this one. . . . claims of municipal liability require an extensive amount of work on the part of plaintiff's attorneys and experts, and an extraordinary amount of money must be spent in order to prepare and prove them. But to what end? If the plaintiff prevails against the officer on a § 1983 claim, he or she is not likely to want or need to proceed any further, at least in this district and state. An Illinois statute directs local governments to pay tort judgments for compensatory damages for which its employees are liable; the Seventh Circuit has held that this statute permits the § 1983 plaintiff to bring a claim directly against the municipality and obtain a judgment requiring the municipality to pay the amount due to the plaintiff from the officer. Nor do we believe the municipality is more likely to be sued in its own capacity give that *Monell* claims rarely make it to trial. Furthermore, even if the city is found liable, punitive damages are not an available remedy.

2007 WL 3037121 at *9 (N.D.Ill. October 15, 2007).

[13] In support of its motion, the City of Chicago directs this court to the following opinions in the Northern District of Illinois granting or otherwise affirming the City's Motion to Bifurcate § 1983 Claims and Stay Discovery and Trial on Those Claims: *Elrod v. City of Chicago*, 06 C 2505 (Soat Brown, J.); *Simmons v. City of Chicago*, 04 C 3742 (Mason, J.); *Butko v. City of Chicago*, 07 C 4207 (Guzman, J.); *Abner v. City of Chicago*, 07 C 5773 (same); *Mosby v. O'Connor*, 07 C 3248 (same); *Parker v. Barner*, 05 C 6378 (Zagel, J.); *Booker v. City of Chicago*, 04 C 6371 ("Report and Recommendation") (Keys, J.); *Booker v. City of Chicago* (adoption of Judge Keys's recommendation to bifurcate trial and discovery relating to plaintiff's *Monell* claims) (Filip, J.); *Hernandez v. City of Chicago*, 06 C 6998 (Conlon, J.); *Hill v. City of Chicago*, 06 C 6772 (St. Eve, J.); *Bailey v. City of Chicago*, 07 C 204 (Conlon, J.); *Ferrell v. Soto*, 06 C 5382 (St. Eve, J.); *Paine v. City of Chicago*, 06 C 3173 (Valdez, J.); *Coffie v. City of Chicago*, 05 C 6745 (Holderman, C.J.); and *Patterson v. Burge*, 03 C 4433 (Gottschall, J.). The City will provide these decisions to this Court with its courtesy copy of this motion.

        Respectfully submitted,

        s/ Daniel M. Noland

| | |
|---|---|
| Terrence M. Burns | One of the Attorneys for Defendant, |
| Paul A. Michalik | City of Chicago |
| Daniel M. Noland | |
| Gregory L. Lacey | |
| Dykema Gossett PLLC | |
| 10 South Wacker Drive | |
| Suite 2300 | |
| Chicago, Illinois  60606 | |
| (312) 876-1700 | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2008, I electronically filed the foregoing **Motion to Bifurcate § 1983 Claims and to Stay Discovery and Trial on Those Claims** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

| | |
|---|---|
| Blake Wolfe Horwitz | Daniel F. Gallagher, Esq. |
| Horwitz, Richardson & Baker LLC | Querrey & Harrow, Ltd. |
| Two First National Plaza | 175 W. Jackson Blvd. |
| 20 So. Clark Street, Suite 500 | Suite 1600 |
| Chicago, Illinois  60603 | Chicago, Illinois  60604-2827 |

s/ Daniel Noland

CHICAGO\2465082.2
ID\GLL