# A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO ALMARAZ, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER HALEAS, TERRY HILLARD, LORI LIGHTFOOT, TISA MORRIS, PHILLIP CLINE, MAYOR RICHARD DALEY, and the CITY OF CHICAGO, <br><br> Defendants. | No. 7 C 6134 <br><br> JUDGE HART |

## PLAINTIFF'S SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES the Plaintiff, by and through his attorneys, HORWITZ, RICHARDSON & BAKER, LLC., and propounds the following Supplemental Request for Production of Documents to be responded to by each Defendant within thirty days.

### Instructions:

1. Where a party seeks to refrain from production by tendering documents directly to Plaintiff(s)' counsel, please send the documents to Aloha Document Service (and/or ask for pick up), located at 55 E. Jackson Blvd., S-310, Chicago, IL 60604, Phone: 312-542-1300. Please do not wait for Plaintiff(s)' counsel to request these records, please simply call this service for reproduction.

2. Where multiple items are requested, for example "documents, video, photographs and audio recordings," Plaintiff(s) is asking for the production of all items of any category which apply. So, for example, if the responding Defendant only possesses documents and not photographs, then the documents should be produced. The mere fact that a responding party may possess only one item of the categories requested, does not mean that the responding party can properly refuse to tender a response (albeit partial, rather than complete).

### Definitions:

"Custom" means routine conduct followed by the officers for the Defendant Municipality.

"Practice" means an act done or performed frequently by the police officers of the Defendant Municipality.

"Policy" means a written plan or course of action intended to influence the conduct of officers for the Defendant Municipality.

"Video" refers to any type of moving picture medium, for example (but not limited to), DVD, VHS, digital video, streaming video, intranet streaming video, film, mini-cassette recordings, electronic capture of images, or digital images.

"Documents" and/or "documentation" refers to any documents that are in paper form and/or electronic form (including computer hard drive, computer back-ups, and/or e-mails).

"Photograph(s)" includes any type of photographic reproduction found on any medium, including, but not limited to, any type of computer hard drive, back-up drive, back-up system, e-mail system, internet and/or intranet system, paper and/or photographic paper, digital camera or other digital medium, removable hard drive/data source, DVD and/or CD.

> Instructions for reproduction of photographs: If photographs are retained in a computer of the Defendant Municipality or otherwise retained electronically or digitally, please tender the digital photograph, copied at its highest resolution in electronic form (for example, on a CD or DVD). Usually, a ".bmp" or bitmap format works to copy the digital photograph at its highest resolution. Further, tender any negatives that may exist of any photographs taken of any individuals (witnesses, Plaintiffs, Defendants) to this cause.

"Abuse of Authority" – refers to the misuse of the power of the office of a police officer. Where a police officer uses his power and/or authority as a police officer to cause an event to occur, this is considered "abuse of authority".

"Police Reports" – refers to any documents generated by a Chicago Police Officer when effectuating an arrest and/or documenting criminal and/or potentially criminal activity, including supplemental reports, case reports, and/or arrest reports.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND/OR THINGS:

## MONELL DISCOVERY REQUESTS:

1. Produce any and all types of documents (see definitions, *supra*) you possess concerning any criminal charges, lawsuits, complaints and/or internal investigations brought against any police officer for the Defendant Municipality, alleging false allegations contained within police reports. The relevant period of time for this

request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

2. Produce any and all types of recording (*e.g.* video, audio) you possess concerning any criminal charges, lawsuits, complaints and/or internal investigations brought against any police officer for the Defendant Municipality, alleging false allegations contained within police reports. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

3. Any and all documentation and/or video regarding the existence of internal administrative procedures designed to prevent and deal with instances of false allegations contained within police reports. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

4. Produce any and all types of documents (see definitions, *supra*) you possess concerning any criminal charges, lawsuits, complaints and/or internal investigations brought against any police officer for the Defendant Municipality, alleging false arrest. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

5. Produce any and all types of recording (*e.g.* video, audio) you possess concerning any criminal charges, lawsuits, complaints and/or internal investigations brought against any police officer for the Defendant Municipality, alleging false arrest. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

6. Any and all documentation and/or video regarding the existence of internal administrative procedures designed to prevent and deal with instances of false arrest.

The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

7. Produce any and all types of documents (see definitions, *supra*) you possess concerning any criminal charges, lawsuits, complaints and/or internal investigations brought against any police officer for the Defendant Municipality, alleging false information contained within a traffic ticket (including DUI tickets). The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

8. Produce any and all types of recording (*e.g.* video, audio) you possess concerning any criminal charges, lawsuits, complaints and/or internal investigations brought against any police officer for the Defendant Municipality, alleging false information contained within a traffic ticket (including DUI tickets). The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

9. Any and all documentation and/or video regarding the existence of internal administrative procedures designed to prevent and deal with instances of falsifying information contained within a traffic ticket (including DUI tickets). *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

10. Produce any and all types of documents (see definitions, *supra*) you possess concerning any criminal charges, lawsuits, complaints and/or internal investigations brought against any police officer for the Defendant Municipality, alleging false allegations contained within criminal complaints. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

11. Produce any and all types of recording (*e.g.* video, audio) you possess concerning any criminal charges, lawsuits, complaints and/or internal investigations brought against

any police officer for the Defendant Municipality, alleging false allegations contained within criminal complaints. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

12. Any and all documentation and/or video regarding the existence of internal administrative procedures designed to prevent and deal with instances of falsifying information contained within criminal complaints. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

13. Produce any and all types of documents (see definitions, *supra*) you possess concerning any criminal charges, lawsuits, complaints and/or internal investigations brought against any police officer for the Defendant Municipality, alleging malicious prosecution. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

14. Produce any and all types of recording (*e.g.* video, audio) you possess concerning any criminal charges, lawsuits, complaints and/or internal investigations brought against any police officer for the Defendant Municipality, alleging malicious prosecution. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

15. Any and all documentation and/or video regarding the existence of internal administrative procedures designed to prevent and deal with instances of malicious prosecution by police officers. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

16. With regard to the custom, practice, and/or written policy of the police department of the Defendant Municipality, please provide the following:

a. any documentation which relates to any custom, practice, and/or written policy, that Defendant Officer Haleas deviated from (did not follow) on April 9, 2005.

b. any documentation which relates to any custom, practice, and/or written policy that Defendant Officer Haleas followed on April 9, 2005.

17. Tender any and all documents, video, photographs and audio recordings which concern situations where police officers for the Defendant Municipality have received a sustained finding pursuant to an internal investigation of the municipality in connection with false allegations contained within police reports. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

18. Tender any and all documents, video, photographs and audio recordings which concern situations where police officers for the Defendant Municipality have received a sustained finding pursuant to an internal investigation of the municipality in connection with false arrests. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

19. Tender any and all documents, video, photographs and audio recordings which concern situations where police officers for the Defendant Municipality have received a sustained finding pursuant to an internal investigation of the municipality in connection with false information contained within a traffic ticket (including DUI tickets). The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

20. Tender any and all documents, video, photographs and audio recordings which concern situations where police officers for the Defendant Municipality have received a sustained finding pursuant to an internal investigation of the municipality in connection with false allegations contained within criminal complaints. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

21. Tender any and all documents, video, photographs and audio recordings which concern situations where police officers for the Defendant Municipality have received a sustained finding pursuant to an internal investigation of the municipality in connection with an officer maliciously prosecuting an individual. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

22. Provide a complaint history for each and every defendant officer.

23. Tender any and all documents, video, photographs, audio recordings that concern situations where police officers for the Defendant Municipality arrest fellow officers for the commission of a criminal offense(s). The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

24. Tender any and all documents, video, photographs, audio recordings that concern situations where it is alleged that police officers for the Defendant Municipality try to avoid and/or have avoided arresting fellow officers for the commission of a criminal offense(s). The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

25. Tender any and all documents, video, photographs, audio recordings that concern situations where police officers for the Defendant Municipality have been disciplined and/or sanctioned for not arresting fellow officers for the commission of a criminal offense(s). The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

26. Tender any and all documents, video, photographs, audio recordings that concern situations where police officers for the Defendant Municipality have received a sustained finding pursuant to an internal investigation of the municipality for not arresting fellow officers for the commission of a criminal offense(s). The relevant

period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

27. Tender any internal investigations for the Defendant Municipality that demonstrate that police officers for the Defendant Municipality have been disciplined and/or sanctioned for not arresting and/or reporting that a fellow officer included false allegations contained within police reports. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

28. Tender any internal investigations for the Defendant Municipality that demonstrate that police officers for the Defendant Municipality have been disciplined and/or sanctioned for not arresting and/or reporting that a fellow officer falsely arrested an individual. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

29. Tender any internal investigations for the Defendant Municipality that demonstrate that police officers for the Defendant Municipality have been disciplined and/or sanctioned for not arresting and/or reporting that a fellow officer included false information contained within a traffic ticket (including DUI tickets). The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

30. Tender any internal investigations for the Defendant Municipality that demonstrate that police officers for the Defendant Municipality have been disciplined and/or sanctioned for not arresting and/or reporting that a fellow officer maliciously prosecuted another. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

31. Tender any internal investigations for the Defendant Municipality that demonstrate that police officers for the Defendant Municipality have been disciplined and/or sanctioned for not arresting and/or reporting that a fellow officer included false allegations contained within criminal complaints. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

32. Tender any internal investigations for the Defendant Municipality that demonstrate that police officers for the Defendant Municipality have been disciplined and/or sanctioned for not arresting and/or reporting that a fellow officer that failed to follow a rule, policy, and/or procedure of the Defendant Municipality. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

33. Tender any and all documents which demonstrate that police officers for the Defendant Municipality do not falsify police reports. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

34. Tender any and all documents which demonstrate that police officers for the Defendant Municipality do not falsely arrest individuals. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

35. Tender any and all documents which demonstrate that police officers for the Defendant Municipality do not falsify traffic tickets (including DUI tickets). The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

36. Tender any and all documents which demonstrate that police officers for the Defendant Municipality do not maliciously prosecute individual(s). The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

37. Tender any and all documents which demonstrate that police officers for the Defendant Municipality do not falsify criminal complaints. The relevant period of time for this request is ten years prior to the date that Officer Haleas was indicted. *If Defendant(s) objects to the scope of the time period requested herein, then tender those documents which relate to a time period for which there is no objection. If Defendant(s) objects to the tender of documentation for a particular Officer, then tender those documents for which there is no objection.*

Respectfully Submitted,

/s/ Blake Horwitz
Blake Horwitz
Attorney for the Plaintiff

HORWITZ, RICHARDSON & BAKER, LLC.
Blake Horwitz, Esq.
20 South Clark St., Suite 500
Chicago, IL  60603
Tel: (312) 676-2100
Fax: (312) 372-7076

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO ALMARAZ, on behalf of himself and others similarly situated,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>OFFICER HALEAS, TISA MORRIS, PHILLIP CLINE and the CITY OF CHICAGO,<br><br>　　　Defendants. | No. 7 C 6134<br><br>JUDGE HART |

## CERTIFICATE OF SERVICE

　　The undersigned states that on May 30, 2008, I served Plaintiff's Supplemental Request for Production of Documents, submitting same via hand delivery to the following individual(s), at the following address:

Gregory Lawrence Lacey, Esq.
Terrence Michael Burns, Esq.
Dykema Gossett PLLC IL
10 South Wacker Drive, #Suite 2300
Chicago, IL 60606

Daniel Francis Gallagher
Querrey & Harrow, Ltd.
175 W. Jackson Blvd., Suite 1600
Chicago, IL 60604-2827

Received By: _____
Printed Name: _____
Date: _____

Received By: _____
Printed Name: _____
Date: _____

Emily Schnidt: _/s/ Emily Schnidt_
HORWITZ, RICHARDSON & BAKER, LLC.
Blake Horwitz, Esq.
20 S. Clark St., #500
Chicago, IL 60603
(312) 676-2100

1