# EXHIBIT A



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO ALMARAZ, on behalf of himself and others similarly situated, | |
| Plaintiff, | |
| v. | No. 7 C 6134 |
| OFFICER HALEAS, TERRY HILLARD, LORI LIGHTFOOT, TISA MORRIS, PHILLIP CLINE, MAYOR RICHARD DALEY, and the CITY OF CHICAGO, | JUDGE HART |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 26(c) and 45 C.F.R. §§ 160 & 164, and for the reasons set forth in the record, the Court hereby finds:

A.    The following words and terms are defined for purposes of this qualified protective order:

1.    "Parties" shall mean plaintiff, defendant City of Chicago, the individual defendants, and any additional party that this court may subsequently recognize as subject to this qualified protective order, and their attorneys.

2.    "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2002).

3.    "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. See 45 C.F.R. §§ 160 & 164 (2000).

4.    "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

5.    When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party or non-party in this action whether pursuant to

Federal Rule of Civil Procedure 34, subpoena, or by agreement, deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

6.    "Confidential Matter" shall mean employment, disciplinary, financial, medical, or other information that is of a sensitive or non-public nature regarding plaintiff, defendant, non-party witnesses and non-party employees of the City of Chicago that may be subject to discovery in this action. "Confidential matter" includes, but is not limited to, personal identifying information, family history, health history, and social security numbers. In addition, the names of complainants or witnesses and their identifying information is to be redacted and to be disclosed only on a case-by-case basis on the motion of the plaintiff's attorneys. "Confidential matter" also includes personnel files, disciplinary actions, histories, and related information that are protected by the Illinois Personnel Records Review Act, 820 ILCS 40/0.01, et seq. (West 2004) and Section 7 of the Illinois Freedom of Information Act, 5 ILCS 140/1, et seq. (West 2004), as well as personal and family information of police officers, including residential information. Files generated by the investigation of complaints of misconduct by Chicago police officers (generally referred to as "Complaint Register" files), are included in the definition of "Confidential Matter" pending the Seventh Circuit's decision in the matter of *Bond v. Uteras*, 2007 WL 2003085 (N.D. Ill. July 2, 2007, J. Lefkow).

B.    This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI and/or Confidential Matter.

1.    The Parties shall be familiar with HIPAA and the Privacy Standards.

2.    The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI and/or Confidential Matter of Parties and non-Parties to or from other Parties and non-Parties.

C.    The Parties will abide by the following terms and conditions:

1.    The Parties will not use or disclose the PHI and/or Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

2.    The Parties will store all PHI while it is in their possession according to the Privacy Standards.

3.    If a party believes that certain information redacted, such as a complainant's name or other identifying information, is relevant and requires that information, the party will file an appropriate motion with the court seeking to have the material un-redacted.

4.    The Parties shall, at the termination of this proceeding, return all PHI obtained during the course of this proceeding to the attorney representing the person whose PHI was released during the course of this proceeding, and/or dispose of any PHI retained thereafter pursuant to the Privacy Standards. All Confidential Matter produced during the course of this proceeding shall be returned to the producing party within sixty (60) days of the final termination

of this action, and shall continue to be protected pursuant to the terms of this Protective Order after termination of this case.

     5.     The Parties shall assist each other in the release of PHI by waiving all notice requirements that may otherwise be necessary under HIPAA and the Privacy Standards. The Parties shall release the PHI of the following person:

Plaintiff: Edwardo Almarez, Date of Birth: 7/16/1984

     6.     The individual pages of each document designated as Confidential Matter shall bear the following designation, or equivalent:

"CONFIDENTIAL"<br>or

"CONFIDENTIAL: DOCUMENT PRODUCED    PURSUANT TO PROTECTIVE ORDER<br>ENTERED IN "7 C 6134"

     No document containing the "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation appearing on the copy.

     7.     Before disclosing PHI documents and/or Confidential Matter, to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI and/or Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order.

     8.     Any and all complaint registers ("CRs") shall be labeled as confidential matter pending the Seventh Circuit's decision in the matter of Bond v. Utreras, 2007 WL 2003085 (N.D. Ill. July 2, 2007, J. Lefkow).

     9.     To the extent that a Party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any Confidential Matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

     10.     By this Protective Order, the discovering Party does not waive its right to make application to the court, with proper notice, under the procedure set out by the court or under applicable rules, to the responding Party and other Parties to the litigation, for a determination that any document designated as Confidential Matter produced by the responding party does not contain sensitive and non-public information, or that in certain circumstances the information should be released from the provisions of this Protective Order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or

information should be released from the provisions of this Protective Order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Fed.R.Civ.P. 26(c).

11.     Nothing in this Protective Order shall be deemed a waiver of the right of any Party to object to a request for discovery on the basis of relevance, materiality, privilege, over breadth or any other recognized objection to discovery.

12.     This Protective Order may be modified by further written stipulation signed by Parties with approval of this Court or by further order of this Court upon application to the Court with notice.

13.     No restricted or sealed document is to be filed with the Clerk of the Court unless leave of court to file the particular document(s) is specifically obtained by the Court.

ENTER:     _William J. Hart_

JUDGE HART

DATED:     MAR 3 2008