UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO ALMARAZ, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>OFFICER HALEAS, et al., )<br>)<br>Defendants. ) | Case No. 07 C 6134<br>Judge William T. Hart |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENAS**

I. **The Law Enforcement Investigatory Privilege exists in this case and therefore the subpoenas for deposition should be quashed.**

   a. **Since there is an ongoing criminal investigation into the conduct of Officer Haleas, the deposition testimony of Assistant State's Attorneys Vonah and Lantz must not be allowed to proceed at this time.**

The case of *Kampinen v. Individuals of Chicago Police Department*, 2002 U.S. Dist. LEXIS 2561, No. 00 C 5867, 2002 WL 238443 (N.D. Ill. Feb. 19, 2002), sets out the factors that must be considered by courts to determine the existence of the law enforcement privilege. They are: 1) the extent to which disclosure thwart governmental processes by discouraging citizens from giving the government information; 2) the impact upon persons who have given information of having their identities disclosed; 3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; 4) whether the information sought is factual data or evaluative summary; 5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in

1

question; 6) whether the police investigation has been completed; 7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; 8) whether the plaintiff's suit is non-frivolous and brought in good faith; 9) whether the information sought is available through other discovery or from other sources; and 10) the importance of the information sought to plaintiff's case. *Kampinen*, 2002 U.S. Dist. LEXIS 2561, at *3-4.

Here, several factors are present that support Respondents' position that their subpoenas for deposition should not proceed at this time. First, the police investigation has not been completed, as there is an ongoing criminal investigation into Haleas' conduct while working as a Chicago police officer and additional criminal charges may be brought against Haleas. Next, the importance of the information sought to plaintiff's case is questioned since it was not the plaintiff who was arrested and charged during the "ride-along" involving Respondents, but rather an individual who is not a party to this lawsuit. Third, if the depositions were allowed to proceed, it is expected that each assistant state's attorney will be asked questions about her evaluative process and mental impressions, conclusions, opinions and mental theories emanating from the "ride-along". If so, such evaluative summary is protected under the law enforcement privilege, as well as by FRCP 26 (b)(3). Therefore, in light of the presence of several factors that support the applicability of the law enforcement investigatory privilege, these depositions should be quashed.

>   **b. Since there is a pending criminal prosecution into the conduct of Officer Haleas, the court has the discretion to stay discovery, including the deposition testimony of Assistant State's Attorneys Vonah and Lantz.**

The court can consider the fact that there is a pending criminal prosecution in determining whether to order that discovery proceed in a civil lawsuit. In *Benevolence International Foundation, Inc. v. Ashcroft*, 200 F.Supp.2d 935, 2002 U.S. Dist. LEXIS 8658 (N.D. 2002), the court ordered a stay of discovery until the conclusion of the parallel criminal case. In deciding to whether to stay civil proceedings, a court may consider a variety of factors, such as: (a) the interest of the plaintiff in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to the plaintiff of a delay; (b) the burden which any particular aspect of the proceedings may impose of the defendant; (c) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (d) the interests of persons not parties to the civil litigation; and (e) the interest of the public in pending civil and criminal litigation. *Benevolence Int'l Foundation, Inc.*, 2002 U.S. Dist. LEXIS 8658, at *4. In its decision, the court determined that the convenience of the court in the management of its cases, and the efficient use of judicial resources favored a stay, considering that the civil proceedings were just beginning and no discovery had taken place. *Benevolence Int'l Foundation, Inc.*, 2002 U.S. Dist. LEXIS 8658, at *6.

In the instant case, upon information and belief, there has been limited written discovery to date. Moreover, there have been no depositions taken in the case. Therefore, like the court in *Benevolence Int'l Foundation, Inc.,* this court should exercise its discretion and, at this time, stay the depositions of the two assistant state's attorneys,

who are key witnesses in the criminal investigation and prosecution of Haleas. Moreover, plaintiff will not be prejudiced in the delay of these depositions. Certainly, there are other depositions that can (and should) take place before the depositions of ASA Vonah and ASA Lantz. Again, there is no urgency in proceeding with these depositions, which were received approximately ten (10) days ago.

**Conclusion**

Respondents have demonstrated that the law enforcement investigatory privilege would be applicable regarding the depositions of Assistant State's Attorney Ashley Vonah and Assistant State's Attorney Jaclyn Lantz. For all of the reasons set forth in Respondents' Motion and this Memorandum, Respondents request that this Court issue an Order quashing the subpoenas for deposition issued to Assistant State's Attorneys Vonah and Lantz. In the alternative, Respondents request of stay of their depositions until the conclusion of the criminal investigation.

Respectfully submitted,

Richard A. Devine
State's Attorney of Cook County

By:

/s/ John A. Ouska
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-6461
No. 3127573
Attorney for Respondents