UNTIED STATES DISTRIC COURT
NORTHERN DISTRICT OF ILLNOIS
EASTER DIVISION

| | |
|---|---|
| EDUARDO ALMARAZ, )<br>Plaintiff, )<br>) | |
| ) | No.: 07 C 6134 |
| v. ) | Honorable Judge William T. Hart |
| ) | |
| OFFICER HALEAS, et al. )<br>Defendants. ) | |

**PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENAS FOR DEPOSITION OR ALTERNATIVELY TO STAY THESE DEPOSITIONS**

NOW COMES the Plaintiff by and through his attorney, Sean M. Baker of Horwitz, Richardson & Baker and for his Response to Cook County State's Attorney Richard A. Devine's ("Movant Devine") Motion to Quash Subpoenas for Deposition or Alternatively to Stay these Depositions, states as follows:

**BACKGROUND**

On April 8, 2005, Assistant State's Attorneys Ashley Vonah and Jaclyn Lantz participated in what is termed within the State's Attorney's Office as a ride along. The Assistant States Attorneys ("ASAs") participated in the ride along with Defendant Officer Haleas. The purpose of this ride along was "to increase the ASA experience with the writing of DUIs which they handle in their assigned court rooms."[1] Defendant Officer Haleas was working in a one man squad car and both of the ASAs rode along with him in that vehicle. During the ride along, the ASAs observed Officer Haleas proceed to the scene of an automobile crash and Defendant Officer Haleas' interaction with a driver he

---

[1] The purpose of the ride along was disclosed within documents tendered by the City of Chicago, Bates Numbered ETA00390 - 00464, above quote from Bates Document No.: ETA 00402. See Exhibit E of Plaintiff's Amended Motion To Compel filed Under Seal and heard by this Court on June 30, 2008 which contains these documents.

subsequently charged with DUI. Later that day, the ASAs documented their observations and made a complaint against Defendant Officer Haleas related to his failure to follow the law regarding charging individuals with DUI. They reported their knowledge, observations, and perceptions to their superiors and the Chicago Police Department.

It is the factual scenario, the observations, knowledge, and perception of the Assistant States Attorneys related to the ride along that Plaintiff seeks to learn and flesh out via deposition. It is important to keep in mind that no criminal investigation of Defendant Officer Haleas was underway or ongoing at the time of the ride along. In fact, Defendant Officer Haleas was not investigated and indicted until 2008. Defendant Haleas' conduct, activities within the scope of his employment, patterns and evidence of deliberate, willful violations of the law that caused injury to citizens, and *modus operandi*, are relevant to Plaintiff's allegations. Additionally, the knowledge the City of Chicago obtained from the Assistant States Attorneys, however, goes to the center of Plaintiff's *Monell* claims. Therefore, Plaintiff seeks their depositions.

I. **THE ASSISTANT STATES ATTORNEYS' KNOWLEDGE, OBSERVATIONS, AND PERCEPTIONS ARE DISCOVERABLE MATERIAL AND THIS COURT SHOULD ORDER THEIR DEPOSITIONS**

Plaintiff's *subpoenae* for deposition of Assistant State's Attorneys Lantz and Vonah should not be quashed. The Assistant States Attorneys' knowledge, observations and perceptions are relevant to Plaintiff's good faith claims, are factual in nature, and therefore discoverable. Furthermore, vast portions of the investigation by way of documents have been produced, waiving any claim of privilege. Additionally, Movant Devine has failed to specifically articulate, as he must, precise reasons that the depositions of the ASAs would harm any current or future investigation of Defendant Officer Haleas, who is already under indictment. Lastly, casting Movant Devine's general blanket reasons aside and

further assuming that such precise reasons could be made, a consideration of all ten (10) factors of the federal common law balancing test tip heavily in favor of compelling the depositions. Therefore, this Court should not quash the *subpoenae* for deposition of the ASAs.

### A. THE INVESTIGATORY PRIVILEGE IS WAIVED, THIS COURT SHOULD COMPEL THE DEPOSITIONS OF THE ASSISTANT STATE'S ATTORNEYS

For starters, Plaintiff points out that the Defendant, City of Chicago, has already made the vast majority of the documents related to the ride along available to all parties in this suit as well as in a related matter *Diaz v. Haleas, et al.*, 08 C 805, pending before the Honorable Judge Wayne R. Andersen. The logical explanation for the substantial disclosure is that the ride along was not part of a criminal investigation but merely a training experience from which conduct was unintentionally observed. It was these unintentional observations that eventually got the investigation and subsequent indictment ball rolling. That said, to the extent that Movant Devine asserts that the Court should apply state common law privilege principles, any such privilege has been expressly waived by the production of the majority of the materials surrounding the ride along. *Vardon Golf Co., Inc v. Karsten Mfg. Corp.*, 213 F.R.D. 528 (N.D.Ill. 2003); *Burden-Meeks v. Welch*, 319 F.3d 897 (7th Cir. 2003) ("Voluntary disclosure of privileged information about a matter waives the privilege as to all information on the same subject matter").

It is noteworthy that none of the parties to this matter raised the privilege at the time the aforementioned documents were produced. These documents contain analysis, work product, and mental impressions in the form of witness statements, police reports, notes, formal complaints, and pro-police memos. Now, with the cat out of the bag, Movant Devine maintains that by deposing the actual occurrence witnesses, ASAs Vonah and Lantz, presumably the ASAs will be in jeopardy, their privacy cannot be safeguarded, and interference of an ongoing investigation will result. (See ¶ 7 of Movant

Devine's Motion to Quash). The disclosure of the documents to all parties, including Defendant Officer Haleas, Bates numbered ETA00390 - 00464, have wiped out all bases for the claim of investigatory privilege. The depositions of the fact witnesses to Defendant Officer Haleas' conduct, activities within the scope of his employment, patterns and evidence of deliberate, willful violations of the law that caused injury to citizens, and *modus operandi*, in conjunction with to whom, when, and where his conduct was reported are relevant to Plaintiff's allegations, especially those that arise from *Monell*. Movant Devine's Motion should be denied.

> B. **MOVANT DEVINE HAS FAILED TO STATE WITH PARTICULARITY THE INFORMATION PROTECTED BY INVESTIGATORY PRIVILEGE, HIS MOTION TO QUASH SHOULD BE DENIED**

Movant Devine has the initial threshold requirement of justifying the application of investigatory privilege and must specify with particularity after personal consideration, the information for which the protection is sought, and explain why the information falls within the scope of the privilege. He has failed to meet this threshold and has only provided sweeping generalizations as to the interest in maintaining privilege in this scenario. Movant Devine's Motion to Quash should be denied.

The privilege asserted by Movant Devine is not absolute. *Lewis v. City of Chicago, et al.* No. 04 C 3904, 2004 WL 2608302 (N.D.Ill., Nov. 16, 2004) (quoting *Dellwood Farms, Inc. v. Cargill, Inc.* 128 F.3d 1122 (7th Cir. 1997)). It arises under federal common law and is incorporated under F.R.C.P. 26(b), to prevent " 'the harm to law enforcement efforts which may arise from public disclosure of …investigative files.' " *Lewis* at *1 (quoting *Hernandez v. Longini* No 96 C 6203, 1997, WL 754041, *3, (N.D.Ill., Nov. 13, 1997) (quoting *Black v. Sheraton Corp.*, 564 F.2d 531, 541 (D.C. Cir. 1977)). The purpose of this privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard

the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation. *Lewis* at *1. However, the privilege can be overridden in appropriate cases by the need for the privileged materials. The balancing of the need of the litigant who is seeking privileged investigative materials, against the harm to the government if the privilege is lifted, is a particularistic and judgmental task. It is therefore confided in the discretion of the judge. *Lewis* at *2.

Here, Movant Devine has made broad general statements aimed at lodging a claim of investigatory privilege. His Motion to Quash fails to meet the threshold burden for protection. Moreover, it is not clear from his Motion to Quash who actually personally considered the claims and why they fall within the scope of law enforcement privilege. This Court should therefore deny Movant Devine's Motion to Quash.

    C.    **THE TEN FACTORS IN THE BALANCING TEST ALL TIP IN FAVOR OF DISCLOSURE; THE MOTION TO QUASH SHOULD BE DENIED**

For the sake of analysis, let's assume that Movant Devine has met his burden in stating a formal claim of privilege after actual personal consideration, specifying with particularity the information for which protection is sought, and providing an explanation as to how the information falls within the scope of the privilege. The balancing test still overwhelmingly favors producing the ASAs for deposition and denying Movant Devine's Motion to Quash.

The balancing test takes place on the merits, only after threshold procedural requirements have been met. The party claiming privilege bears the burden of justifying its application. *Lewis* at *2. Thus, before a court need consider the merits of a claim of privilege, the government body asserting the privilege must: (1) lodge a formal claim after actual personal consideration; (2) specifying with particularity the information for which protection is sought; and, (3) explain why the information falls within the scope of the privilege. *Lewis* at *2 (quoting *Hernandez v. Longini* No 96 C 6203, 1997, WL

754041, *3 (N.D.Ill., Nov. 13, 1997).

The balancing test consists of ten factors: (1) whether disclosure will thwart governmental process by discouraging citizens from giving the government information; (2) the impact on persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and improvement will be chilled; (4) whether the information is factual or evaluative; (5) whether the party seeking discovery is an actual or potential defendant in any criminal preceding pending or likely to follow; (6) whether the police investigation has been completed; (7) whether any interdepartment proceedings have or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery; and (10) the importance of the information sought to the plaintiff's case. *Doe v. Hudgins*, 175 F.R.D 511, 515 (N.D. Ill. 1997).

Additionally, when performing the balancing test involved in evaluating the law enforcement privilege in the context of a § 1983 civil rights action, there is an additional public policy concern militating for the disclosure of the information. *Doe v. Hudgins*, 175 F.R.D. 511, 516 (N.D. Ill. 1997). Section 1983 itself is a tool for policing the police and other individuals vested with state authority. *Id*.

In *Lewis*, a case where the death of an individual was the focus of a civil rights action against the City of Chicago and defendant officers under §1983, the Plaintiff requested production of the CR files and OPS files which contained information into the death of Plaintiff's decedent. The City claimed "investigatory privilege." Magistrate Judge Shenkier held that the City's assertion was unsupported and did not meet the threshold procedural requirements. Despite this, the court went further and conducted the balancing test. The court found that even if the procedural hurdle did not exist, and the merits are considered the City's assertion of privilege failed the balancing test as well. Additionally, the court held that the balancing test tipped heavily in favor of disclosure. In so holding,

the court articulated that the plaintiff had a strong interest in obtaining statements of witnesses that the City through OPS had identified as potentially having knowledge of the events at issue. The interest included the use of statements of the witnesses to be deposed. Magistrate Judge Shenkier ordered full disclosure. *Id*.

Here, of the ten factors considered in the balancing test to be conducted by the Court, all ten weigh heavily against Movant Devine's position: (1) the government process will not be thwarted because Assistant State's Attorneys have a duty to report criminal activity and misconduct; (2) the identities of Lantz and Vonah are known to all parties including Defendant Officer Haleas; (3) compelling the depositions will not compete with evaluation programs like ride alongs which are designed to improve the ASAs' knowledge of police business. This is not an investigatory process, rather a training process; (4) the information sought by Plaintiff is factual information; (5) Plaintiff is not a defendant in any pending criminal proceeding or reasonably likely to become a defendant from the ASAs' actions; (6) Defendant Officer Haleas is already indicted; (7) the interdepartmental disciplinary proceedings have already occurred; (8) Plaintiff's suit is meritorious and brought in good faith; (9) Plaintiff cannot obtain the factual details related to time, perception, and knowledge of the ASAs from another source; (10) this information is greatly important to Plaintiff's case, especially in light of his *Monell* allegations. Clearly, the balance is overwhelmingly tipped ten times over in Plaintiff's favor of disclosure. Movant Devine's Motion should be denied.

Notably, all of the information sought by Plaintiff relates to past events. Plaintiff is not seeking current or future "evaluative processes." Additionally, it is not ASAs Vonah or Lantz that are conducting the prosecution of Defendant Officer Haleas. Neither of them are assigned to the Special Prosecutions division of the Cook County State's Attorney's Office. Thus, it is hard to see how their depositions would reveal the prosecutions' current and future evaluative processes or trial strategies.

## II. MOVANT DEVINE'S CASE LAW IS INAPPOSITE, HIS MOTION SHOULD BE DENIED

Movant Devine supports his Motion to Quash with the analysis set forth in *Kampinen v. Individuals of Chicago Police Department*, U.S. Dist. LEXIS 2561, No. 00 C 5867, 2002 WL 238443 (N.D. Ill. Feb. 19, 2002). *Kampinen,* however, is inapposite.

In *Kampinen*, Plaintiff sought to compel the Chicago Police Department to produce all of its files relating to Plaintiff. Defendant produced its files relating to the arrest and detention of Plaintiff, however, they were heavily redacted. Defendant maintained the redacted information was protected by the law enforcement privilege.

The *Kampinen* Plaintiff was a security guard who during a lunch break walked to the Mercantile Exchange to observe then President Bill Clinton's visit to Chicago. She managed to bypass security stations, apparently due to her guard uniform. As she approached the area where the President was speaking, a Secret Service agent informed her that she was not permitted in the area. Before she could leave, two Chicago Police officers from the Intelligence Unit escorted Plaintiff to an interview area where she was questioned. She was unable to produce ID and had newspaper clippings in her purse entitled "Secret Service Challenges Assassin Stereotypes." This was brought to the attention of the U.S. Secret Service and that evening Plaintiff was arrested for criminal trespass. She was subsequently forced to confer with a crisis worker and psychiatrist at a local hospital regarding the signing of an admission for evaluation. In the meantime, Defendants, including the U.S. Secret Service, conducted a thorough investigation of Plaintiff to determine if she was a risk to anyone under Agency protection.

Plaintiff filed suit pursuant to § 1983 and sought to obtain un-redacted discovery relating to the investigation. After an *in camera* inspection, the court learned that the discovery contained information relating to confidential informants and the Agency's risk assessment process, its assessment of the

investigation, Secret Service procedures used to obtain information, and the methods the Secret Service uses to develop security plans and factors, triggering the Agency's interest in particular individuals. The court found that the law enforcement privilege applied to such information. Plaintiff's motion to compel this information was denied. *Id.*

Here, the actions of ASAs Lantz and Vonah are related to a training ride along. They directly observed Defendant Officer Haleas and his conduct with an individual he improperly and unlawfully charged with DUI. Their identities are not confidential. They were not part of an investigation of Officer Haleas. In actuality, their purpose was quite simple, they were going to learn and observe the process of how an officer investigates DUI suspects during their ride along. They were not developing plans or strategy on how to charge Defendant Officer Haleas with a crime. No security plans or risk assessment of individuals would be revealed by their depositions. The concerns enunciated in *Kampinen* do not apply to this matter. To the contrary, Plaintiff would gain the factual background and the knowledge, perception, and observations of Assistant State's Attorneys Lantz and Vonah and the information that they provided to their superiors and the Chicago Police Department. Defendant Haleas' conduct, activities within the scope of his employment, patterns and evidence of deliberate, willful violations of the law that caused injury to citizens, and *modus operandi*, are relevant to Plaintiff's allegations and go to the very heart of the *Monell* allegations. Therefore, this Court should find that *Kampinen* is inapposite and deny Movant Devine's Motion to Quash.

Lastly, Plaintiff points out to the Court that Movant Devine has not supported his motion with case law supporting the claim of investigatory privilege as it relates to the deposition of law enforcement personnel. Plaintiff's counsel has done a review of the case law and is unaware of any law that supports the position of investigatory privilege as it relates to quashing depositions.

**CONCLUSION**

      Plaintiff's *subpoenae* for deposition of Assistant State's Attorneys Ashley Vonah and Jaclyn Lantz should not be quashed or stayed.  Movant Devine has failed to meet his burden.  None of the factors for investigatory privilege have been met.  The depositions should be ordered to proceed as noticed.

      WHEREFORE the Plaintiff, Eduardo Almaraz, requests that this Court deny the Motion to Quash Subpoenas for Deposition or, Alternatively to Stay These Depositions, and order the depositions to proceed within a reasonable time and for any other relief this Court deems equitable and just.

      Respectfully submitted,


by:    s/Sean M. Baker
      one of Plaintiff's attorneys

**Horwitz, Richardson, & Baker, LLC.**
*Attorneys for Plaintiff*
Two First National Plaza
20 South Clark Street, Suite 500
Chicago, IL  60603
Tel:  (312) 676-2100
Fax:  (312) 372-7076


**Horwitz, Richardson, & Baker, LLC.**
*Attorneys for Plaintiff*
Two First National Plaza
20 South Clark Street, Suite 500
Chicago, IL  60603
Tel:  (312) 676-2100
Fax:  (312) 372-7076