**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDUARDO ALMARAZ,           ) | |
| )                           | |
| Plaintiff,        ) | Case No.  07 C 6134 |
| v.                          ) | Judge William T. Hart |
| )                           | |
| OFFICER HALEAS, et al.,     ) | |
| )                           | |
| Defendants.       ) | |

**RESPONDENTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENAS FOR DEPOSITION OR ALTERNATIVELY TO STAY THESE DEPOSITIONS**

**I.    The Law Enforcement Investigatory Privilege applies to depositions as well as documents.**

In his Response brief, Plaintiff states the following: "Plaintiff's counsel has done a review of the case law and is unaware of any law that supports the position of investigatory privilege as it relates to quashing depositions." *Plaintiff's Response at page 10*. Respondents refers to the case of *Hallett v. Village of Richmond, et al.*, 2006 U.S. Dist. LEXIS 50808, No. 05 C 50044 (N.D. Ill. July 25, 2006), for support of their position that the law enforcement investigatory privilege can apply to deposition testimony.  In denying the request to stay the subpoena for the testimony of a law enforcement agent who investigated the charges that led to criminal indictments, the Court ruled that the movant failed to provide the court with sufficient information to determine if the law enforcement investigative privilege had been properly asserted. *Hallett*, 2006 U.S. Dist. LEXIS 50808, at *3.  However, what is important is that the Court recognized the privilege's applicability to deposition testimony.

1

**II.     Respondents did not waive the Law Enforcement Investigatory Privilege.**

Plaintiff argues that because one of the defendants, the City of Chicago, turned over documents purportedly containing privileged material, Respondents' assertion of the law enforcement privilege is somehow untenable, and that such privilege is waived due to the production of the documents. It is important to note that it was a party defendant that produced the documents, not the Respondents, who have always maintained that the law enforcement privilege is applicable. And it is unimportant that the defendants did not assert the privilege. Respondents' privilege can only be waived by the actions of the Respondents themselves – and not by the actions of another.

In his Response, Plaintiff seems to suggest that the privilege is waived since the documents were produced in this matter as well as a related matter, Diaz v. Haleas, et al., 08 C 805. *Plaintiff's Response at pages 2-3.* However, in another related matter, Noe Martinez v. Haleas, et al., 07 C 6112, the State's Attorney's Office, by this assistant state's attorney, objected to the production of documents in two separate subpoenas, based on the law enforcement investigatory privilege. Therefore, this Office has always maintained and asserted the privilege as it relates to the prosecution and investigation concerning Officer John Haleas.

Finally, again in his Response, Plaintiff concedes that "[t]hese documents contain analysis, work product, and mental impressions in the form of witness statements…" *Plaintiff's Response at page 10.* This is exactly one of the reasons why the depositions of the Respondents must not proceed – to protect privileged information concerning an ongoing criminal prosecution and criminal investigation from being disclosed.

### III. Respondents are witnesses in a pending criminal prosecution and ongoing criminal investigation and therefore, should not be compelled to give a deposition at this time.

Plaintiff repeatedly argues that since the "ride along" was not initially part of an investigation, but rather a training exercise, the privilege should not apply. It is irrelevant what the initial reason for the "ride along" was. The fact is this "ride along" prompted and led to the investigation into the activity of Officer John Haleas. And the testimony of Respondents is crucial to the criminal prosecution of Haleas. It is inconsequential that the initial purpose of the "ride along" was for a reason unrelated to a criminal investigation. To accept Plaintiff's position would be analogous to not protecting an informant simply because the witness did not start out with the intention of being a part of the investigation into criminal activity, but who later finds himself involved in the investigation and prosecution of a criminal. This is clearly not the intention of the protection afforded by the law enforcement privilege. Respondents <u>became</u> part of the criminal investigation and prosecution of Haleas and, for that reason, are protected by the privilege. To summarize, the fact that Respondents' observations were not designed to be a part of the subsequent criminal investigation and prosecution of Haleas does not detract from the fact that they are <u>now</u> part of the prosecution, as witnesses to the pending criminal prosecution; accordingly, the privilege still remains as to Respondents.

Finally, even though Haleas has been indicted, it is necessary to remind the Court that there is still an ongoing investigation into Haleas and that additional charges may be brought against him. Therefore, the privilege clearly applies, and the depositions should be delayed until the completion of the investigation and prosecution of Haleas.

## Conclusion

Respondents have set out the factors necessary to assert the application of the law enforcement investigatory privilege to the depositions of Assistant State's Attorney Ashley Vonah and Assistant State's Attorney Jaclyn Lantz. For all of the reasons set forth in Respondents' Motion, Memorandum and Reply, Respondents request that this Court issue an Order quashing the subpoenas for deposition issued to Assistant State's Attorneys Vonah and Lantz. In the alternative, Respondents request of stay of their depositions until the conclusion of the criminal investigation.

Respectfully submitted,

Richard A. Devine
State's Attorney of Cook County

By:
/s/ John A. Ouska
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-6461
No. 3127573
Attorney for Respondents

4