# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LANELL CRAFT, CURTIS FLOWERS, JOE GANT, SHARON WILKINS, individually, and on behalf of RASI GANT, MARCUS JORDAN, DAVID STEWART, LARRY WILKINS, MARY WILKINS, SHARON GANT, JOSEPH WILKINS, and HENRY-ELLA WILLIAMS, <br><br> Plaintiffs, <br> v. <br><br> COREY FLAGG, EURAL BLACK, DAREK HAYNES, BRODERICK JONES, SERGEANT ROBERT O'NEIL, OFFICER WILLIAM MULLEN, Star No. 12673, OFFICER SHANNON, Star No. 16066, OFFICER HEIN, Star No. 19700, OFFICER WASZAK, Star No. 19258, OFFICER WASZAK, Star No. 8548, OFFICER SANELLO, Star No. 17661 and the CITY OF CHICAGO, <br><br> Defendants. | No. 06 C 1451 <br><br> Judge Robert W. Gettleman |

**ORDER**

Plaintiffs have brought a twelve count Fourth Amended Complaint against the City of Chicago and against the individual defendant Chicago police officers alleging violations of plaintiffs' civil rights as a result of an August 6, 2004, arrest of plaintiff Larry Wilkins. Plaintiffs have now moved to strike the City's answers to paragraphs 100, 102 through 111 of the Fourth Amended Complaint. Each of paragraphs 102 through 111 contain allegations dealing with a software program called BrainMaker, of which the City allegedly became aware in 1995. With respect to each of these allegations, the City answered as follows:

> ANSWER: On February 27, 2008, Magistrate Arlander Keys, the presiding Magistrate assigned to the litigation, stated in Court that the BrainMaker issue had been dealt with previously and that the topic of BrainMaker was *not relevant* to this case. *See* Exhibit A, Transcript of February 27, 2008 Hearing pp. 9, 12,

>14, 15. Therefore, no further response is made or required for this paragraph. However, Defendant City reserves the right to respond in full if the Court so requires at some future time. (Emphasis in original.)

Plaintiff is correct that the answers to allegations 102 through 111 are deficient. Under Fed. R. Civ. P. 8(b) there are only three alternative responses to an allegation of a complaint: to admit those allegations, to deny the allegations, or to state a disclaimer in the express terms of Rule 8(b)(5), that the party lacks knowledge or information sufficient to form a belief about the truth of the allegations. That statement has the effect of a denial. See <u>King Vision Pay Per View, Ltd. v. J.C. Dimitri's Restaurant, Inc.</u>, 180 F.R.D. 332 (N.D. Ill. 1998) (Shadur, J.)The City's responses to allegations 102 through 111 follow none of the three alternatives and, therefore, are improper and must be stricken.

The City argues that the court should reconsider part of its April 24, 2008, in which it denied the City's motion to dismiss, which presumably included a motion to strike paragraphs 102 through 111. Under Fed. R. Civ. P. 12(f), the court may strike from a pleading any redundant, immaterial, impertinent or scandalous matter. There is nothing redundant, immaterial, impertinent or scandalous with respect to the allegations contained in paragraphs 102 through 111. Whether evidence about the BrainMaker software is relevant to this case, or admissible at trial, and whether Magistrate Judge Keys has in fact so held, can be addressed at a later date in either an appeal from one of Magistrate Judge Keys' decisions or in a motion in limine.

Accordingly, plaintiffs' motion to strike the City's answer to paragraphs 102 through 111 of the fourth amended complaint is granted. The City has not responded to plaintiffs' motion to strike the answer to paragraph 100, so that portion of the motion is granted as well. The City is

ordered to file an amended answer, complying with Fed. R. Civ. P. 8(b), on or before July 14, 2008.

**ENTER:** **June 25, 2008**

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　**Robert W. Gettleman**
　　　　　　　　　　　　　　　　　　　　　**United States District Judge**