# EXHIBIT 1

1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL NIX, SR., on behalf    )
of his minor son, MICHAEL      )
NIX, JR.,                      )
                               )   Docket No. 04 C 7981
                               )
           Plaintiffs,         )
                               )
    vs.                        )   Chicago, Illinois
                               )   March 16, 2005
CITY OF CHICAGO, CHICAGO       )   9:30 a.m.
POLICE OFFICER MARK PICKERT,   )
and UNKNOWN CHICAGO POLICE     )
OFFICER,                       )
                               )
           Defendants.         )

TRANSCRIPT OF PROCEEDINGS - Rule 16 Conference
BEFORE THE HONORABLE REBECCA R. PALLMEYER

APPEARANCES:

For the Plaintiffs:    LOEVY & LOEVY
                       BY: MS. AMANDA ANTHOLT
                       312 North May Street, Suite 100
                       Chicago, Illinois   60607

For the Defendant      CITY OF CHICAGO, DEPARTMENT OF LAW
City of Chicago:       BY: MR. GEORGE JOHN YAMIN, JR.
                       30 North LaSalle Street, Suite 900
                       Chicago, Illinois   60602

For the Defendant      CITY OF CHICAGO, DEPARTMENT OF LAW
Pickett:               BY: MS. SUSAN E. SULLIVAN
                       30 North LaSalle Street, Suite 1400
                       Chicago, Illinois   60602



EXHIBIT 1

2

1  Court Reporter:     FRANCES WARD, CSR, RPR, FCRR
2                      Official Court Reporter
                       219 S. Dearborn Street, Suite 2118
3                      Chicago, Illinois  60604
                       (312) 427-7702
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        THE CLERK:   04 C 7981, Nix versus City of Chicago
2    for Rule 16 conference.
3        MS. ANTHOLT:   Good morning, your Honor.   Amanda
4    Antholt for plaintiff.
5        MS. SULLIVAN:   Good morning, Judge.   Susan
6    Sullivan on behalf of Officer Pickert.
7        MR. YAMIN:   Good morning, your Honor.   George
8    Yamin for the defendant City of Chicago.
9        THE COURT:   Good morning.
10       We have this for a Rule 16 conference, correct?
11       MS. SULLIVAN:   Yes.
12       MS. ANTHOLT:   Correct.
13       THE COURT:   I have seen your report.   In fact, I
14   made a little note.   The dates look fine.   I understand you
15   will be able to do your 26(a)(1) disclosures or you have
16   already.
17       MS. SULLIVAN:   We are going to be sending them
18   over today, Judge.
19       THE COURT:   That's great.
20       You expect to be ready for trial in January.
21   That's great.   Wonderful.
22       Can I set a status -- you have got a discovery
23   close date of August 16th, which is fine.   Can I set a
24   status in June?
25       MS. SULLIVAN:   That's fine, Judge.

4

1  THE COURT: Why don't we say June 2nd at 9:00
2  o'clock. Is that all right?
3  MS. ANTHOLT: That's fine.
4  THE COURT: Great.
5  MS. SULLIVAN: Judge, the only other issue is
6  Mr. Yamin and I needed some more time with the answer. We
7  spoke to plaintiffs' counsel, Russell Ainsworth. We told
8  him we would be asking orally for leave to file it *instanter*
9  today. He agreed to that. We would just ask that we be
10 granted that.
11 MR. YAMIN: I have to modify the City's answer.
12 It will be ready by Friday if that's okay with the Court and
13 counsel.
14 THE COURT: I will direct that answers be filed on
15 or before the 18th.
16 MR. YAMIN: Thank you.
17 One other matter. Just to advise the Court -- I
18 mentioned this to plaintiffs' counsel -- there is *Monell*
19 claims in the case. The City will be moving shortly to stay
20 that *Monell* discovery, just to let the Court know that
21 that's an issue that's going to be before it relatively
22 soon.
23 MS. ANTHOLT: Plaintiff will be objecting. We
24 will file a response to that motion. We are fairly familiar
25 with Chicago's motion. If your Honor is inclined to set a

5

1  schedule for that now, we could --

2         THE COURT: Actually, I am inclined to cut through

3  the issue at least in this regard. Is there any reason to

4  believe that a judgment against the officer -- the defendant

5  officer would not be paid by the City?

6         MR. YAMIN: Your Honor, I don't think so. I would

7  want to double-check that to be absolutely sure I was not

8  misrepresenting things.

9         If the officer is -- if any defendant officer that

10 we are aware of was acting within the scope of his or her

11 employment, there would be no issue as to indemnification.

12        MS. SULLIVAN: He is on duty, Judge.

13        MR. YAMIN: I am pretty sure from my knowledge of

14 the case that the answer to your question is there would be

15 no issue as to indemnification, which is what really our

16 motion goes to.

17        THE COURT: *Monell* is a fascinating issue, but I

18 always wonder do we really need to litigate it? What I am

19 hearing from Mr. Yamin is possibly no, because the whole

20 question about *Monell* is can we impose municipal liability

21 on the City of Chicago?

22        No plaintiffs are ever asking for double recovery.

23 All they are saying is, "We want to make sure somebody pays

24 this judgment," and it could be the City. If the City

25 commits to paying it anyway, I really think the expense of

1  *Monell* discovery really may not be worth the candle.

2         MS. ANTHOLT: From plaintiffs' perspective, it's

3  not simply about making sure somebody pays the judgment, but

4  making sure that the proper people are held liable for their

5  wrongs. Plaintiff has chosen to make defendant Chicago a

6  party in this case with the belief that Chicago is, in fact,

7  directly responsible for the harms caused and that Chicago

8  should be held directly responsible in that matter.

9         So it's not just about who pays the money. It's

10 about being accountable for constitutional wrongs and being

11 accountable for the way that the Department itself and the

12 City itself causes those wrongs. We believe that plaintiff

13 has a right to pursue those claims. We would like to pursue

14 those claims.

15        The discovery sought is not that overly

16 burdensome. In our opinion, as plaintiffs' counsel who has

17 litigated these kind of claims in numerous cases, much of

18 the *Monell* discovery overlaps with the discovery against the

19 individual officers. So it needs to be done anyway.

20        In terms of efficiency, it just doesn't make that

21 much sense. It's not that burdensome. It's not that

22 expensive. The only thing that we typically ask for that's

23 not asked for in an individual case is the CR files, the

24 Office of Professional Standards' complaint investigation

25 files for similar complaints of misconduct throughout the

1   district. And those -- my understanding is that O.P.S. has

2   a computer. You can search them by categories. You can

3   pull up the categories and pull the files, and it ends up

4   being a couple boxes of paperwork, not that tremendously

5   much relative to the litigation that's out there.

6          THE COURT: You know what? I will take briefs on

7   this. Let me just make one comment.

8          If the point of this is simply to have established

9   that the City of Chicago is -- if the point of this is

10  simply to get a judgment against the City of Chicago and

11  it's not about who pays the amounts to your client, then I

12  guess I have a question about whether at the end of the day

13  it's appropriate for me to award fees for the effort to

14  determine that a judgment is appropriately entered against

15  the City when all along the City is prepared to write a

16  check for any judgment that's entered.

17         The relief to your client -- and I am a real

18  believer in the system of justice. But the relief to your

19  client in a case like this is money. That's the relief. It

20  isn't having established some judgment against somebody.

21  It's getting a check.

22         If there is a defendant who's going to have a

23  judgment entered against him or her and that judgment is

24  going to be paid by the City, then it seems to me that that

25  relief is satisfactory. I am not sure that if there is some

1  additional psychic satisfaction that anybody gets out of
2  saying, "We won a judgment against the City of Chicago,"
3  then that might be psychic satisfaction that I am not sure
4  is fair to impose fees on the defendant to pay. That's just
5  an observation. I have to think about it more carefully.
6      But, again, I understand the purpose of *Monell*
7  liability is to establish whether or not a municipal entity
8  will have to write a check. If I am getting a commitment
9  from the defendant to do that -- I realize this is early,
10 and Mr. Yamin will want discovery, just as you will. But if
11 that's the determination, I don't know that it makes a great
12 deal of sense to do even limited discovery in an effort to
13 get a judgment that's nothing more than a piece of paper.
14      MR. YAMIN: Your Honor, I will just add if you
15 want -- I would be happy to file the motion and have it
16 briefed because it sounds like that's what the Court would
17 prefer.
18      Just to address some of the issues Ms. Antholt
19 raised, you have seen our briefs, I know, because you have
20 ruled on them before. You have seen our motion. There is
21 other issues that go toward efficiency and costs that I
22 don't think are properly represented by counsel.
23      The thing that always gets me when plaintiffs'
24 counsel, especially from this firm, speaks about the scope
25 of discovery is when they tell the Court that there is just

a couple of boxes involved. There's a case with Ms. Antholt where we are producing a thousand CRs that take up 20 boxes of -- that fill 20 boxes of CRs. Sorry.

THE COURT: A thousand CRs that fill 20 boxes.

MR. YAMIN: Thank you.

And that is costly. I am not sure where it's going to get anyone.

But leaving that aside, because that's been adjudicated in the other case. We are prepared to go forward. In terms of attorney fees, we feel very strongly about the issue you have raised. If we litigate this case on a *Monell* claim and we prevail on summary judgment, I believe we would not -- the City would not be -- the plaintiff would not be able to collect attorneys' fees for having litigated a *Monell* claim that, as you say, didn't really get them any -- didn't advance the interest of their client, which is to collect a judgment that he or -- well, in this case he -- that he would be entitled to perhaps depending on how the case was resolved.

So I just want to get that before the Court in a preliminary way. We will be happy to brief it and see what the Court thinks in light of the filings.

THE COURT: That's fine.

MS. ANTHOLT: Just to respond quickly. Those thousand files in that case, that's in no way typical in my

10

1  experience of these cases. That is in no way a typical

2  case.

3  We are happy to brief it and to address these

4  issues that you have raised. We would only need 14 days

5  from the time of filing to file our response.

6  THE COURT: Mr. Yamin, how much time for your

7  motion?

8  MR. YAMIN: Your Honor, I will be out of town next

9  week, so I will not be able to file the motion until the

10 week of the 28th I think it is.

11 THE COURT: That would be the week of the 28th.

12 So why don't we say the 30th. Is that all right?

13 MR. YAMIN: Yes, I will file the motion on March

14 30th.

15 THE COURT: And then the response would be due

16 on -- it would be the 13th of April.

17 MS. ANTHOLT: Okay.

18 MR. YAMIN: Would you want a reply?

19 THE COURT: Reply the 20th. Let's set it for a

20 ruling the following week.

21 MR. YAMIN: Thank you, your Honor.

22 THE COURT: Is April 28th okay for a ruling?

23 MS. ANTHOLT: That's fine.

24 THE COURT: We will say 9:00 o'clock.

25 MR. YAMIN: April 28th is a ruling or a status?

11

1       THE COURT:  That's a ruling date.  This is one I
2  would just have you in and rule.
3       MR. YAMIN:  Thank you.
4       THE COURT:  Do we have another -- well, let's make
5  April 28th a status date as well.  I just now set a June 2nd
6  status date, but I will strike that and just indicate that
7  the April 28th date is also for status.
8       MR. YAMIN:  Thank you, your Honor.
9       MS. SULLIVAN:  Thank you, your Honor.
10                    *   *   *   *   *
11  I certify that the foregoing is a correct transcript from
    the record of proceedings in the above-entitled matter.
12
13  F____*Frances Ward*_____  March 18, 2005.
    Official Court Reporter